FILED
2010 Feb-24 AM 10:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **Jamon T. Brim,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| v. | ) Civil No. |
| | ) |
| **Dell Financial Services, LLC,** | ) |
| **Midland Credit Management,** | ) |
| **Inc., Midland Funding, LLC,** | ) |
| **Defendants.** | ) |

## COMPLAINT

1. This is an action brought by the Plaintiff, Jamon T. Brim, for actual and statutory damages, attorney's fees, and costs for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq,* (hereinafter "FCRA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*, (hereinafter "FDCPA"). The Plaintiff also seeks compensatory and punitive damages for the Defendants' violations of Alabama's common laws set forth herein.

## JURISDICTION AND VENUE

2. This Court has Jurisdiction under 15 U.S.C. §1681p, 15 U.S.C. § 1692k(d), and 28 U.S.C. §1331, §1332, and §1367.  Venue is proper in that the Defendants transacted business in Alabama and in this District, and the Plaintiff resides here.

## PARTIES

3. The Plaintiff, Jamon T. Brim, is a resident and citizen of the State of Alabama, Madison County, and is over the age of twenty-one (21) years. Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3).

4. Defendant, Dell Financial Services, LLC ("Dell"), is a Delaware corporation with its principal place of business at One Dell Way, PL-358, Round Rock, Texas 78682. Dell Financial Services can be served with process through its registered agent for service of process, National Registered Agents, Inc., 150 S. Perry St., Montgomery, Alabama 36104. Defendant Dell Financial Services was in all respects and at all times relevant herein doing business in the state of Alabama.

5. Defendant Midland Credit Management, Inc. ("MCM") is believed to be a Kansas corporation with its principal place of business at 8875 Aero Dr., Suite 200, San Diego, CA 92123. MCM may be served with process through its registered agent for service of process, Corporation Service Company, 200 S.W. 30th St., Topeka, Kansas 66611. In all respects and at all times relevant herein, Midland Credit Management, Inc. (MCM) was doing business in the State of Alabama. Defendant is engaged in the business of collecting

consumer debts from consumers residing in Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).

6. Defendant Midland Funding, LLC ("Funding") is a Delaware corporation with its principal place of business at 8875 Aero Dr., Suite 200, San Diego, CA 92123. Midland Funding, LLC may be served with process through its registered agent for service of process, CSC Lawyers Incorporation Services, Inc., 150 S. Perry Street, Montgomery, Alabama 36104. In all respects and at all times relevant herein, Midland Funding, LLC was doing business in the State of Alabama. Defendant is engaged in the business of collecting consumer debts from consumers residing in Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7. In November 2004, the Plaintiff purchased a computer from Dell, Inc., which was financed through Dell Financial Services ("Dell").

8. On or about November 8, 2004, the Plaintiff made a payment of $954.12 to Dell which represented payment in full for the computer.

9. On or about February 10, 2005, the Plaintiff received a statement from Dell indicating a new balance of $1,185.69 which included a past due amount, late charge assessment and billed finance charges.

10. Thereafter, the Plaintiff obtained a copy of this Trans Union credit report showing a Dell account reporting as past due. The Plaintiff disputed the reporting of the Dell account to Trans Union stating that the account had been paid in full.

11. On or about November 16, 2005, the Plaintiff received a copy of Trans Union's investigation results which indicated the Dell account was continuing to report as a past due account on his credit.

12. The Plaintiff also filed a complaint with the Better Business Bureau regarding Dell's mishandling of his account. On or about November 16, 2005, the Plaintiff received a response from the Better Business Bureau indicating it was not able to assist him in the resolution of his complaint.

13. The Plaintiff also disputed the reporting of the Dell account as past due and having a balance owed to Equifax and Experian. In response to each dispute received from the credit reporting agencies, Dell continued to verify that the account was reporting accurately.

14. On or about January 21, 2008, the Plaintiff received a statement from Midland Credit Management ("MCM") informing him that the Dell account had been purchased by Midland Funding LLC, would be serviced by MCM, and that the balance due on the account was $1,603.15.

15. On or about July 13, 2008, the Plaintiff obtained a copy of his Equifax credit report wherein MCM was reporting a collection account from original creditor Dell with a past due balance of $1617.

