FILED

2010 Mar-22  PM 03:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **JAMON T. BRIM,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **5:10-CV-369-IPJ** |
| | ) | |
| **DELL FINANCIAL SERVICES, LLC;** | ) | |
| **MIDLAND CREDIT MANAGEMENT,** | ) | |
| **INC; and MIDLAND FUNDING, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ANSWER AND DEFENSES OF DEFENDANTS MIDLAND CREDIT MANAGEMENT, INC. AND MIDLAND FUNDING, LLC

Defendants MIDLAND CREDIT MANAGEMENT, INC. ("MCM") and MIDLAND FUNDING, LLC ("Midland Funding") (collectively, "Midland") respond to Plaintiff's complaint as follows:

1.      Midland admits that the complaint purports to bring claims under the Fair Credit Reporting Act ("FCRA"), the Fair Debt Collection Practices Act ("FDCPA"), and Alabama common law, and admits that the complaint seeks damages, but denies any remaining allegations in paragraph 1 of the complaint.

## Jurisdiction & Venue

2.      Midland admits that this Court has subject-matter jurisdiction over this action, and that venue is proper in this District, but denies any remaining allegations of paragraph 2 of the complaint.

## Parties

3.     Midland currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the complaint, and therefore denies the allegations.

4.     Midland lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the complaint, and therefore denies the allegations.

5.     Midland admits that MCM is a Kansas corporation with its principal place of business in San Diego, California.  MCM admits that it may be considered to be a "debt collector" as defined by 15 U.S.C. § 1692a(6) for some purposes, but currently lacks sufficient knowledge or information regarding the nature of Plaintiff's debt sufficient to determine whether or not it was acting as a debt collector with respect to Plaintiff.  Midland denies the remaining allegations of paragraph 5 of the complaint.

6.     Midland admits that Midland Funding's principal place of business is in San Diego, California and that Midland Funding's registered agent in Alabama may be served with process for purposes of this action, but denies the remaining allegations of paragraph 6 of the complaint.

2

## Factual Allegations

7-13.    Midland lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 through 13 of the complaint, and therefore denies the allegations.

14.    Midland admits that MCM sent Plaintiff a statement on or around January 22, 2008, containing the information alleged in paragraph 14 of the complaint.

15.    Midland lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the complaint, and therefore denies the allegations.

16.    Midland admits that MCM received a letter from Plaintiff dated July 29, 2008, in which he disputed the debt, and Midland admits that a bank statement was included with the letter, but denies the remaining allegations of paragraph 16.

17-20.    Midland lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 17 through 20 of the complaint, and therefore denies the allegations.

21.    Midland admits that MCM received a letter from Plaintiff dated July 29, 2008, which included the statements alleged in paragraph 21 of the complaint.

22-24.    Midland lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 22 through 24 of the complaint, and therefore denies the allegations.

25.    Midland admits that MCM received a letter from Plaintiff bearing a postmark of March 11, 2009, but denies any remaining allegations of paragraph 25 directed to Midland.  To the extent the allegations of paragraph 25 relate to other defendants, Midland lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

26.    Midland admits that MCM has furnished information about Plaintiff's account to certain consumer reporting agencies, but denies the remaining allegations of paragraph 26 to the extent they are directed to Midland. To the extent the allegations of paragraph 26 relate to other defendants, Midland lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

27.    Midland lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the complaint, and therefore denies the allegations.

## **Count One**

28.    Midland adopts its answers contained in the preceding paragraphs as if fully set forth herein.

29-33.   Midland denies the allegations of paragraphs 29 through 33 of the complaint.

## Count Two

34.   Midland adopts its answers contained in the preceding paragraphs as if fully set forth herein.

35-40.   Midland denies the allegations in paragraphs 35 through 40 of the complaint.

## Count Three

41.   Midland adopts its answers contained in the preceding paragraphs as if fully set forth herein.

42.   Midland denies the allegations of paragraph 42 to the extent they are directed to Midland.  Midland lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 as they relate to other defendants, and therefore denies the allegations.

