## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| JAMON T. BRIM, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )    No. 5:10-CV-369-IPJ |
| | ) |
| DELL FINANCIAL SERVICES, LLC; | ) |
| MIDLAND CREDIT MANAGEMENT, INC.; | ) |
| and MIDLAND FUNDING, LLC, | ) |
| | ) |
|    Defendants. | ) |

## DEFENDANT DELL FINANCIAL SERVICES, LLC'S
## ANSWER TO COMPLAINT

Defendant Dell Financial Services, LLC ("Dell") hereby submits its Answer to Plaintiff Jamon T. Brim's ("Plaintiff") Complaint:

1. Dell admits that the Complaint purports to bring claims under the Fair Credit Reporting Act ("FCRA"), the Fair Debt Collection Practices Act ("FDCPA"), and Alabama common law. Dell further admits that the Complaint seeks damages. Dell denies it has committed any violations of federal or state law and denies the remaining allegations contained in this paragraph.

## JURISDICTION & VENUE

2. Dell admits that this Court has jurisdiction and that venue is proper. Dell denies the remaining allegations contained in this paragraph.

1

## **PARTIES**

3. Dell lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

4. Dell admits it is a Delaware corporation with its principal place of business in Round Rock, Texas, and that it can be served with process through its registered agent in Montgomery, Alabama. Dell further admits that it does business in Alabama. Dell denies any liability to Plaintiff.

5. Dell lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

6. Dell lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

## **FACTUAL ALLEGATIONS**

7. Dell admits that Plaintiff made a purchase in September 2004 that was financed through Dell.

8. Denied.

9. Dell lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

10. Dell lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

11. Dell lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

12. Dell lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

13. Dell lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

14. Dell lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

15. Dell lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

16. Dell lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

17. Dell lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

18. Dell lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

19. Dell lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

20. Dell lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

21. Dell lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

22. Dell lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

23. Dell lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

24. Dell lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

25. Dell lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

26. Dell lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

27. Dell lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

## COUNT ONE
## FAIR DEBT COLLECTIONS PRACTICES ACT

28. Dell adopts and incorporates all previous paragraphs as if specifically stated herein.

29. This paragraph contains allegations which are not against Dell, and no response by Dell is required.

30. This paragraph contains allegations which are not against Dell, and no response by Dell is required.

31. This paragraph contains allegations which are not against Dell, and no response by Dell is required.

32. This paragraph contains allegations which are not against Dell, and no response by Dell is required.

33. This paragraph contains allegations which are not against Dell, and no response by Dell is required.

## COUNT TWO
## FAIR CREDIT REPORTING ACT

34. Dell adopts and incorporates all previous paragraphs as if specifically stated herein.

35. This paragraph contains allegations which are not against Dell, and no response by Dell is required.

36. This paragraph contains allegations which are not against Dell, and no response by Dell is required.

37. This paragraph contains allegations which are not against Dell, and no response by Dell is required.

38. This paragraph contains allegations which are not against Dell, and no response by Dell is required.

39. This paragraph contains allegations which are not against Dell, and no response by Dell is required.

40. This paragraph contains allegations which are not against Dell, and no response by Dell is required.

## COUNT THREE
## DEFAMATION, LIBEL AND SLANDER

41. Dell adopts and incorporates all previous paragraphs as if specifically stated herein.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

## COUNT FOUR
## PLACED IN A FALSE LIGHT

49. Dell adopts and incorporates all previous paragraphs as if specifically stated herein.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

## COUNT FIVE
## NEGLIGENT TRAINING AND SUPERVISION

54. Dell adopts and incorporates all previous paragraphs as if specifically stated herein.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

## COUNT SIX
## RECKLESS AND WANTON TRAINING AND SUPERVISION

59. Dell adopts and incorporates all previous paragraphs as if specifically stated herein.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

## AMOUNT OF DAMAGES DEMANDED

Dell denies Plaintiff is entitled to the relief requested in the addendum clause to Plaintiff's Complaint, or to any relief whatsoever.  Dell denies Plaintiff is entitled to any of the relief specifically sought in sub-paragraphs A-J.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff failed to mitigate his damages.

### SECOND DEFENSE

Plaintiff's alleged damages are due, in whole or in part, to persons or entities other than Dell.

### THIRD DEFENSE

Dell pleads that the Plaintiff assumed the risk and/or was contributorily negligent.

### FOURTH DEFENSE

Plaintiff's claims are due to be dismissed because he has failed to join necessary parties.

