FILED

2010 Apr-21  AM 10:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

Jamon T. Brim,

     Plaintiff,

vs.                            CASE NO. 5:10-CV-369-IPJ

Dell Financial Services, LLC,
Midland Credit Management, Inc., and
Midland Funding, LLC,

     Defendants.

## <u>REPORT OF THE PARTIES' PLANNING MEETING</u>

Pursuant to Fed. R. Civ. P. 26(f), Penny Hays Cauley and Ronald C. Sykstus, counsel for the Plaintiff; D. Keith Andress, counsel for Defendant Dell Financial Services, LLC, and Jason B. Tompkins, counsel for Defendants Midland Credit Management, Inc., and Midland Funding, LLC conducted a series of communications electronically and over the phone, as needed, for purposes of preparing the parties' proposed discovery plan. As a result of these communications and in compliance with Federal Rule of Civil Procedure 26, the parties submit the following synopsis of claims and defenses and proposed discovery schedule:

## Synopsis of Case

Plaintiff seeks statutory and actual damages for the Defendants' alleged violations of the Fair Credit Reporting Act, 15 U.S.C.§ 1681 *et seq,* and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq,* plus attorney's fees and costs. The Plaintiff also seeks compensatory and punitive damages for the Defendants' alleged violations of Alabama law including defamation, libel and slander; placement in a false light; negligent training and supervision; and reckless and wanton training and supervision.

The Defendants deny all material allegations and contentions which were or which could have been stated in the Plaintiff's Complaint. The Defendants readopt and reallege all affirmative defenses from the Answers filed in response to Plaintiff's Complaint as if fully set forth herein. The Defendants assert that they did not violate any applicable provision(s) of the Fair Credit Reporting Act or the Fair Debt Collection Practices Act, and that Plaintiff's state law claims are preempted by the Fair Credit Reporting Act.

1.      Parties:

        a.      The plaintiff shall have until July 30, 2010, to join any additional parties.

        b.      The defendant shall have until August 27, 2010, to join any additional parties.

2.      Pleadings:

      a.      The plaintiff shall have until July 30, 2010, to amend the

           pleadings.

      b.      The defendant shall have until August 27, 2010, to amend the

           pleadings.

3.      Dispositive Motions:

All potentially dispositive motions must be filed by November 10,

2010. The Court will not issue a briefing schedule order upon

submission of a dispositive motion.

4.      Expert Testimony:

Unless modified by stipulation of the parties, the disclosure of expert

witnesses – including a complete report under Fed. R. Civ. P.

26(a)(2)(B) from any specially retained or employed expert – are due:

a.  From the plaintiff: September 3, 2010

b.  From the defendant: October 1, 2010.

5.      Discovery Limitations and Cutoffs:

      a.      Unless modified by stipulation of the parties:

           Depositions:

Maximum of 6 depositions for the plaintiff and 6 depositions for each defendant with a maximum time limit of 7 hours per deposition, unless extended by agreement of the parties.

Interrogatories:

Maximum of 25 by each party, with responses due within 30 days after service.

Request for Admission:

Maximum of 25 by each party, with responses due within 30 days after service.

Request for Production:

Maximum of 40 by each party, with responses due within 30 days after service.

Supplementation:

Supplements under Rule 26(e), Fed. R. Civ. P., are due 14 days before the close of discovery.

b.    Pre-discovery disclosure: The parties shall exchange the information required by Local Rule 26.1(a)(1) by May 7, 2010.

c.    Unless modified by court order for good cause shown, all discovery must be commenced in time to be completed by October 22, 2010.

d.     The parties will endeavor to preserve any and all electronically-stored information, to the extent that it currently exists, relating to the Plaintiff, the events alleged in Plaintiff's complaint or the Defendants' defenses thereto. Disclosure or discovery of electronically stored information (ESI) should be handled as follows:

1.     The production of ESI will either be produced in a printed out version or in a pdf format, at the discretion of the producing party.

2.     If any party withholds information claiming a privilege or protection as trial-preparation material, that party must make the claim expressly and shall describe the nature of the documents, communications or things not produced or disclosed that will enable other parties to assess the applicability of the privilege or protection.

3.     All parties agree to implement the provisions of Rule 26(b)(5)(B) to protect any information produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material.

e.     The parties agree that, pursuant to Rule 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure, any pleadings or

other papers may be served by sending such documents by email to the primary and/or secondary email addresses listed below (or any updated email address provided to all counsel of record). The parties also agree, upon request, to promptly (no later than the second business day after the day of service) provide the sending party with confirmation of receipt of the service by email. The format to be used for attachments to any email message shall be Adobe Acrobat (.pdf). If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

6.      <u>Pre-Trial Conference</u>:

This case is set for pretrial conference on January 10, 2011 in Florence, Alabama.

7.      <u>Trial</u>:

This case is set for jury trial on January 17, 2011, at 9:00 a.m., in <u>Florence</u>, Alabama.

Trial is expected to last four days.

8.          Final Lists:

Final lists of trial witnesses and exhibits under Fed. R. Civ. P. 26(a)(3)

must be served and filed:

      a.  By the plaintiff: 21 days before trial

      b.  By the defendant: 21 days before trial

Objections are to be filed within seven days after receipt of final lists.

Submitted this 21st day of April, 2010.

s/Penny Hays Cauley
Penny Hays Cauley

**OF COUNSEL:**
HAYS CAULEY, P.C.
549 West Evans Street, Suite E
Florence, SC 29501
(843) 665-1717
(843) 665-1718 Facsimile
phc917@hayscauley.com

And

s/Ronald C. Sykstus
Ronald C. Sykstus

Attorneys for Plaintiff

**OF COUNSEL:**
BOND, BOTES, SYKSTUS, TANNER & EZZELL, P.C.
415 Church Street, Suite 100
Huntsville, AL 35801
(256) 539-9899
(256) 539-9895 Facsimile
rsykstus@bondnbotes.com

s/D. Keith Andress

D. Keith Andress

Attorney for Dell Financial Services, LLC

**OF COUNSEL:**

BAKER, DONELSON, BEARMAN, CALDWELL &
BERKOWITZ, PC

420 20th Street North, Suite 1600
Birmingham, Alabama 35203
(205) 250-8367
(205) 488-3767 Facsimile
kandress@bakerdonelson.com

s/Jason B. Tompkins

Jason B. Tompkins

Attorney for Midland Credit Management, Inc.
and Midland Funding, LLC

**OF COUNSEL:**

Eric Langley
BALCH & BINGHAM LLP
P. O. Box 306
Birmingham, AL 35201-0306
(205) 251-8100
(205) 226-8798
jtompkins@balch.com
elangley@balch.com