FILED
2010 Nov-12  PM 02:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

*Brim v. Midland*
**Case No. 5:10-cv-0369-IPJ**

# Exhibit 1

**Joint Stipulation of Confidentiality**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

| | |
|---|---|
| **Jamon T. Brim,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil No. 5:10 CV-369-IPJ** |
| ) | |
| **Dell Financial Services, LLC,** ) | |
| **Midland Credit Management, Inc.,** ) | |
| **Midland Funding, LLC,** ) | |
| ) | |
| **Defendants.** ) | |

## JOINT STIPULATION OF CONFIDENTIALITY

The undersigned parties have agreed to a method for identifying, protecting and restricting the publication and use of confidential information, documents and testimony produced in discovery in this matter, outlined as follows in this Joint Stipulation of Confidentiality (hereinafter, "Joint Stipulation"):

1.    All Confidential Information, as defined below, produced or exchanged in the course of this litigation shall be used solely for the purpose of the prosecution, defense, settlement or trial of this action, and shall not be used by the receiving party for any other purpose whatsoever, including, without limitation, any business or commercial use, and shall not be disclosed by the receiving party to any person except in accordance with the terms of this Joint Stipulation.

1116819.1

2.     "Confidential Information," as used herein, means any information of any type, kind or character which is designated as "Confidential" by the supplying party.  In connection with discovery proceedings in this action, a party may designate any document, record, thing, or other material, produced by that party, containing confidential information as "Confidential," including, but not limited to, any documents, deposition testimony and transcripts, deposition exhibits, responses to any discovery requests, including responses to interrogatories, document requests, subpoenas *duces tecum*, and requests for admission, and any other information or material produced pursuant to the Federal Rules of Civil Procedure.  Confidential information concerning a party produced in response to a third party subpoena may be similarly designated by that party.

3.     All materials designated as "Confidential" under this Joint Stipulation, the information contained therein, and any summaries, copies, abstracts, or other materials derived in whole or in part from such material shall be treated as Confidential Information as set forth in this Joint Stipulation.

4.     In designating information as "Confidential," the designating party will make such designation only as to that information or material that it in good faith believes constitutes or contains non-public, proprietary, or confidential information that is treated by the proprietor thereof as such information, including but not limited to business, financial, research, development or other commercial

information that the designating party believes in good faith requires the protections of this Joint Stipulation.

Nothing shall be designated as "Confidential" information if it is information that:

(a)    is in the public domain at the time of disclosure, as evidenced by a written document; or

(b)    becomes part of the public domain through no fault or action by the receiving party, as evidenced by a written document; or

(c)    the receiving party can show by written document that the information was in its rightful and lawful possession at the time of disclosure; or

However, if any Confidential Information becomes "publicly available" as the result of a breach or violation of this Joint Stipulation, or as the result of some other improper or inadvertent conduct, the parties shall nonetheless continue to treat such information as designated under this Joint Stipulation.

5.    Confidential Information being produced to a party in discovery shall be so designated by stamping or otherwise marking copies of the material with the legend "Confidential." Stamping or marking the legend "Confidential" on the cover of any multi-page document (except depositions or responses to interrogatories, responses to requests for admissions and similar discovery

responses) shall designate all pages of the document as "Confidential," unless otherwise indicated by the producing party. Designations of deposition testimony shall be governed by Paragraph 7. Designations of subpoenaed materials shall be governed by Paragraph 8. With respect to designations for interrogatory responses and responses to requests for admission, the responding party shall state, in the body of the discrete discovery response being designated, that it contains Confidential Information. Only those discrete interrogatory responses and responses to requests for admission specifically designated as "Confidential" in this action shall be deemed Confidential Information.

6.    The producing party shall designate any information or material as "Confidential" at the time of producing such information. Nevertheless, inadvertent production of any information that has not been designated as "Confidential" pursuant to this Joint Stipulation shall not waive a party's opportunity to claim that such information is confidential, nor shall the party be stopped from later designating such information as "Confidential," if within fourteen (14) days after actually discovering that such inadvertent production was made, the party designates the material as "Confidential." Prior disclosure of such information by other parties shall not be considered a violation of this Joint Stipulation.

