# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **Jamon T. Brim,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| v. | ) Civil No. 5:10-CV-369-IPJ |
| | ) |
| **Dell Financial Services, LLC,** | ) |
| **Midland Credit Management,** | ) |
| **Inc., Midland Funding, LLC,** | ) |
| | ) |
| **Defendants.** | ) |

## PLAINTIFF'S MEMORANDUM IN OPPOSITION OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

COMES NOW the Plaintiff, by and through his counsel of record, and for his Memorandum in Opposition of Defendants' Motion for Summary Judgment, states as follows:

### I.   PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS

In addition to the Plaintiff's Statement of Undisputed Facts set forth in Plaintiff's Memorandum in Support of Summary Judgment, the Plaintiff adds the following undisputed facts:

1. When the Plaintiff purchased the Dell computer on credit, it was done to help the Plaintiff establish credit. (Deposition of Jamon Brim, p. 16, Attached hereto

as Exhibit 1).

2. Prior to paying off the account with Dell, the Plaintiff contacted Dell for the exact payoff. (Brim Depo., p. 20).

3. The Plaintiff paid Dell $954.12, the amount he was told to pay over the phone by the Dell representative. (Brim Depo., p. 33).

4. Dell told the Plaintiff to send a bank statement to confirm that the account had been paid. (Brim Depo., p. 35)

5. The Plaintiff provided Dell with a bank statement. (Brim Depo., p. 41).

6. When asked to provide a transactional detail report by Dell, the Plaintiff requested one from his bank. He was given a copy of his bank statement by his bank. (Brim Depo., p. 46, 47-8).

7. The Plaintiff's bank told him that a transactional detailed report was no different than a bank statement and that the statement was all that they could provide. The bank also told the Plaintiff to call them if anything more was needed. (Brim Depo., p. 50).

8. MCM told the Plaintiff to send them a bank statement. (Brim Depo., p. 60).

9. MCM told the Plaintiff that he owed a debt and that they were suing him. (Brim Depo., p. 65).

10. MCM never asked the Plaintiff to send anything other than the bank statement.

(Brim Depo., p. 66-67). After the Plaintiff provided a copy of the bank statement, MCM never requested any other documents. *Id*.

11. The Plaintiff voluntarily provided a copy of his driver's license and social security number. MCM never asked for anything other than a bank statement. (Brim Depo., p. 67).

## II.   STANDARD OF REVIEW

Under Rule 56, the Court should render judgment as a matter of law for the party moving for summary judgment if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact." *Fed. R. Civ. P. 56(c)*. The moving party bears the initial burden of stating the basis for its motion and identifying those portions of the record demonstrating the absence of genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317,323-324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). If the moving party can show that there is no evidence to support the non-moving party's claim, the burden shifts and the non-moving party must then show the existence of a genuine issue of material fact to defeat summary judgment. *Id*. at 324.

## III.   MIDLAND FUNDING

After discovery, the Plaintiff has confirmed that Midland Funding, LLC is a wholly owned subsidiary of Midland Credit Management. Accordingly, the Plaintiff

agrees to the dismissal of his claims against Midland Funding, LLC.

### IV.  MCM'S MOTION FOR SUMMARY JUDGMENT ON THE PLAINTIFF'S CLAIM FOR WILLFUL VIOLATION OF THE FCRA IS DUE TO BE DENIED

In this case, the law and facts clearly establish that Defendant MCM willfully violated the FCRA. Section 1681n(a) of the FCRA provides for the liability of "any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer". The Supreme Court has determined that the term "willful" includes both a knowing violation of the act as well as a reckless disregard of a requirement of the FCRA. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (U.S. 2007). In *Safeco*, the Court stated that a reckless action is one that has an "unjustifiably high risk of harm that is either known or so obvious that it should be known." *Id*. at 68 (citing *Farmer v. Brennan*, 511 U.S. 825, 836, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)). Further, "[i]t is this high risk of harm, objectively assessed, that is the essence of recklessness at common law". *Id*. at 69. The term willfully does not limit liability to knowing violations as such effect would render the modifier "knowingly" in § 1681n(a)(1)(B) superfluous. *Id.* at 59.  In its *Safeco* decision, the Supreme Court made clear that "knowing" and "reckless" conduct fall under different categories in the FCRA context. *Id*. at 60.

