# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **Jamon T. Brim,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| v. | ) Civil No. 5:10-CV-369-IPJ |
| | ) |
| **Dell Financial Services, LLC,** | ) |
| **Midland Credit Management,** | ) |
| **Inc., Midland Funding, LLC,** | ) |
| | ) |
| **Defendants.** | ) |

### PLAINTIFF'S REPLY TO DEFENDANT'S MEMORANDUM IN OPPOSITION OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

COMES NOW the Plaintiff, by and through his counsel of record, and for his Reply to Defendant's Memorandum in Opposition of Plaintiff's Motion for Summary Judgment, states as follows:

**I.   MIDLAND FUNDING**

As stated in the Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment, which the Plaintiff incorporates as if fully set forth herein, after discovery, the Plaintiff has confirmed that Midland Funding, LLC is a wholly owned subsidiary of Midland Credit Management. Accordingly, the Plaintiff agrees to the dismissal of all claims against Midland Funding, LLC.

**II. PLAINTIFF'S REQUEST FOR SUMMARY JUDGMENT AS TO CERTAIN FACTS IS COMPLETELY PROPER AND IS DUE TO BE GRANTED**

Under *Rule 56(d), Fed. R. Civ. P.,* courts are specifically permitted to make decisions on undisputed facts as opposed to entire claims. *See United States CFTC v. Am. Derivatives Corp., 2008 U.S. Dist. LEXIS 48509 (N.D. Ga. June 23, 2008)*. Furthermore, Rule 56(d) directs courts to issue orders which identify "what material facts are not genuinely at issue." *Fed.R.Civ.P. 56(d)(1)*. MCM has admitted to this Court that it is a furnisher of credit information; that it received five disputes from credit reporting agencies (hereinafter CRAs) regarding the Plaintiff's account and thus was on notice of the dispute; and that the disputes from the CRAs triggered MCM's duties under §1681s-2(b). MCM has also admitted that it furnished information, which it now knows was inaccurate, regarding the Plaintiff's account to the CRAs. Therefore, summary judgment on each of these facts as specifically requested by the Plaintiff is due to be granted.

**III. THE PLAINTIFF HAS ESTABLISHED THAT MCM'S "INVESTIGATION" UNDER THE FCRA WAS UNREASONABLE AS A MATTER OF LAW AND THE PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT**

"The requirement to conduct a reasonable investigation to determine whether disputed information in a consumer credit file can be verified is widely recognized."

*Robertson v. J.C. Penney Co., Inc., et al*, 2008 U.S. Dist. LEXIS 17159, at *22, (S.D. Miss. Mar. 4, 2008) citing *Johnson v. MBNA Am. Bank, N.A.*, 357 F.3d 426, 430 n.2, 431 (4th Cir. 2004) (collecting cases); *accord Lang v. TCF Nat'l Bank*, 249 Fed. Appx. 464, 2007 WL 2752360, at *1 (7th Circ. 2007). "A reasonable investigation 'clearly requires some degree of careful inquiry by creditors' and more than just a 'superficial' inquiry." *Id*. (emphasis added), citing *Johnson*, 357 F.3d at 430, 431. While the determination of whether an investigation performed by a furnisher of credit information was "reasonable" is generally a jury question, where no juror could conclude that the investigation was reasonable, summary judgment is appropriate. *Id*. at *24. In this case, the evidence clearly establishes that MCM did not perform any investigation into the Plaintiff's five disputes. Therefore, no juror could possibly conclude that the investigation was "reasonable" because there was no investigation.

MCM's employee, Ross, admitted that when an ACDV is processed by MCM's Batch Interface system, no individual actually reviews the dispute. No documents are reviewed. No investigation is performed. The computer simply determines whether the information provided on the ACDV matches the Defendant's records. (Exhibit 1, Ross Depo., p. 79, 81).[1] Ross also admitted that no employee ever actually

---

[1] All citations to exhibits refer to exhibits submitted on November 10, 2010 with Plaintiff's Memorandum in Support of Plaintiff's Motion for Partial Summary Judgment.

performed any investigation into the Plaintiff's disputes. (Ross Depo., p. 81). Clearly MCM's own witness has established that the Plaintiff's Motion for Summary Judgment is due to be granted because her testimony, under oath, clearly stated that no investigation into the Plaintiff's disputes was ever performed.

