FILED

2011 Jan-20  PM 04:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

JAMON T. BRIM,

      Plaintiff,

v.                                        CASE NO.: CV-10-J-369-NE

MIDLAND CREDIT MANAGEMENT,
INC., et al.,

      Defendants.

## MEMORANDUM OPINION

Pending before the court is plaintiff's motion for partial summary judgment and evidence (doc. 27); plaintiff's memorandum and evidence in support of his motion (doc. 28); defendants' motion for summary judgment, brief and evidence in support of their motion (docs. 31-33); plaintiff's response in opposition to defendants' motion (doc. 38); defendants' response in opposition to plaintiff's motion (doc. 39) and the parties' respective replies to the opposing parties' responses (docs. 40 and 41).

Defendant Dell Financial Services was dismissed with prejudice on October 18, 2010 (doc. 21).  In his response to defendants' motion for summary judgment, the plaintiff agrees to dismissal of his claims against Midland Funding, LLC, because it is a wholly owned subsidiary of Midland Credit Management.  The plaintiff further agrees to dismissal of his claim under the Fair Debt Collection Practices Act (doc. 38, at 14).

The court shall therefore **ORDER** that the plaintiff's claims against Midland Funding, LLC, are **DISMISSED**.

The court shall further **ORDER** that Count I of the plaintiff's complaint, stating a claim pursuant to the Fair Debt Collection Reporting Act, is **DISMISSED**.

## FACTUAL BACKGROUND

The plaintiff filed this action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.,* and Alabama state law based on defendants' attempts to collect a debt purchased from Dell Financial Services which plaintiff had already paid.  The parties do not dispute that the plaintiff paid this debt in full prior to the time the debt was sold to defendants.  Additionally, the parties agree that Dell Financial Services applied plaintiff's payment to the wrong account, thus creating the appearance of an outstanding debt.

The plaintiff alleges defendant Midland Credit Management, Inc. ("MCM"), violated the FCRA by failing to review relevant information, failing to conduct an investigation into the accuracy of the information, and by reporting inaccurate information to consumer reporting agencies, all in violation of 15 U.S.C. § 1681s-2 and its subsections.[1]  The plaintiff further alleges that defendants' reporting of inaccurate information harmed the plaintiff and therefore he brings additional state

[1]The court has denied summary judgment on this claim by separate Order.

law claims for defamation, libel and slander (Count III).  He also brings claims for

"placed in a false light" (Count IV); negligent training and supervision (Count V);

and reckless and wanton training and supervision (Count VI). The remaining

defendant, Midland Credit Management, Inc. ("MCM"), seeks summary judgment on

the state law claims, asserting that the FCRA preempts the same.  The plaintiff seeks,

inter alia, summary judgment in his favor on his defamation claim.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if

the pleadings, depositions, answers to interrogatories, and admissions on file, together

with the affidavits, if any, show that there is no genuine issue as to any material fact

and that the moving party is entitled to a judgment as a matter of law."   *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  As the Supreme Court has explained the

summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary
> judgment, after adequate time for discovery and upon motion, against a
> party who fails to make a showing sufficient to establish the existence
> of an element essential to that party's case, and on which that party will
> bear the burden of proof at trial.  In such a situation, there can be no
> genuine issue as to any material fact, since a complete failure of proof
> concerning an essential element of the nonmoving party's case
> necessarily renders all other facts immaterial.

*Celotex Corp.,* 477 U.S. at 322-23.  The party moving for summary judgment always

bears the initial responsibility of informing the court of the basis for its motion and

identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the nonmoving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. Pro. 56(e). In meeting this burden the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed.R.Civ.Pro. 56(c); *Matsushita*, 475 U.S. at 587, *see also Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986). The non-movant must "demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991).

