FILED

2011 Feb-02 PM 02:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **JAMON T. BRIM,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | **5:10-cv-0369-IPJ** |
| **MIDLAND CREDIT** | ) | |
| **MANAGEMENT, INC. and** | ) | |
| **MIDLAND FUNDING, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MOTION FOR LEAVE TO AMEND ANSWER

Pursuant to Federal Rule of Civil Procedure 15(a), Defendant Midland Credit Management, Inc. ("Midland") respectfully moves the Court to enter an Order permitting Midland to amend its Answer to Plaintiff's complaint for the following reasons:

1. Midland seeks to amend its Answer to assert affirmative defenses of: (1) setoff, based on the Plaintiff's settlements with four other entities concerning the circumstances that form the basis of this action: Dell Financial Services, LLC; Trans Union, LLC; Experian Information Solutions, Inc.; and Equifax Information Services, Inc.; and (2) contributory negligence, to the extent the Court deems the complaint to state a claim under 15 U.S.C. § 1681o for negligent violation of the FCRA.

1136830.1

2.     Midland further seeks to amend certain factual responses now that discovery is completed and additional trial depositions have been taken.

3.     Federal Rule of Civil Procedure 15(a) provides that a "court should freely give leave [to amend] when justice so requires." The Supreme Court of the United States has interpreted this language to mean that:

> In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

*Forman v. Davis*, 371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).

3.     Midland has not unduly delayed in bringing this motion. Plaintiff stipulated to the dismissal of Dell Financial Services, LLC on October 15, 2010. In a separate case in this Court based on the same allegations, *Jamon T. Brim v. Experian Information Solutions, Inc.*, et al., No. 5:10-cv-0368-CLS, Plaintiff stipulated to the dismissal of Equifax on December 14, 2010; to Trans Union on December 28, 2010; and to Experian on January 21, 2011. Midland's setoff defense is based on settlements on or around these dates.

4.     Plaintiff's complaint, as drafted, seeks relief only for *willful* violation of the FCRA, 15 U.S.C. § 1681n, and not under the provision for *negligent* violation, 15 U.S.C. § 1681o. Midland raised this issue in its motion for summary judgment, but the Court's recent memorandum opinion (doc. 42) and order (doc.

43) did not address it. To the extent the Court is allowing a claim for negligent violation of the FCRA to proceed, Midland should be allowed to raise the defense of contributory negligence—a defense it did not think applied to the FCRA claim at the time of its original answer to the complaint.

5.    The Plaintiff will not be prejudiced by Midland's proposed amendment as he already has knowledge of, and documents relating to, the setoff defense because he is a party to the settlement agreements at issue.

6.    Midland's proposed Amended Answer is attached hereto as **Exhibit A.**

7.    Plaintiff's counsel indicated that she intends to oppose this motion.

For the reasons set forth above, Midland respectfully requests that the Court grant it leave to file the proposed Amended Answer.

Respectfully submitted this 2nd day of February, 2011.

/s/ *Jason B. Tompkins*
One of the Attorneys for Defendant
Midland Credit Management, Inc.

**OF COUNSEL:**
Eric B. Langley
Jason B. Tompkins
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, Alabama 35201-0306
Telephone: (205)251-8100
Facsimile: (205)226-8798
elangley@balch.com
jtompkins@balch.com

1136830.1                                        3

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of February 2011, I have filed the above and foregoing with the Clerk of the Court via the CM/ECF electronic filing system, which will send notification to all counsel of record listed below:

Penny Hays Cauley
HAYS CAULEY, P.C.
549 West Evans Street, Suite E
Florence, SC  29501
phc917@hayscauley.com

Ronald C. Sykstus
BOND, BOTES, SYKSTUS, TANNER & EZZELL, P.C.
415 Church Street, Suite 100
Huntsville, AL  35801

/s/  Jason B. Tompkins
Of Counsel