FILED
2011 Feb-02 PM 02:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| JAMON T. BRIM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 5:10-CV-369-IPJ |
| | ) | |
| DELL FINANCIAL SERVICES, LLC; | ) | |
| MIDLAND CREDIT MANAGEMENT, | ) | |
| INC; and MIDLAND FUNDING, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

### AMENDED ANSWER AND DEFENSES OF
### DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.

Defendant MIDLAND CREDIT MANAGEMENT, INC. ("Midland")[1]

amends and restates the response to Plaintiff's complaint as follows:

1.    Midland admits that the complaint, as it exists after the Court's

January 20, 2011 Order dismissing Counts I, IV, V, and VI, purports to bring

claims under the Fair Credit Reporting Act ("FCRA") and for Alabama common

law defamation, and admits that the complaint seeks damages, but denies any

remaining allegations in paragraph 1 of the complaint.

---

[1]  On January 20, 2011, the Court dismissal all claims against Midland Funding, LLC (doc. 43). This dismissal has not yet been effectuated on the case action summary. To the extent Midland Funding, LLC is required to respond to the complaint, it adopts this amended answer in its entirety.

## Jurisdiction & Venue

2.    Midland admits that this Court has subject-matter jurisdiction over this action, and that venue is proper in this District, but denies any remaining allegations of paragraph 2 of the complaint.

## Parties

3.    Upon information only, Midland admits that Plaintiff is a resident of Madison County, Alabama. Whether Plaintiff is a "consumer" as defined by the FDCPA is irrelevant to any claim remaining in the case, and Midland further lacks knowledge or information sufficient to form a belief as to the truth of the that allegation in paragraph 3 of the complaint, and therefore denies the allegation.

4.    Midland lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the complaint, and therefore denies the allegations.

5.    Midland admits that MCM is a Kansas corporation with its principal place of business in San Diego, California. MCM admits that it may be considered to be a "debt collector" as defined by 15 U.S.C. § 1692a(6) for some purposes, but currently lacks sufficient knowledge or information regarding the nature of Plaintiff's debt sufficient to determine whether or not it was acting as a debt collector with respect to Plaintiff. Midland denies the remaining allegations of paragraph 5 of the complaint.

6.    Midland admits that Midland Funding's principal place of business is in San Diego, California and that Midland Funding's registered agent in Alabama may be served with process for purposes of this action, but denies the remaining allegations of paragraph 6 of the complaint.

## Factual Allegations

7.    Midland admits that Plaintiff purchased goods from Dell pursuant to a financing arrangement with Dell Financial Services, Inc.

8.    Based upon a representation by Dell in August 2010 that it had determined Plaintiff paid the account in November 2004, Midland admits the allegations of paragraph 8 of the complaint.

9.    Midland admits that a February 10, 2005 Dell statement shows a balance of the amount alleged, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9 of the complaint, and therefore denies the allegations

10.    Midland admits that Plaintiff disputed the Dell account with Trans Union, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9 of the complaint, and therefore denies the allegations

11.     Midland lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the complaint, and therefore denies the allegations.

12.     Midland admits that Plaintiff filed a complaint with the Better Business Bureau and that the Better Business Bureau responded, but denies the remaining allegations of paragraph 12 of the complaint.   The Better Business Bureau's response speaks for itself.

13.     Midland lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the complaint, and therefore denies the allegations.

14.     Midland admits that it sent Plaintiff a statement on or around January 22, 2008, containing the information alleged in paragraph 14 of the complaint.

15.     Midland lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the complaint, and therefore denies the allegations.

16.     Midland admits that it received a letter from Plaintiff dated July 29, 2008, in which he disputed the debt, and Midland admits that a bank statement was included with the letter, but denies the remaining allegations of paragraph 16.

4

17-20.   Midland lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 17 through 20 of the complaint, and therefore denies the allegations.

21.   Midland admits that it received a letter from Plaintiff dated July 29, 2008, which included the statements alleged in paragraph 21 of the complaint.

22-24.   Midland lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 22 through 24 of the complaint, and therefore denies the allegations.

25.   Midland admits that it received a letter from Plaintiff bearing a postmark of March 11, 2009, but denies any remaining allegations of paragraph 25 directed to Midland.   To the extent the allegations of paragraph 25 relate to other defendants, Midland lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

26.   Midland admits that it has furnished information about Plaintiff's account to certain consumer reporting agencies, but denies the remaining allegations of paragraph 26 to the extent they are directed to Midland.   To the extent the allegations of paragraph 26 relate to other defendants, Midland lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

27.      Midland lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the complaint, and therefore denies the allegations.