16. On or about July 29, 2008, the Plaintiff sent MCM a letter disputing the debt and included with his letter a detailed bank statement showing the payoff of the Dell account and transaction number.

17. On or about July 29, 2008, the Plaintiff obtained a copy of his credit report from Experian wherein MCM was continuing to report a collection account from Dell with a balance of $1,617.

18. On or about July 29, 2008, the Plaintiff also obtained a copy of this credit report from Trans Union. The Plaintiff's Trans Union credit report also showed that MCM was continuing to report a collection account from Dell with a balance of $1,617.

19. On or about July 29, 2008, the Plaintiff sent a letter to Experian disputing, among other things, the MCM account reporting on his credit report. Along with the letter to Experian, the Plaintiff also provided documentation showing that the account had been paid in full on November 8, 2004.

20. On or about July 29, 2008, the Plaintiff also sent a letter to Equifax disputing the MCM collection account and providing documentation that the account had been paid in full on November 8, 2004.

21. At the same time, the Plaintiff sent a letter directly to MCM stating that the debt was paid in full on November 8, 2004, that he disputed owing any money on the account, that he refused to pay any money on the account, and that he did not want any further telephone contact by MCM.

22. On or about August 7, 2008, the Plaintiff received the results of his dispute to Trans Union showing that the MCM account remained on his credit report. The only change to the MCM account was a notation that the account was "disputed by consumer."

23. On or about August 12, 2008, the Plaintiff received the Experian investigation results indicating that the MCM account was reviewed, but it remained on the Plaintiff's credit report.

24. In September, 2008, the Plaintiff sent a letter directly to Dell requesting that Dell correct this matter. Specifically, the Plaintiff informed Dell that he had paid for the computer in full in November, 2004 and he included documentation showing the payment. The Plaintiff stated to Dell that MCM had attempted to completely devastate and ruin his credit by reporting this

account on his credit reports. The Plaintiff enclosed documents showing his efforts to correct this matter and then requested Dell to correct this matter no later than September 30, 2008.

25. On or about March 10, 2009, the Plaintiff sent new letters to Dell, MCM, Experian, Equifax, and Trans Union in another attempt to delete this account from his credit reports. Along with each letter, the Plaintiff provided a copy of his bank statement showing the payment to Dell.

26. Despite the Plaintiff's numerous attempts to correct this matter, the Defendants continue to assert that the Plaintiff had a past due collection account and continue to report that account to various third parties, including the national credit reporting bureaus.

27. On or about May 14, 2009, the Plaintiff was denied credit by American Express.

## COUNT ONE
## FAIR DEBT COLLECTIONS PRACTICES ACT

28. The Plaintiff adopts the averments and allegations of paragraphs 7 through 27 hereinbefore as if fully set forth herein.

29. Defendants, MCM and Midland Funding, LLC, have engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act

(hereinafter referred to as "FDCPA") with respect to the Plaintiff and his alleged consumer debt.

30. Defendants, MCM and Midland Funding, LLC, have violated §1692e(8) during the past 12 months by communicating credit information about the Plaintiff which Defendants knew or should have known was false.

31. Defendants, MCM and Midland Funding, LLC, violated §1692e(8) by failing to communicate to the credit reporting bureaus and other persons and/or entities that the Plaintiff's disputed debt was disputed.

32. In violation of 15 U.S.C. §1692g(b), after receiving written notification from the Plaintiff that the debt was disputed, Defendants, MCM and Midland Funding, LLC, failed to cease collection of the debt, or any disputed portion thereof.  Specifically, the Defendants continued to report the disputed debt on the Plaintiff's credit reports in an effort to collect the debt.

33. As a proximate result of Defendants, MCM and Midland Funding, LLC's actions, the Plaintiff was caused to suffer actual damages for damage to his credit and credit reputation, worry, humiliation, fear, loss of sleep, anxiety, nervousness, physical sickness, physical pain and mental anguish. The Plaintiff was also caused to incur out of pocket expenses and attorneys fees.

## COUNT TWO
## FAIR CREDIT REPORTING ACT

34. The Plaintiff adopts the averments and allegations of paragraphs 7 through 33 hereinbefore as if fully set forth herein.

35. Defendants, MCM and Midland Funding, LLC, violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation after receiving notice that the Plaintiff disputed the information said Defendants had provided to a consumer reporting agency.