43.   Midland admits that Plaintiff was not indebted to MCM.  Midland denies the remaining allegations of paragraph 43 to the extent they are directed to Midland.  Midland lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 as they relate to other defendants, and therefore denies the allegations.

44-48.    Midland denies the allegations of paragraphs 44 through 48 to the extent they are directed to Midland.  Midland lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 44 through 48 as they relate to other defendants, and therefore denies the allegations.

## Count Four

49.    Midland adopts its answers contained in the preceding paragraphs as if fully set forth herein.

50-53.    Midland denies the allegations of paragraphs 50 through 53 to the extent they are directed to Midland.  Midland lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 50 through 53 as they relate to other defendants, and therefore denies the allegations.

## Count Five

54.    Midland adopts its answers contained in the preceding paragraphs as if fully set forth herein.

55-58.    Midland denies the allegations of paragraphs 55 through 58 to the extent they are directed to Midland.  Midland lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 55 through 58 as they relate to other defendants, and therefore denies the allegations.

## Count Six

59.     Midland adopts its answers contained in the preceding paragraphs as if fully set forth herein.

60-63.    Midland denies the allegations of paragraphs 60 through 63 to the extent they are directed to Midland.  Midland lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 60 through 63 as they relate to other defendants, and therefore denies the allegations.

## DEFENSES

1.     The complaint, in whole or in part, fails to state a claim against Midland upon which relief can be granted.

2.     Any recovery is barred, or must be reduced based on the principles of waiver, acquiescence, and/or *in pari delicto*.

3.     The complaint fails to provide a definite enough statement to place Midland on notice of the nature of the state law claims against it.

4.     Any tort and/or state law claims are preempted by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* and/or the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

5.     The Plaintiff's claims are barred by reason of Midland's good faith effort to comply with all applicable statutes, laws, rules and regulations, including

the FCRA and FDCPA based on the information reasonably available to it at the time.

6.      The applicable statute of limitations bars Plaintiff's FDCPA claim, in whole or in part.

7.      Any alleged violation was not intentional and resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adopted to avoid such error.

8.      Upon information and belief only, any injury or damage to the Plaintiff is offset by amounts owed by him to Midland and/or its successors or assigns.

9.      Any statements made by Midland or its agents and/or employees to third parties were permissible and/or privileged.

10.     Midland's statements to third-parties about Plaintiff, if any, are subject to the absolute defense of truth.

11.     Any recovery is barred, or must be reduced, as a proximate result of Plaintiff's failure to mitigate any alleged damages.

12.     Any recovery is barred, or must be reduced, because of superseding or intervening acts or causes.

13.     Declaratory and injunctive relief is unavailable to private litigants for claims premised on the FDCPA.

14.    No private right of action exists under the FCRA against a "furnisher" of information.

15.    Midland incorporates all defenses and affirmative defenses asserted by or available to other defendants in this action to the extent they would operate to bar or reduce any recovery against Midland.

16.    Midland reserves the right to assert additional affirmative defenses to the extent warranted by discovery and the factual developments in this case.

Dated:  March 22, 2010.

/s/ Jason B. Tompkins
Attorney for Defendants
Midland Credit Management, Inc. and
Midland Funding, LLC

**OF COUNSEL**:
Eric Langley
Jason B. Tompkins
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, Alabama 35201-0306
Telephone:  (205)251-8100
Facsimile:  (205)226-8798
elangley@balch.com
jtompkins@balch.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of March, 2010, I have filed the above and foregoing with the Clerk of the Court via the CM/ECF electronic filing system, which will send notification to the following counsel of record:

Penny Hays Cauley
HAYS CAULEY, P.C.
549 West Evans Street, Suite E
Florence, SC  29501
phc917@hayscauley.com

Ronald C. Sykstus
BOND, BOTES, SYKSTUS, TANNER & EZZELL, P.C.
415 Church Street, Suite 100
Huntsville, AL  35801

I further certify that I have served the following by U.S. Mail, postage prepaid, on this 22nd day of March, 2010:

Dell Financial Services
Registered Agent, National Registered Agents, Inc.
150 S. Perry Street
Montgomery, AL  36104

/s/ Jason B. Tompkins
Of Counsel