### FIFTH DEFENSE

Dell pleads the doctrines of estoppel, laches, and/or waiver.

## SIXTH DEFENSE

Dell pleads the doctrines of ratification and unclean hands.

## SEVENTH DEFENSE

Dell adopted reasonable procedures and acted in accordance with those procedures, and acted in good faith at all times toward Plaintiff.

## EIGHTH DEFENSE

Dell pleads that any award of punitive damages in this case is subject to those limitations set forth in Alabama Code Sections 6-11-20, 6-11-21, and 6-11-27.

## NINTH DEFENSE

Dell asserts that any award of punitive damages would violate the Due Process and Equal Protection Clauses of the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

## TENTH DEFENSE

An award of punitive damages in this case would violate Article I, Sections 1, 6, 9, 12, and 15 of the Constitution of Alabama of 1901.

## ELEVENTH DEFENSE

Plaintiff's common law claims are preempted by the Fair Credit Reporting Act (FCRA) and Fair Debt Collection Practices Act (FDCPA).

## TWELFTH DEFENSE

Dell pleads all affirmative defenses as set forth in the FCRA.

## THIRTEENTH DEFENSE

Some or all of Plaintiff's allegations fail to state a claim upon which relief may be granted.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred by qualified immunity under FCRA.

## FIFTEENTH DEFENSE

Plaintiff has no private right of action against Dell under the FCRA.

## SIXTEENTH DEFENSE

At all times, Dell maintained reasonable procedures to ensure maximum accuracy of its submissions of information to consumer reporting agencies.

## SEVENTEENTH DEFENSE

Dell's supplying of information, if any, was true, privileged, and/or justified.

## EIGHTEENTH DEFENSE

Plaintiff's damages were either caused by his, or persons acting on his behalf, negligence, in whole or in part, or by other intervening or supervening causes which were beyond Dell's control and responsibility.

## TWENTIETH DEFENSE

Plaintiff is not entitled to equitable or injunctive relief under FCRA § 1681.

## TWENTY-FIRST DEFENSE

Dell's statements to third-parties about Plaintiff, if any, are subject to the absolute truth defense.

## TWENTY-SECOND DEFENSE

Declaratory and injunctive relief is unavailable to private litigants for claims premised on the FDCPA.

## TWENTY-THIRD DEFENSE

Dell incorporates all defenses and affirmative defenses asserted by or available to other defendants in this action to the extent they would operate to bar or reduce any recovery against Dell.

## TWENTY-FOURTH DEFENSE

Plaintiff breached the subject contract.

## TWENTY-FIFTH DEFENSE

Plaintiff failed to demand a retraction.

## TWENTY-SIXTH DEFENSE

Dell pleads the statute of frauds and the parol evidence rule.

## TWENTY-SEVENTH DEFENSE

Dell pleads the applicable statute of limitations has expired.

## TWENTY-EIGHTH DEFENSE

Dell pleads set off and recoupment.

## TWENTY-NINTH DEFENSE

Dell reserves the right to amend or supplement these affirmative defenses based upon discovery of new or additional information.

/s/ D. Keith Andress
D. KEITH ANDRESS
NATALIE R. BOLLING

Attorneys for Defendant Dell Financial Services, LLC

**OF COUNSEL:**

BAKER, DONELSON, BEARMAN,
  CALDWELL & BERKOWITZ, P.C.
420 20th Street North
Wachovia Tower, Suite 1600
Birmingham, Alabama 35203
Telephone (205) 328-0480
Facsimile (205) 322-8007
kandress@bakerdonelson.com
nbolling@bakerdonelson.com

**CERTIFICATE OF SERVICE**

  I hereby certify that I have served a copy of the foregoing upon counsel of record electronically or by placing same in the United States Mail postage prepaid and properly addressed as follows on the 14th day of April, 2010:

Penny Hayes Cauley, Esq.
HAYES CAULEY, P.C.
549 West Evans St., Suite E
Florence, S.C. 29501
phc917@hayscauley.com

Ronald C. Sykstus, Esq.
BOND, BOTES, P.C.
415 Church St., Suite 100
Huntsville, AL 35801
rsykstus@bondnbotes.com

Jason T. Tompkins, Esq.
Eric Langley, Esq.
BALCH & BINGHAM, LLP
P.O. Box 306
Birmingham, AL 35201-0306
jtompkins@balch.com
elangley@balch.com

               s/D. Keith Andress
               OF COUNSEL