7.    Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party (which information pertains to a party), may be designated by any party as "Confidential" information by indicating on the record at the deposition that the testimony is "Confidential" and is subject to the provisions of this Joint Stipulation.

Any party may also designate information disclosed at such depositions as "Confidential" by notifying all of the parties in writing within fourteen (14) days of receipt of the transcript, of the specific pages and lines of the transcript which should be treated as "Confidential" thereafter.  All deposition transcripts shall be treated as "Confidential" for the fourteen (14) day interim between receipt of the transcript and any specific designations subsequently made in accordance with this provision.

8.    In the event counsel for any party receives information concerning the opposing party produced directly from a third party in response to subpoena, counsel for the receiving party shall promptly turn over a copy of such information, without redaction unless subject to the attorney-client privilege or the attorney work product doctrine, to opposing counsel, and will treat such information as "Confidential" for fourteen (14) days after producing to opposing

counsel. At any time during the fourteen (14) day period, the receiving party may designate all or any part of the information as "Confidential" under the terms of this Joint Stipulation.

9.    Information or materials designated as "Confidential" shall not be disclosed or made available by the receiving party to persons other than Qualified Persons, as defined below.

10.    For the purposes of the restrictions on disclosure and access to Confidential Information set forth in Paragraph 9, "Qualified Persons" means:

(a)    the Court and its officers;

(b)    court reporters engaged in this litigation;

(c)    attorneys of record for the parties in this litigation (i.e., outside counsel only) and personnel of counsels' respective law firms, including paralegals, legal assistants, litigation support services;

(d)    third parties engaged in the business of providing copy services (e.g., Kinko's), solely for the purpose of copying;

(e)    actual or potential independent technical experts or consultants, who are not parties to this action or employees of parties to this actions;

(f)    the receiving party or party representatives;

(g)    mediators agreed to by the parties or as appointed by the Court to assist in resolving the issues between the parties; and

(h)    any other person designated as a Qualified Person by written consent of all parties.

If any Confidential Information is to be disclosed to any third parties, including experts under subparagraph 10(e), such person must first be provided a copy of this Joint Stipulation and must agree in writing to be bound by its terms prior to gaining access to any Confidential Information, by executing a copy of the Nondisclosure Agreement in the form attached as Appendix A.  The outside counsel for the party who has disclosed Confidential Information to any third party will maintain all such written acknowledgements.  Pursuant to this Joint Stipulation and the Nondisclosure Agreement, all such persons shall be bound by the terms of this Joint Stipulation, and shall not disclose or permit disclosure of the Confidential Information thus received, other than pursuant to the terms of this Joint Stipulation.  This written acknowledgement requirement does not apply to disclosures made pursuant to subparagraphs 10(a), 10(b) and 10(d).  Written acknowledgment by one attorney of record (outside counsel) for a party shall cover all personnel in counsel's firm.

11.    Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Joint

Stipulation and shall be responsible upon breach of such duty for the failure of any such person to observe the terms of this Joint Stipulation.

12.    Each Qualified Person to whom Confidential Information is to be furnished, shown, or disclosed shall use said Confidential Information solely for the purpose of this litigation and shall not communicate the information, directly or indirectly, to any other person, unless that person is also qualified to receive this information under the terms of this Joint Stipulation.

13.    Documents falling under the protection of the attorney-client privilege or attorney work-product doctrine which are inadvertently disclosed to an opposing party shall be immediately returned to the disclosing party. The opposing party shall immediately destroy all copies of the inadvertently disclosed documents. Any such document shall be regarded as not having been produced, and its inadvertent production shall not be cited as grounds for any claim of waiver of attorney-client privilege or work product immunity.

14.    Notwithstanding anything to the contrary herein, nothing in this Joint Stipulation shall restrict a party's ability to use or disclose its own documents or proprietary information. Any party can remove its designation of "Confidential" from any information it has previously so designated.

15.    In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party of any information

1116819.1                                                       8

as "Confidential," or the designation of any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party disputing the designation may apply to the Court by motion within twenty-one (21) days of receiving notice of the designation for a ruling that the information shall not be treated as designated by the producing party or other relief. Until the Court rules upon such motion, the subject document shall be afforded the confidential treatment provided for in this Joint Stipulation.