The Defendant relies on Fifth Circuit law in an attempt to set the standard for

willfulness. The Fifth Circuit stated, in 1993, that the standard for willfulness is the knowing and intentional commission of an act in conscious disregard for the rights of others. *Stevenson v. TRW, Inc.*, 987 F. 2d 288, 293 (5th Cir. 1993). The standard set by *Stevenson*, however, was changed in 2007 by the United States Supreme Court. *See Safeco Ins. Co. Of Am.*, 551 U.S. at 59; *see also Robertson*, 2008 U.S. Dist. LEXIS 17159 at *24-5 n.4 (stating "*Safeco* changed the standard previously applied in the Fifth Circuit, pursuant to which a defendant could have been found in willful noncompliance under §1692n only if it '"knowingly and intentionally committed an act in conscious disregard for the rights of others."'(quoting *Stevenson*, 987 F. 2d. at 293.)). In *Safeco*, the United States Supreme Court clearly stated that the standard for willfulness under the FCRA was not limited to knowing and intentional violations, but also included reckless conduct. 551 U.S. at 59. Accordingly, the correct standard for willfulness, as stated by the Court in *Safeco*, includes a reckless disregard of the law. *Id.* at 59, 60.

    It is undisputed that MCM's Batch Interface system, a computer not a person, responded to each of the Plaintiff's five ACDVs and, on each occasion, verified the information provided as accurate. (Ross Depo., p. 78, 80, 81). When an ACDV is processed by the Batch Interface system, no individual actually reviews the dispute. No documents are reviewed. No investigation is performed. The computer simply

determines whether the information provided on the ACDV matches the Defendants' records. (Ross Depo., p.79, 81). The Defendants' representative, Ross, admitted that no employee, i.e. person, ever actually performed any investigation into the Plaintiff's disputes. (Ross Depo., p. 81). Rather, MCM's Batch Interface system simply matched the information in the computer to the information received in the ACDVs and verified that the information was accurate. (Ross Depo., p. 79). No other investigation or review was ever performed by the Defendants. Numerous courts have held that failure to conduct a reasonable investigation is a violation of the FCRA. *See Agostinho v. Capital One Servs.,* 2007 U.S. Dist. LEXIS 52953 (S.D. Fla. July 23, 2007); *see also Johnson v. MBNA Am. Bank, NA*, 357 F.3d 426, 431 (4th Cir. Va. 2004)[1].

In the instant case, the Defendant intentionally and consciously disregarded the law by failing to conduct <u>any</u> investigation into the Plaintiff's disputes. The Defendant asserts that because its policy is "that a bank statement showing proof of payment is never enough to establish prior payment on an account" that it cannot be held to have willfully violated the FCRA. However, that policy does not preclude a finding of willfulness or of a conscious disregard of the law. It is well settled law,

---

[1] The Court in *Johnson* relies on a long line of precedent in determining that a reasonable investigation is required under the FCRA. See *Johnson*, 357 F.3d. at 430, n. 2.

beginning with *Johnson v. MBNA*, that a furnisher of information has a duty under the FCRA to reasonably investigate a dispute received through the credit bureaus. 357 F.3d at 431. Courts have repeatedly held that a reasonable investigation requires more than simply looking at the information provided in the furnisher's computer systems, especially when other documents are available for review. *See id; see also Robertson*, 2008 U.S. Dist. LEXIS 17159 at *23-24. While the actions taken by the Defendant may be standard for the Defendant, that does not equate with compliance under the FCRA. As MCM admits that <u>no</u> investigation was done on any of the Plaintiff's ACDVs, it is clear that MCM violated the FCRA. Additionally, the evidence set forth in Plaintiff's Memorandum in Support of Summary Judgment, as well as herein, establishes that MCM recklessly and willfully violated the FCRA by completely disregarding its duties and responsibilities as a furnisher of credit information under the FCRA. *See Robertson*, 2008 U.S. Dist. LEXIS 17159 at *26. The Defendant asked the Plaintiff for his bank statement. (Brim Depo., p. 66-7). The Plaintiff provided his statement as requested. (Ross Depo., p. 64). However, the Defendant then determined that the bank statement was not sufficient proof of payment. Defendant never informed the Plaintiff that the bank statement was considered insufficient. Defendant never even accepted the bank statement as proof of a payment, rather than pay off. The Defendant did absolutely nothing but continue to

report the account in an effort to collect.

The Defendant attempts to rely on the assertion that even if they had conducted an investigation, which they did not, the results would have been the same. However, had MCM actually conducted an investigation and called the Plaintiff's bank, they could have requested any documents that were needed. Further, MCM did not even report the $954.12 as a payment, but rather ignored the bank statement which had been provided to them on multiple occasions. MCM also attempts to escape liability by asserting that the Plaintiff failed to provide a "transactional detail" to Dell and thus, all of this is the Plaintiff's fault. This argument fails for several reasons. First, the Plaintiff supplied his bank statement, which he and his bank believed constituted a "transactional detail", directly to Dell. (Brim Depo, p. 41, 46, 47-8, 50). More importantly, MCM has openly admitted that it never contacted Dell to investigate the Plaintiff's disputes. Thus, whether a particular document was requested by or provided to Dell is completely irrelevant to a determination regarding whether MCM willfully or consciously disregarded its duties under the FCRA. Section 1681s-2(b) of the FCRA clearly requires a furnisher of credit information to conduct a reasonable investigation. *See Agostinho,* 2007 U.S. Dist. LEXIS 52953; *see also Johnson*, 357 F.3d at 431[2]. In this case, Midland did nothing. A company who has information in