The Defendant states that the Plaintiff's argument - that MCM's investigation was not done by a person as defined under the FCRA - is both "unavailing and absurd". Def.'s Resp. Pl.'s Mot. Summ. J. 14 n. 5. The Defendant further states that a finding that MCM's computer system is not a person would destroy all of the Plaintiff's claims as it was MCM's computer who furnished the information and not a "person". *Id*. The Defendant's position is ludicrous. The Plaintiff is aware that a computer is simply a tool used by the Defendant in performing its work including the furnishing electronically of data to the CRAs. *See County Vanlines, Inc. v. Experian Information Solutions, Inc.*, 317 F. Supp. 2d 383, 396 n. 13 (S.D.N.Y. 2004). However, the FCRA clearly imposes on a "person" the obligation to conduct a reasonable investigation into FCRA disputes. *See Johnson v. MBNA America Bank*, NA, 357 F.3d 426, 431 (4th Cir. 2004). That is because a computer is unable to review documents, contact the consumer to request additional information, go back to the source of the account, or contact a bank requesting additional information. More importantly, and fatal to Defendant's argument, Ross admitted that no

investigation was performed in response to the Plaintiff's five disputes.

The FCRA requires an investigation be conducted by a furnisher of credit information upon notice of dispute. *See Johnson*, 357 F.3d at 431. A furnisher of credit information is required to conduct a reasonable investigation upon receiving notice of a dispute. *Brewer v. Transunion, L.L.C.*, 2006 U.S. Dist. LEXIS 70292 (S.D. Ala. Sept. 27, 2006) (citing *Johnson v. MBNA America Bank*, NA, 357 F.3d 426, 431 (4th Cir. 2004)). The element of reasonableness is suitable for summary judgment if the facts of the case establish reasonableness or unreasonableness beyond all doubt. *Rambarran v. Bank of Am., N.A.*, 609 F. Supp. 2d 1253, 1262 (S.D. Fla. 2009)(citing *King v. Asset Acceptance, LLC*, 452 F. Supp. 2d 1272, 1278 (N.D. Ga. 2006)). A reasonable investigation requires careful inquiry by creditors, not simply a superficial inquiry. *Johnson*, 357 F.3d at 430, 431.

Case law has previously found that a defendant may be ruled to have not conducted a reasonable investigation as a matter of law. *See Robertson v. J.C. Penney Co.*, 2008 U.S. Dist. LEXIS 17159 (S.D. Miss. Mar. 4, 2008). In *Robertson*, the Defendant GE received notice of a dispute, via an ACDV, from Equifax stating that an account was paid in full. *Id.* Following notice of that dispute and an alleged investigation, GE continued to report the account as outstanding even though GE's own records showed the account had been paid in full. *Id*. There the court entered

summary judgment in favor of the plaintiffs on the issue of negligent violation of the FCRA and found as a matter of law that GE had failed to perform a reasonable investigation when GE improperly reported an account even though the Defendant had information that the account had actually been paid. 2008 U.S. Dist. LEXIS 17159 at *23-4. In the instant case, the Defendant attempts to differentiate between the facts of *Robertson* and the case at bar by stating that MCM's records did not indicate the account had been fully paid. Def.'s Resp. Pl.'s Mot. Summ. J. 16. While MCM's computer system may not have indicated that the Plaintiff's account had been paid in full or even that a payment had been made on the account, much like in *Robertson*, MCM had access to information that the account had in fact been paid as MCM possessed the Plaintiff's bank statement. (Ross Depo., p. 64). This statement was provided by the Plaintiff at the request of MCM. (Exhibit 2, Depo. of Jamon Brim, p. 35). It was the only information that MCM ever requested from the Plaintiff. (Brim Depo., p. 66-7). MCM admitted that it received the bank statement on two different occasions. MCM also admitted that the bank statement showed a payment to Dell in the amount of $954.12. Def.'s Resp. Pl.'s Mot. Summ. J. 4. MCM further admitted that the November 2004 Dell statement showed a "previous balance" of $934.78, which is less than the amount paid by the Plaintiff as evidenced by the bank statement. While the information may not have been in MCM's computer system

because MCM deemed it insufficient, the information was still provided by the Plaintiff to MCM and was available to MCM for review.  In spite of this, the Defendant continuously reported the account incorrectly.  In fact, MCM never even reported that a payment of $954.12 was made.  Rather, MCM chose to completely ignore the proof of payment by the Plaintiff and refused to conduct any investigation into the Plaintiff's claims and disputes that the account had been previously paid in full.  The actions of MCM are clearly in violation of the FCRA's requirement that a furnisher of credit information conduct a reasonable investigation into disputes.