## LEGAL ANALYSIS

Section 1681s-2(b) of the FCRA requires the furnisher of credit information to conduct a reasonable investigation upon receiving notice of a dispute. *See e.g..,* *Westra v. Credit Control of Pinellas*, 409 F.3d 825, 827 (7th Cir.2005); *Johnson v. MBNA Am. Bank, NA*, 357 F.3d 426, 431 (4th Cir.2004). Whether an investigation is "reasonable" is a question of fact unless the reasonableness of the defendant's

procedures is beyond question. *Westra*, 409 F.3d at 827. Pursuant to § 1681s-2, the FCRA also imposes certain responsibilities on persons who furnish information to consumer reporting agencies. *Id*. § 1681s-2.

Thus, to support an FCRA claim against a "furnisher of credit information," a private plaintiff must show evidence that the furnisher, after receiving proper written notice of a dispute regarding the completeness or accuracy of any information provided by a person to a consumer reporting agency, did one of the following: failed to conduct an investigation with respect to the disputed information; failed to review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of the FCRA; failed to report the results of the investigation to the consumer reporting agency (and/or, if the investigation found that the information was incomplete or inaccurate, failed to report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis); or, if an item of information disputed by a consumer is found to be inaccurate, incomplete, or cannot be verified after any reinvestigation, the furnisher failed to modify, delete, or permanently block the reporting of that item of information. *See* 15 U.S.C. § 1681s-2(b).

For purposes of the dispute before this court, the most important of these requirements is found in subsection (b), that furnishers of consumer credit

information must verify the sufficiency and accuracy of the information when notified

by a consumer reporting agency of a credit-report dispute. *Id.* § 1681s-2(b).

Enforcement of subsection (a) is expressly reserved to governmental agencies and

officials, thereby limiting a consumer's private cause of action against a furnisher of

credit information to violations of § 1681s-2(b). *Id.* § 1681s-2(c)-(d). *See e.g.,*

*Chipka v. Bank of America,* 355 Fed.Appx. 380, 383 (11th Cir.2009); *Peart v. Shippie*,

345 Fed.Appx. 384, 386 (11th Cir.2009).

## FCRA

The court having considered defendants' motion for summary judgment (doc.

31) as it relates to Count II of the plaintiff's complaint, specifically claims under the

Fair Credit Reporting Act, and being of the opinion that genuine issues of material

fact remain regarding this claim;

The court shall **ORDER** by the court that defendants' motion for summary

judgment on Count II of the plaintiff's complaint is **DENIED**.

## State Law Preemption

The FCRA contains two separate provisions, both of which preempt claims

brought pursuant to state law.

15 U.S.C. § 1681h(e) provides:

Except as provided in sections 1681n and 1681o of this title, no
consumer may bring any action or proceeding in the nature of

defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer credit report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.

Subsections g and h of the FCRA concern information disclosed to consumers by consumer reporting agencies, and consumers rights to contest that information. 15 U.S.C. §§ 1681g, 1681h. Subsection m concerns the duties of those taking adverse action against a consumer based on content in a consumer report. 15 U.S.C. § 1681m. Defendants assert that because each of these sections concern the disclosure of information by a credit reporting agency ("CRA") rather than a furnisher of information to a credit reporting agency, subsection § 1681h(e) is inapplicable to these facts, and the court must apply subsection t instead.

15 U.S.C. § 1681t(b) provides:

No requirement or prohibition may be imposed under the laws of any State–

(1) with respect to any subject matter regulated under--
    (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies ....

15 U.S.C.A. § 1681t(b)(1)(F).

If § 1681t(b) applies, the plaintiff's state law claims are preempted. *See e.g.,*

*Sigler v. RBC Bank*, 712 F.Supp.2d 1265, 1269 (M.D.Ala.2010), citing *Gibbs v. SLM*

*Corp*., 336 F.Supp.2d 1, 11 (D.Mass.2004) (calling § 1681t an "absolute immunity

provision" which "bars and state law claim based on conduct governed by § 1681s-

2"); *Johnson v. JP Morgan Chase Bank DBA Chase Manahattan*, 536 F.Supp.2d

1207, 1215 (E.D.Cal.2008); *Leet v. Cellco Partnership*, 480 F.Supp.2d 422, 429 (D.

Mass.2007); *Knudson v. Wachovia Bank, N.A.*, 513 F.Supp.2d 1255, 1259 (M.D.Ala.