## Count One

28-33.    Count One was dismissed by the Court's Order dated January 20, 2011 (doc. 43). To the extent any response is required, Midland adopts its answers contained in the preceding paragraphs as if fully set forth herein and denies the allegations of paragraphs 29 through 33 of the complaint.

## Count Two

34.      Midland adopts its answers contained in the preceding paragraphs as if fully set forth herein.

35-40.    Midland denies the allegations in paragraphs 35 through 40 of the complaint.

## Count Three

41.      Midland adopts its answers contained in the preceding paragraphs as if fully set forth herein.

42.      Midland denies the allegations of paragraph 42 to the extent they are directed to Midland. Midland lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 as they relate to other defendants, and therefore denies the allegations.

6

43.     Midland admits that it learned from Dell in August 2010 that Dell had determined Plaintiff paid the account in November 2004.

44-48.     Midland denies the allegations of paragraphs 44 through 48 to the extent they are directed to Midland.   Midland lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 44 through 48 as they relate to other defendants, and therefore denies the allegations.

### Count Four

49-53.     Count Four was dismissed by the Court's Order dated January 20, 2011 (doc. 43).  To the extent any response is required, Midland adopts its answers contained in the preceding paragraphs as if fully set forth herein and denies the allegations of paragraphs 50 through 53 of the complaint..

### Count Five

54-58.     Count Five was dismissed by the Court's Order dated January 20, 2011 (doc. 43).  To the extent any response is required, Midland adopts its answers contained in the preceding paragraphs as if fully set forth herein and denies the allegations of paragraphs 55 through 58 of the complaint..

### Count Six

59-63.     Count One was dismissed by the Court's Order dated January 20, 2011 (doc. 43).  To the extent any response is required, Midland adopts its answers

contained in the preceding paragraphs as if fully set forth herein and denies the allegations of paragraphs 29 through 33 of the complaint.

## DEFENSES

1. The complaint, in whole or in part, fails to state a claim against Midland upon which relief can be granted.

2. Any recovery is barred, or must be reduced based on the principles of waiver, acquiescence, and/or *in pari delicto*.

3. The complaint fails to provide a definite enough statement to place Midland on notice of the nature of the state law claims against it.

4. The defamation claim is preempted by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

5. The Plaintiff's claims are barred by reason of Midland's good faith effort to comply with all applicable statutes, laws, rules and regulations, including the FCRA based on the information reasonably available to it at the time.

6. Any alleged violation was not intentional and resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adopted to avoid such error.

7. Upon information and belief only, any injury or damage to the Plaintiff is offset by amounts owed by him to Midland and/or its successors or assigns.

8.     Any injury, damage, or recovery to the Plaintiff is offset by amounts he received pursuant to settlement agreements with Dell Financial Services, LLC; Trans Union, LLC; Experian Information Solutions; and Equifax Information Services, Inc.

9.     To the extent the complaint is deemed by the Court to state a claim under 15 U.S.C. § 1681o for negligent violation of the FCRA, Plaintiff was contributorily negligent in causing his alleged damages.

10.     Any statements made by Midland or its agents and/or employees to third parties were permissible and/or privileged.

11.     Any recovery is barred, or must be reduced, as a proximate result of Plaintiff's failure to mitigate any alleged damages.

12.     Any recovery is barred, or must be reduced, because of superseding or intervening acts or causes.

13.     No private right of action exists under the FCRA against a "furnisher" of information.

14.     Midland incorporates any affirmative defense that conforms to the proof at trial.

Dated: February ___, 2010.


_____
Attorney for Defendants
Midland Credit Management, Inc.

9

**OF COUNSEL**:

Eric Langley
Jason B. Tompkins
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, Alabama 35201-0306
Telephone:  (205)251-8100
Facsimile:  (205)226-8798
elangley@balch.com
jtompkins@balch.com

## CERTIFICATE OF SERVICE

I hereby certify that on this _____ day of February 2011, I have filed the above and foregoing with the Clerk of the Court via the CM/ECF electronic filing system, which will send notification to the following counsel of record:

Penny Hays Cauley
HAYS CAULEY, P.C.
549 West Evans Street, Suite E
Florence, SC  29501
phc917@hayscauley.com

Ronald C. Sykstus
BOND, BOTES, SYKSTUS, TANNER & EZZELL, P.C.
415 Church Street, Suite 100
Huntsville, AL  35801

_____
Of Counsel

11