36. Defendants, MCM and Midland Funding, LLC, violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agency pursuant to §1681i.

37. Defendants, MCM and Midland Funding, LLC, violated 15 U.S.C. §1681s-2(b) by failing to conduct an investigation as to the accuracy of the information reported by the Defendants to consumer reporting agencies.

38. Defendants, MCM and Midland Funding, LLC, violated 15 U.S.C. §1681s-2(b)(2) by failing to complete all investigations, reviews, and reports required under §1681s-2(b)(1) within 30 days.

39. Defendants, MCM, and Midland Funding, LLC, violated 15 U.S.C. §1681s-2(b)(1)(c) by reporting inaccurate, incomplete, false, and misleading results of the investigation, if any, to consumer reporting agencies.

40. Defendants, MCM and Midland Funding, LLC, violated 15 U.S.C. §1681s-2(b)(1)(D) by failing to notify all consumer reporting agencies that the reporting of the Defendants' account was inaccurate, incomplete, false, and misleading.

## COUNT THREE
## DEFAMATION, LIBEL AND SLANDER

41. The Plaintiff adopts the averments and allegations of paragraphs 7 through 40 hereinbefore as if fully set forth herein.

42. Defendants, Dell, MCM, and Midland Funding, LLC, willfully, wantonly, recklessly and/or maliciously published and communicated false and defamatory statements regarding the Plaintiff to third parties and the public at large. Said statements subjected the Plaintiff to the denial of credit by third parties, harmed the Plaintiff's reputation, and caused the Plaintiff mental anguish and emotional distress.

43. Said communications were false in that Plaintiff was not indebted to Dell, MCM, or Midland Funding, LLC and Plaintiff did not owe any balance on said account. In fact, the Plaintiff's account had been paid in full.

44. Said false and defamatory statements have harmed the reputation of the Plaintiff and/or deterred third persons from associating with the Plaintiff.

45. Defendants, Dell, MCM, and Midland Funding, LLC communicated to third parties and the public at large false information concerning the Plaintiff,

disseminating and imputing false and misleading credit worthiness information concerning the Plaintiff.

46. At the time said communications were made, Defendants, Dell, MCM, and Midland Funding, LLC knew, or should have known, the falsity of the communication or recklessly disregarded the potential inaccuracy of the information, yet knowingly, willfully and maliciously communicated the falsity.

47. As a result of the intentional communication to the third parties of the false information, the Plaintiff was caused to suffer injury to his reputation in the eyes of his community and the public, and/or was subjected to ridicule.

48. As a proximate consequence of said defamation, libel and slander, the Plaintiff was caused to endure collection activities and harassment by debt collectors, to have negative credit reports, to be held up to public ridicule or shame, denied credit, and made to suffer humiliation, anxiety, loss of sleep, anger, fright, physical pain and illness and mental anguish for which he claims compensatory and punitive damages.

### COUNT FOUR
### PLACED IN A FALSE LIGHT

49. The Plaintiff adopts the averments and allegations of paragraphs 7 through 48 hereinbefore as if more fully set forth herein.

50. The Defendants held the Plaintiff up in a false light and made undesirable and negative character and credit reputation remarks on or about the Plaintiff to third parties including the national credit reporting media by either speaking or writing undesirable and negative character and credit reputation remarks about the Plaintiff which were offensive, untrue, and inaccurate which alleged the Plaintiff was in debt to Defendants, owed money to Defendants, and had a bad debt with Defendants.

51. The conduct of the Defendants was objectionable to the Plaintiff and to any reasonable person. The Defendants actions were negligent, willful or reckless and resulted in the Plaintiff being unreasonably placed in a false light. The Plaintiff had previously advised the Defendants that the account had been paid in full and that he did not owe Dell or MCM any money. The Plaintiff also provided the Defendants documentation showing that he had already paid this account on time and in full.

52. Due to the Defendants reporting of false and fraudulent information concerning the Plaintiff, the Plaintiff was caused to have negative credit reports, was denied credit, held up to public ridicule, shame, and humiliated.

53. As a proximate consequence of being placed in a false light, the Defendants have caused the Plaintiff to suffer worry, shame, humiliation, loss of sleep, anxiety, nervousness, sickness, physical and mental pain and anguish.