16.    The parties may, by written stipulation, provide for exceptions to this Joint Stipulation.

17.    If any party plans to include Confidential Information, including any portion of a deposition transcript designated as "Confidential," in or with any papers to be filed in Court, that party shall seek the Court's permission to file such portions of their papers under seal.

18.    Producing or receiving materials pursuant to this Joint Stipulation or otherwise complying with the terms of this Joint Stipulation, including designating or not designating any information "Confidential" shall not:

(a)    operate as an admission by any party that any particular information does or does not contain or reflect trade secrets, or other proprietary and confidential matter; or

(b)    prejudice in any way the rights of any party to object on the basis of privilege or work-product doctrine, lack of relevance or on any other grounds, to the production of documents or information it considers not subject to discovery; or

(c)    prejudice in any way the rights of a party to seek a determination by this Court (i) whether particular information should be produced, or (ii) if produced, whether such information should be subject to the terms of this Joint Stipulation; or

(d)    prejudice in any way the rights of any party to object as to the admissibility of any evidentiary material; or

(e)    prejudice in any way the rights of a party to apply to the Court for a further protection relating to any information.

19.    Except as otherwise ordered by the Court, or to the extent such information was used as evidence at the trial, within sixty (60) days after conclusion of this litigation and any appeal thereof, any document and all reproductions of documents designated as "Confidential" produced by a party, in the possession of any of the person qualified under Paragraphs 10(a) through (h) shall be returned to the producing party. As far as the provisions of any protective orders entered in this action restrict the communication and use of the documents produced hereunder and thereunder, such orders shall continue to be binding after

1116819.1                                      10

the conclusion of this litigation, except (a) that there shall be no restriction on documents that are used as exhibits in Court unless such exhibits were filed under seal, and (b) that a party may seek the written permission of the producing party or, order of the Court with respect to dissolution or modification of such protective orders.

20.     The parties' obligations to preserve the confidentiality of Confidential Information produced under this Joint Stipulation shall survive the final termination of this action.

21.     Nothing in this Joint Stipulation shall constitute, or be construed as, an agreement or order binding on any party or their attorneys that restricts any person in any way from reporting or investigating actual or suspected crimes, or from reporting or investigating suspected violations of the laws of the United States or of any individual State or other governmental unit or division.

22.     Any additional parties joined in this matter may agree to be bound by the provisions herein, and will be so bound, upon executing a formal Joinder to this Joint Stipulation.

AGREED AND ACCEPTED:

Penny Hays Cauley
Hays Cauley, P.C.
549 West Evans Street, Suite E
Florence, South Carolina 29501
Phc917@hayscauley.com

Ronald C. Sykstus
Bond, Botes, Sykstus, Tanner & Ezzell, P.C.
415 Church Street, Suite 100
Huntsville, Alabama 35801
rsykstus@bondnbotes.com

Jason B. Tompkins
Balch & Bingham LLP
1901 Sixth Avenue North
Suite 1500
Birmingham, Alabama  35203

1116819.1                                    12

Appendix A

## **NONDISCLOSURE AGREEMENT**

I, _____, do solemnly swear that I have been provided with a copy of the Joint Stipulation of Confidentiality entered in the case styled *Jamon Brim v. Midland Credit Management, Inc., et al.,* **No. 5:10 CV-369-IPJ,** pending in the United States District Court, Northern District of Alabama, which I have fully read and understand. I hereby agree to comply with and be bound by the terms and conditions of said Joint Stipulation of Confidentiality. I hereby consent to the jurisdiction of the referenced Court for purposes of enforcing this Agreement.

I understand and acknowledge that the documents and information given confidential treatment under the Joint Stipulation of Confidentiality shall be used by me only in testifying or assisting counsel in preparing and conducting the litigation of the above-referenced case and not for any business, personal or other purposes whatsoever. I agree not to discuss, disclose, or otherwise reveal information subject to the Joint Stipulation of Confidentiality to anyone, except persons who also are permitted to access to the materials and information protected by the Joint Stipulation.

SIGNED: _____

NAME PRINTED: _____

DATED: _____

1116819.1                                   13