---

[2] *See supra* note 1 for further case law.

their possession but elects not to review it and, instead, simply reports what is in its computer system to credit reporting agencies has recklessly disregarded its obligations to a consumer under the FCRA. As such, the Defendant's motion for summary judgment on the Plaintiff's FCRA claim should be denied.

## V. MCM'S MOTION FOR SUMMARY JUDGMENT ON THE PLAINTIFF'S STATE LAW CLAIMS IS DUE TO BE DENIED.

### A. The Plaintiff's State Law Claims are not preempted by the FCRA

The Northern District of Alabama has conducted a statutory analysis of the FCRA in the past. *See McCloud v. Homeside Lending*, 309 F. Supp. 2d. 1335, 1341 (N.D. Ala. 2004). In *McCloud*, it was determined that § 1681t(b)(1)(F) was a general preemption statute while § 1681h(e) was specific in nature. 309 F. Supp. 2d. at 1341. "When a specific statute carves out an exception to a general statute, the 'specific statute will not be controlled or nullified by [the] general one, regardless of the priority of enactment.'" Id. (quoting *Morton v. Mancari*, 417 U.S. 535, 550-51, 94 S. Ct. 2474, 2483, 41 L. Ed. 2d 290 (1974)). Accordingly, *McCloud* found that §1681h(e) controlled the determination as to whether the Plaintiff's tort claims were preempted by the FCRA. *Id*. at 1342.

Other cases in this jurisdiction have recognized that the FCRA does <u>not</u> offer defendants complete preemption from state law claims. *Watkins v. Trans Union,*

*L.L.C.*, 118 F. Supp. 2d 1217, 1220 (N.D. Ala. 2000). The FCRA has certain statutory provisions that handle state law claims and determine whether they are preempted. Prior to the 1996 amendments, the following spoke to preemption:

> Except as provided in section 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against . . . any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.

*15 U.S.C. § 1681h(e)*.

The 1996 amendments added the following regarding federal preemption of state law claims:

"(b) General Exceptions. No requirement or prohibition may be imposed under the laws of any State --

(1) with respect to any subject matter regulated under --
* * *
(F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies, except that this paragraph shall not apply --
> (I) with respect to section 54A(a) of chapter 93 of the Massachusetts Annotated Laws . . .;   or
> (ii) with respect to section 1785.25 (a) of the California Civil Code. . . . ."

*15 U.S.C. § 1681t*.

These two statutory provisions have caused a conflict as to which should govern certain state law claims. A Georgia District Court has ruled on this seeming inconsistency. *See Johnson v. Citimortgage, Inc.*, 351 F. Supp. 2d 1368, 1376 (N.D. Ga. 2004). In *Johnson*, the court stated that § 1681t(b)(1)(F) would govern statutory claims while §1681h(e) would govern common law claims. *Id*. Having made this determination, the *Johnson* court then applied §1681h(e) to a state law defamation claim. *Id*. "Plaintiff may only bring the common law actions alleged here by sufficiently pleading that [the credit furnisher] furnished false information to a consumer reporting agency with malice or willful intent to injure." *Id.*; *See also Lofton-Taylor v. Verizon Wireless*, 262 Fed. Appx. 999, 1002 (11th Cir. Ala. 2008) (stating that a defamation claim will be preempted by the FCRA unless malicious or willful intent is shown). The court in *Johnson* then continued its statutory evaluation of the FCRA, stating that §1681h(e) required the heightened standard of malice only in cases brought pursuant to §1681g, §1681h, or §1681m. The court in *Johnson* further stated :

> Plaintiff's defamation claim is not "based on information disclosed pursuant to §§ 1681g, 1681h, or 1681m. No one disputes that §§ 1681g and 1681h apply only to consumer reporting agencies, and Plaintiff makes no allegation that Defendant is such an entity. Section 1681m applies to information users, but it imposes no duty to disclose absent "adverse action" by the user against the consumer. Neither was Defendant's

> allegedly defamatory statement "by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report." Plaintiff has made no allegation that Defendant took adverse action against him based on his consumer report. Therefore, the necessity of malice or willful intent is obviated. Accordingly, §1681h(e) does not preclude Plaintiff's defamation claim.