Next, the Defendant attempts to rely on case law to show that a reinvestigation is not necessary upon receipt of identical information from the Plaintiff. Def.'s Resp. Pl.'s Mot. Summ. J. 17, 18. MCM relies on *Nelson v. American Express Travel Related Servs.*, 2009 U.S. Dist. LEXIS 129787 (N.D. Ala. June 17, 2009) in its assertion that a reinvestigation is not necessary after receipt of identical information. *Nelson*, however, points out that the FCRA indicates that a credit reporting agency is not required to conduct a reinvestigation on the same dispute unless the consumer provides some new information. 2009 U.S. Dist. LEXIS 129787 at *41-2 n. 29. The FCRA does not provide the same explicit rule for furnishers of credit information. The Defendant attempts to fashion such a rule by citing *Drew v. Equifax Info. Servs.*, LLC, 2010 U.S. Dist. LEXIS 25979 (N.D. Cal. Mar. 20, 2010). If the Court finds this

California law persuasive, a further investigation of the Ninth Circuit's rulings is appropriate. The Ninth Circuit has ruled that a furnisher of credit information is not required to reinvestigate if it is relying on the results of a prior investigation and has not received new information and has no reason to doubt the results of the prior investigation. *Gorman v. Wolpoff & Abramson, LLP*, 552 F.3d 1008, 1020 (9th Cir. Cal. 2009). However, reliance on a previous investigation can be unreasonable if the previous investigation was unreasonable. *Id*.; *see also Bruce v. First U.S.A. Bank, Nat'l Ass'n*, 103 F. Supp. 2d 1135, 1143-44 (E.D. Mo. 2000). In *Gorman*, the Defendant had gone outside of its own records in an earlier investigation and had contacted both the Plaintiff and the original merchant. *Id*. at 1021. The court in *Gorman* distinguished the facts from *Johnson v. MBNA America Bank, NA* by stating that the Defendant in *Gorman* had gone outside of its own records in an earlier investigation to investigate the disputes sent by the CRAs. *Id*.  While the Ninth Circuit does state that, under certain circumstances, a reinvestigation by a furnisher of credit information is not required by the FCRA, the undisputed facts of the case at bar show that such a limited rule is not applicable in this case.  In the instant case, MCM performed no investigation upon receipt of the first ACDV.  Instead, MCM's batch interface system simply matched the information that was being reported with what was in its own records. (Ross Depo., p. 79, 81). As MCM failed to conduct any

investigation in response to the first ACDV received from the CRAs, MCM cannot now attempt to claim that it had no duty to "reinvestigate" ACDVs two through five.

Finally, MCM attempts to avoid summary judgment on whether a reasonable investigation was conducted by claiming that any contact with Dell would not have provided a different result than the "investigation" that MCM actually performed. Def.'s Resp. Pl.'s Mot. Summ. J. 18, 19. The FCRA does not state that a furnisher's duty to investigate is contingent upon what they believe may have happened had an actual investigation actually occurred. The FCRA requires a furnisher of credit information to conduct a reasonable investigation once it has received notice of a dispute from a CRA. *See Johnson*, 357 F.3d at 430, 431. Unfortunately, the results of any discussion that MCM may have had with Dell are lost forever as MCM never bothered to contact Dell regarding the Plaintiff's account. (Ross Depo., p. 78). Likewise, MCM failed to contact the Plaintiff to request additional information and failed to contact Redstone Federal Credit Union to verify the payment. (Brim Depo., p. 66-7; Ross Depo., p. 79-80). To allow the Defendant to hide behind an argument that the end result would have been the same, even if it had conducted a reasonable investigation, would completely undermine the whole purpose of the FCRA's requirement that a furnisher of credit information actually perform a reasonable investigation.

## IV. THE PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT ON HIS DEFAMATION CLAIM

"To establish a prima facie case of defamation, the plaintiff must show that the defendant was at least negligent, in publishing, a false and defamatory statement to another, concerning the plaintiff, which is either actionable without having to prove special harm (actionable per se) or actionable upon allegations and proof of special harm (actionable per quod)." *Delta Health Group, Inc. v. Stafford*, 887 So. 2d 887, 895 (Ala. 2004). While some communications are protected by a qualified privilege, that privilege can be defeated by a showing of actual malice. See *Wiggins v. Mallard*, 905 So. 2d 776, 782 (Ala. 2004). Here, as the Plaintiff stated in his response to the Defendant's Motion for Summary Judgment, the Defendant's communications of false statements to the credit reporting agencies are not preempted by the FCRA nor are they protected by a qualified privilege.