2007) (stating section § 1681t does not allow state law prohibitions or requirements

relating to the responsibilities of furnishers of information to CRAs).

As recognized by Hon. Lynwood Smith in *McCloud v. Homeside Lending*, 309

F.Supp.2d 1335 (N.D.Ala.2004), the dual preemption provisions in the FCRA have

led to three separate lines of cases. *Id*., at 1340. *See also Carruthers v. American*

*Honda Finance Corp*., 717 F.Supp.2d 1251, 1255-1258 (N.D.Fla.2010). The

undersigned agrees with the logic of the court in *McCloud* that, of these three

approaches, the best is that

> [The] rationalization for the conclusion that § 1681t(b)(1)(F) cannot
> preempt all state law claims, including state common law tort claims, is
> that this section is a general preemption provision. In contrast, §
> 1681h(e) contains a more specific preemption clause (i.e. "any action or
> proceeding in the nature of defamation, invasion of privacy, or
> negligence"). When a specific statute carves out an exception to a
> general statute, the "specific statute will not be controlled or nullified by

[the] general one, regardless of the priority of enactment." *Morton v. Mancari*, 417 U.S. 535, 550-51, 94 S.Ct. 2474, 2483, 41 L.Ed.2d 290 (1974).   Under the third approach, § 1681h(e) would govern the question of preemption for the claims asserted in the present case. See *Jeffery v. Trans Union, LLC*, 273 F.Supp.2d 725 (E.D.Va.2003); *Gordon v. Greenpoint Credit*, 266 F.Supp.2d 1007 (S.D.Iowa 2003).

*McCloud,* 309 F.Supp.2d at 1341.

Of course, having started down this path, the court finds that to pursue his state law claims under § 1681h(e), plaintiff must establish that the false information was furnished maliciously and with willful intent to injure him.  "The ... provision means that where a company furnishes credit information about a consumer to a credit reporting agency pursuant to the Fair Credit Reporting Act, the company furnishing the information is protected from state law defamation and invasion of privacy claims unless the information it provided was both false and also given with the malicious or willful intent to damage the consumer." *Lofton-Taylor v. Verizon Wireless,* 262 Fed.Appx. 999, 1002, 2008 WL 189853, 2 (11th Cir.2008).[2]

---

[2]A number of district courts take issue with or contradict the Eleventh Circuit's conclusion in *Lofton-Taylor*.  In *Sigler,* which like here concerned state law claims against a furnisher of information, Judge Fuller declined to hold that *Lofton-Taylor* allowed such a claim to proceed.  Rather, he ruled that §1681h(e) applied only to actions concerning CRAs and claims against users of such information, not claims against furnishers of information.  Thus, *Sigler* found that *Lofton-Taylor* was not binding as it is unpublished and the case on which it relied predated the Consumer Credit Reporting Reform Act of 1996.  *See Sigler*, 712 F.Supp.2d at 1270 n.6.
Similarly, *Wedgeworth v. Result Mtrix, Inc.*, 2010 WL 2794594 (M.D.Ala.2010), Judge Albritton held that the exception to preemption found in §1681h(e) only applied to consumer reporting agencies and users of credit information.  *Id.*, * 4. Because § 1681h(e) did not apply, that court concludes that § 1681t(b)(1)(F) applied, wholly preempting any state law claims.  *Id.*, *4-5; citing *Sigler* and *Knudson*, *supra.*  Although not addressing *Lofton-Taylor*, Judge Hinkle in *Carruthers v. American Honda Finance Corp.*, found in no uncertain terms that the FCRA

Perhaps even admitting preemption under § 1681t(b), the plaintiff here, as in *Sigler*, argues just that, namely § 1681h(e) applies because defendant furnished false information to the CRAs maliciously and with willful intent to injure him.   *See Sigler*, 712 F.Supp.2d at 1269.  However, the court wholly agrees with the defendants that, assuming any action was done maliciously and with willful intent, so as to avoid preemption, requires the court to dismiss plaintiff's claim for negligent training and supervision.  Defendant's brief (doc. 32) at 24.  As the court in *McCloud* stated, "While negligence is specifically mentioned as an action that will not be preempted if the false information was furnished with 'malice or willful intent to injure the consumer,' negligence, by its very nature, can never be intentional ... Thus, the negligence claim is due to be dismissed." *Id.*, at 1342, citing *Carlson,* 259 F.Supp.2d at 521 n. 1 (holding that "where there is a requirement of 'malice or willful intent to injure[,]' there is no cause of action for negligence")(other citations omitted).