## COUNT FIVE
## NEGLIGENT TRAINING AND SUPERVISION

54. The Plaintiff adopts the averments and allegations of paragraphs 7 through 53 hereinbefore as if fully set forth herein.

55. Defendants, Dell, MCM, and Midland Funding, LLC knew or should have known of its inadequate training and supervision. If Defendants had properly trained and supervised its employees, agents, and assigns, the conduct set forth herein which was directed at and visited upon the Plaintiff would not have occurred.

56. Defendants, Dell, MCM, and Midland Funding, LLC knew or should have known that the conduct of its employees, agents, and/or assigns was improper.

57. Defendants, Dell, MCM, and Midland Funding, LLC negligently failed to train and supervise its employees, agents, and/or assigns in order to prevent said improper conduct.

58. As a result of the Defendants, Dell, MCM, and Midland Funding, LLC's negligence, the Plaintiff suffered humiliation, loss of sleep, anxiety,

nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## COUNT SIX
## RECKLESS AND WANTON TRAINING AND SUPERVISION

59. The Plaintiff adopts the averments and allegations of paragraphs 7 through 58 hereinbefore as if fully set forth herein.

60. Defendants, Dell, MCM, and Midland Funding, LLC, knew or should have known of its inadequate training and supervision. If Defendants had properly trained and supervised its employees, agents, and assigns, the conduct set forth herein which was directed at and visited upon the Plaintiff would not have occurred.

61. Defendants, Dell, MCM, and Midland Funding, LLC knew or should have known that the conduct of its employees, agents, and/or assigns was improper.

62. Defendants, Dell, MCM, and Midland Funding, LLC recklessly and wantonly failed to train and supervise its employees, agents, and/or assigns in order to prevent said improper conduct.

63. As a result of the Defendants, Dell, MCM, and Midland Funding, LLC's recklessness and wantonness, the Plaintiff suffered humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## **AMOUNT OF DAMAGES DEMANDED**

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against the Defendants, Dell Financial Services, LLC, and Midland Credit Management, Inc., and Midland Funding, LLC, for the following:

- A. Declaratory judgment that Defendants MCM and Midland Funding's conduct violated the FDCPA;

- B. Actual damages for Defendants MCM and Midland's violations of the FDCPA;

- C. Statutory damages of $1,000 from each Defendant, MCM and Midland, pursuant to 15 U.S.C. §1692k;

- D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

- E. Actual damages from Defendants MCM and Midland pursuant to 15 U.S.C. § 1681n(a)(1)(A);

- F. Punitive damages from Defendants MCM and Midland pursuant to 15 U.S.C. §1681n(a)(2);

- G. Costs and reasonable attorney's fees from Defendants MCM and Midland pursuant to 15 U.S.C. §1681n(a)(3);

- H. Compensatory damages in the amount of $500,000.00 on Plaintiff's claims for damages due to the Defendants' defamation, libel, slander,

placement in a false light, negligent training and supervision of employees; and reckless and wanton training and supervision;

I. Punitive damages in an amount to be determined by a jury;

J. For such other and further relief as the Court may deem just and proper.

/s/ Penny Hays Cauley
Penny Hays Cauley
Attorney for Plaintiff

**OF COUNSEL:**
HAYS CAULEY, P.C.
549 West Evans Street, Suite E
Florence, SC 29501
(843) 665-1717
(843) 665-1718 Facsimile
phc917@hayscauley.com

/s/ Ronald C. Sykstus
Ronald C. Sykstus

**OF COUNSEL**:
BOND, BOTES, SYKSTUS, TANNER & EZZELL, P.C.
415 Church Street, Suite 100
Huntsville, AL 35801
(256) 539-9899
(256) 539-9895 Facsimile
rsykstus@bondnbotes.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL COUNTS**

/s/ Penny Hays Cauley
Penny Hays Cauley

**DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL:**
Dell Financial Services
Registered Agent, National Registered Agents, Inc.
150 S. Perry Street
Montgomery, Alabama 36104.

Midland Credit Management, Inc.
Registered Agent, Corporation Service Company
200 S.W. 30th Street
Topeka, Kansas 66611

Midland Funding, LLC.
Registered Agent, National Registered Agents, Inc.
150 S. Perry Street
Montgomery, Alabama 36104.