*See Johnson* 351 F. Supp. 2d at 1377.

### B. The Plaintiff's State Law Claims Are Not Preempted Because the Plaintiff has Presented Evidence of "Malice or Willfful Intent".

An Alabama District Court has taken up the issue of malice in the FCRA context. In *Sullivan v. Signet Bank/Virginia*, the Southern District of Alabama court was faced with a motion to dismiss a state law claim based on preemption. *Sullivan*, 996 U.S. Dist. LEXIS 3628 (S.D. Ala. Mar. 18, 1996). In Sullivan, the court stated that the "cloak of qualified immunity only insulates providers of consumer credit information from liability if the information was furnished without malice or willful intent to injure." *Id*. at *8. In *Aklagi v. Nationscredit Financial*, 196 F. Supp. 2d 1186 (D. Kan. 2002), the Court held that a state law defamation claim would not be preempted by §1681h(e) where the plaintiff could prove the defendant acted "with malice or willful intent to injure" at the time the defendant furnished inaccurate information to the credit reporting agency. *Aklagi*, 196 F. Supp. 2d at 1195. Following *Aklagi*, an Alabama District Court again considered preemption under the

FCRA.  *Riley*, 226 F. Supp. 2d 1316.

In *Riley v. General Motors Acceptance Corp.*, the defendant filed a motion to dismiss all of the plaintiff's state law claims for negligence, defamation, invasion of privacy and outrage.  *Riley*, 226 F. Supp. 2d at 1317.  In reviewing the decisions of *Hasvold v. First USA Bank, N.A.*, 194 F. Supp. 2d 1228 (D. Wyo. 2002), *Jaramillo v. Experian Information Solutions, Inc.*, 155 F. Supp. 2d 356 (E.D. Pa. 2001)*,* and *Aklagi*, *supra*, the Court, in dicta, adopted the rational set forth in *Aklagi* as controlling.

In the instant case, the Plaintiff must show that the Defendants furnished false information with knowledge that it was false or with reckless disregard as to its falsity. *See Johnson* 351 F. Supp. 2d at 1376.  In *Johnson*, the Defendant reported a delinquent account to the CRAs after receiving written disputes from the Plaintiff. *Id*.  There, the court held that the allegations made that defendant CitiMortgage reported inaccurate information after having received notice as to the information being disputed was sufficient to survive a summary judgment motion from the Defendant, asserting the claims as federally preempted. *Id*. These facts are strikingly similar to the instant case, where the undisputed facts show that the Plaintiff sent several written disputes and made at least one phone call to the Defendant. The Plaintiff sent a bank statement to the Defendant showing proof of his payment to Dell in 2004.  In spite

of these notifications, the Defendant continued to publish inaccurate and defamatory statements about the Plaintiff. The Defendant's actions in this case indicate malice and thus the Plaintiff's state law claims are not preempted.

As stated by the court in *Johnson*, even if malice is not deemed to be present, a defamation claim may survive preemption. *Johnson,* 351 F. Supp. 2d at 1377. In the instant case, the Defendants are not credit reporting agencies. Likewise, the Defendants have not taken any adverse action against the Plaintiff, pursuant to *15 U.S.C. § 1681h(e)*. The Plaintiff's state law claims should not be preempted by the FCRA, based either on the Defendants' malice or, in the alternative, that *15 U.S.C. § 1681(h)(e)* does not allow for preemption in the instant case.

## VI. FDPCA CLAIMS

The Plaintiff agrees to the dismissal of the pending FDCPA claims against the Defendants.

## VII. CONCLUSION

Wherefore, premises considered, the Plaintiff respectfully requests this Honorable Court to deny Defendant MCM's Motion for Summary Judgment on all claims except for the FDCPA claims.

        /s/ Penny Hays Cauley
        Penny Hays Cauley, ASB-6309-A63P
        Attorney for Plaintiff

**OF COUNSEL:**
**HAYS CAULEY, P.C.**
549 West Evans Street, Suite E
Florence, SC 29501
(843) 665-1717
(843) 665-1718 Facsimile
phc917@hayscauley.com

**OF COUNSEL:**
Ronald C. Sykstus, Esq.
**BOND, BOTES, SYKSTUS, TANNER & EZZELL, P.C.**
415 Church Street, Suite 100
Huntsville, AL 35801
(256) 539-9899
(256) 539-9895 Facsimile
rsykstus@bondnbotes.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2010, I electronically filed the foregoing via the CM/ECF System, which will notify the following counsel of record:

Eric B. Langley, Esq.
Jason B. Tompkins, Esq.
BALCH & BINGHAM LLP
P. O. Box 306
Birmingham, AL 35201-0306

/s/ Penny Hays Cauley
Of Counsel