The controlling provision regarding preemption of the Plaintiff's state law claims is § 1681h(e). Pl.'s Resp. Def.'s Mot. Summ. J. 9, 10. Therefore, the Plaintiff's state law claims are not preempted by the FCRA if there is a showing of malice or willful intent to injure. Such a showing also precludes the Defendant from making a claim of qualified immunity. *Sullivan v. Signet Bank/Virginia*, 996 U.S. Dist. LEXIS 3628, *8 (S.D. Ala. Mar. 18, 1996). Malice has been defined in defamation

cases as "knowledge that it was false or with *reckless disregard* of whether it was false or not." *New York Times Co. v. Sullivan*, 376 U.S. 254, 280 (1964)(emphasis added).  MCM relies, once more, on language found in *Nelson v. American Express Trav. Servs.*, 2009 U.S. Dist. LEXIS 129787, at *52, in an attempt to show that it has not acted with malice or willful intent in the instant case and that, as such, the Plaintiff's state law claims should be preempted. The facts surrounding the investigation in *Nelson* are clearly distinguishable from the facts of the instant case. In *Nelson*, the Court found that Experian did not include any inaccurate information on Nelson's credit report.  A fact that was fatal to Nelson's defamation claim. *Id*. Additionally, the Court noted that when Experian was able to properly identify the disputed account, Experian:

> [C]ontacted AMEX, notified AMEX as to the nature of the dispute, and asked AMEX to investigate the information being reported. AMEX verified the accuracy of the reported information. When Experian was not able to properly identify the disputed account, it notified Nelson that those contested accounts could not be investigated. When Experian was confronted with a repeat dispute, it encouraged Nelson to submit new information to substantiate such dispute.

*Id*. at *52-3.

The court in *Nelson* then pointed out that the above-mentioned actions were not indicative of a credit reporting agency that was acting with malice or willful intent.

*Id*. at *53. These facts differ significantly from the facts of the instant case. MCM never contacted Dell. (Ross Depo., p. 78). MCM never contacted the Plaintiff's bank, Redstone Federal Credit Union. (Ross Depo., p. 79-80). After receipt of the Plaintiff's bank statement, MCM never asked the Plaintiff for any additional documentation regarding the payment or informed the Plaintiff that the bank statement was insufficient to prove the account was paid in full. (Brim Depo., p. 66-7). In *Nelson,* Experian did not report inaccurate information and was found to have acted without malice. However, the facts in the instant case do not lead to the same conclusion for MCM. First and most importantly, MCM reported inaccurate information on the Plaintiff's credit reports. Second, MCM's actions show a reckless disregard as to the falsity of the information that they distributed. MCM had information in its possession to verify the Plaintiff's claim that the account had been previously paid in full and MCM intentionally and maliciously chose to ignore that information. As such, the Plaintiff's state law claims should not be preempted. Further, MCM should not be protected by a qualified privilege due to its reckless disregard as to the falsity of the information distributed.

MCM cites a 1990 Oregon case, *Bloom v. I.C. System, Inc.*, 753 F. Supp. 314 (D. Or. 1990), as evidence that the Plaintiff's state law defamation claim should be preempted. Def.'s Resp. Pl.'s Mot. Summ. J. 20, 21. However, *Bloom* does not

support MCM's argument.  In *Bloom*, an insurance agent incorrectly reported a debt to a debt collector. 753 F. Supp. at 315-16. Upon discovery that the debt had been incorrectly reported, the insurance agent contacted the debt collector in an attempt to rectify the mistake. *Id*. at 316. The debt collector then attempted to get payment verification by calling the insurance agent while continuing to report the debt as disputed to CRAs. *Id*. In the instant case, as stated above, MCM did <u>nothing</u> to determine whether the Plaintiff's claimed payment was valid. (Ross Depo., p. 78). Thus, *Bloom* is distinguishable from the facts in this case and does not support a finding of preemption or of qualified immunity.

### V.   CONCLUSION

Wherefore, premises considered, the Plaintiff respectfully requests this Honorable Court to grant the Plaintiff's Motion for Partial Summary Judgment.

/s/ Penny Hays Cauley
Penny Hays Cauley, ASB-6309-A63P
Attorney for Plaintiff

**OF COUNSEL:**
**HAYS CAULEY, P.C.**
549 West Evans Street, Suite E
Florence, SC 29501
(843) 665-1717
(843) 665-1718 Facsimile
phc917@hayscauley.com

**OF COUNSEL:**
Ronald C. Sykstus, Esq.
**BOND, BOTES, SYKSTUS, TANNER & EZZELL, P.C.**
415 Church Street, Suite 100
Huntsville, AL 35801
(256) 539-9899
(256) 539-9895 Facsimile
rsykstus@bondnbotes.com


**CERTIFICATE OF SERVICE**

      I hereby certify that on December 22, 2010, I electronically filed the foregoing via the CM/ECF System, which will notify the following counsel of record:

Eric B. Langley, Esq.
Jason B. Tompkins, Esq.
BALCH & BINGHAM LLP
P. O. Box 306
Birmingham, AL 35201-0306


                              /s/ Penny Hays Cauley
                              Of Counsel