The court shall therefore dismiss Count V of the plaintiff's complaint by separate Order.

---

mandated complete preemption of all state law claims. *Id,* 717 F.Supp.2d 1251, 1258 (N.D.Fla.2010).  *See also Allmond v. Bank of America*, 2008 WL 205320 (M.D.Fla.2008)(same); *Knudson v. Wachovia Bank*, 513 F.Supp.2d 1255, 1260 (M.D.Ala.2007) (same).

Under the facts of this case, the court is of the opinion that it cannot as a matter of law, determine whether defendant's actions were such that they were done with malice or willful intent to injure the plaintiff.  The court finds that the same is a question of fact, which is exclusively in the province of the jury.  The court therefore shall deny the defendant's motion for summary judgment on Count III of the complaint by separate Order.

**Remaining Claims**

The court having considered the remainder of the plaintiff's motion for partial summary judgment, finds that the plaintiff seeks to have the court enter specific rulings that:

(1)   Defendants are furnishers of credit information and that defendants received five notices of dispute from the CRAs regarding the plaintiff, thus triggering the defendants' obligations under § 1681s-2(b).

The defendants concede that the above is a proper statement of fact, but question whether procedurally the court should make findings as to what facts are not genuinely at issue.  Defendants' response (doc. 39) at 11-12.

(2)   The information reported by defendants to the third party CRAs was inaccurate.

Defendant takes issue with the statement, not because it is inaccurate as much as it is within the plaintiff's burden to proof to demonstrate that the information furnished to the CRAs was inaccurate.  Defendants' response (doc. 39) at 13.

(3)  The defendants failed to conduct a reasonable investigation as required by the FCRA.

Not surprisingly, the defendant contests the veracity of this statement. Defendants' response (doc. 39) at 13-14.  Because the court has already found that genuine issues of material fact remain in the case in regard to plaintiff's claim under the FCRA, the court shall deny plaintiff's motion for partial summary judgment as to each of these facts.[3]  Should the parties wish to stipulate to the first and second statements, they most certainly may do so.  However, it is outside the court's role on summary judgment to determine for the jury what facts are established.

**Counts IV and VI**

The plaintiff states claims for "Placed in a False Light" (Count IV) and Reckless and Wanton Training and Supervision (Count VI).  The defendant moved for summary judgment on all counts of the plaintiff's complaint, but failed to

---

[3]The one citation on which plaintiff relies for the proposition that the court can rule certain facts are established, with no further purpose served by such rulings, is an unpublished case from the Northern District of Georgia, which cites nothing but Rule 56 in support of this proposal.  Finding facts as established, without making any rulings of law on such facts, seems to invade the province of the jury.

specifically address these claims.  The plaintiff responded to the defendant's motion,

but failed to address these claims as well.  Because the plaintiff failed to address

either of these claims, while specifically addressing other state law claims, the court

finds they have been abandoned by the plaintiff and shall dismiss the same.  *See*

*Iraola & CIA, S.A. v. Kimberly-Clark Corp.,* 325 F.3d 1274, 1284 (11th  Cir.2003);

*see also Wilkerson v. Grinnell Corp.,* 270 F.3d 1314, 1322 (11th Cir.2001).

## CONCLUSION

In consideration of the foregoing, the court shall **ORDER** that the plaintiff's

motion for partial summary judgment is **DENIED**; that the defendant's motion for

summary judgment is **DENIED IN PART** and **GRANTED IN PART** as set out

herein, and that Counts I, IV, V, and VI of the plaintiff's complaint are  **DISMISSED**.

**DONE** and **ORDERED** this the 20th day of January, 2011.

_____

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE