FILED

2011 Feb-08  PM 04:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **Jamon T. Brim,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| **v.** | ) **Civil No. 5:10-CV-369-IPJ** |
| | ) |
| **Dell Financial Services, LLC,** | ) |
| **Midland Credit Management,** | ) |
| **Inc., Midland Funding, LLC,** | ) |
| | ) |
| **Defendants.** | ) |

## PLAINTIFF'S OBJECTIONS TO DEFENDANT'S
## WITNESS AND EXHIBIT LISTS

Comes now the Plaintiff and hereby objects to the following Witness and Exhibits:

1. **Rachel Garlock, Dell Financial Services**: The Plaintiff objects to this witness testifying on the grounds that any testimony offered by Dell Financial Services is irrelevant, immaterial and calls for speculation.  Additionally, the risk of unfair prejudice to the Plaintiff substantially outweighs any probative value. The Defendant's witness, Ross, admitted in her deposition that the Defendant never contacted Dell Financial Services regarding Mr. Brim's account. Therefore, all testimony from Dell Financial Services should be excluded at trial.

2. **Defendant's Exhibit 11:**  The Plaintiff objects to this exhibit on the grounds that the exhibit is irrelevant and constitutes hearsay.  Additionally, the risk of unfair prejudice to the Plaintiff substantially outweighs any probative value.

3. **Defendant's Exhibit 12:** The Plaintiff objects to this exhibit on the grounds that the exhibit is irrelevant.  The Plaintiff also objects to the use of the

Defendant's contract with Dell Financial Services to the extent that it is altered or redacted. The exhibit produced by the Defendant has been altered by Defendant or its counsel to conceal important information regarding Midland's relationship with Dell. To the extent that Defendant agrees to offer a complete and unredacted copy - to include all attachments - Plaintiff has no objection. Otherwise, the document is hearsay, lacks a foundation in its current form and is unfairly prejudicial.

4.   **Defendant's Exhibit 13:**  The Plaintiff objects to this exhibit on the grounds that the Better Business Bureau documents are irrelevant and constitute hearsay.  Additionally, the risk of unfair prejudice to the Plaintiff substantially outweighs any probative value.

5.   **Defendant's Exhibits 14:** The Plaintiff objects to the disclosure and use of the confidential settlement agreement with the co-defendant as being confidential, irrelevant, unlikely to offer any probative value and unfairly prejudicial. There is no right of setoff or contribution under the FCRA and related tort claims. Additionally, the jury may improperly assign a damage value based on the previous settlement amount against the separate Defendant.

6.   **Defendant's Exhibits 15-17:** The Plaintiff objects to the disclosure and use of the confidential settlement agreements entered in *Jamon T. Brim v. Experian Information Solutions, Inc.*, et al., as being confidential, irrelevant, unlikely to offer any probative value and unfairly prejudicial. There is no right of setoff or contribution under the FCRA and related tort claims. Additionally, the jury may improperly assign a damage value based on the previous settlement amounts against these third parties.

7.   **Defendant's Exhibits 18, 19, 21, 22, 24 and 25:** The Plaintiff objects to the Dell documents as irrelevant and immaterial.  Additionally, the risk of unfair prejudice to the Plaintiff substantially outweighs any probative value.  The Defendant's witness, Ross, admitted in her deposition that the Defendant never contacted Dell Financial Services regarding Mr. Brim's account after the Defendant purchased the account.  Therefore, all documents from Dell regarding actions taken by Dell prior to the sale of the account are irrelevant to the Plaintiff's claims that the Defendant violated the FCRA and Alabama law. All documents from Dell Financial Services or regarding communications or disputes to Dell Financial Services should be excluded at trial.

Respectfully submitted this the 8th day of February, 2011.

/s/ Penny Hays Cauley
Penny Hays Cauley, ASB-6309-A63P
Attorney for Plaintiff

**OF COUNSEL:**
**HAYS CAULEY, P.C.**
549 West Evans Street, Suite E
Florence, SC 29501
(843) 665-1717
(843) 665-1718 Facsimile
phc917@hayscauley.com

**OF COUNSEL:**
Ronald C. Sykstus, Esq.
**BOND, BOTES, SYKSTUS, TANNER & EZZELL, P.C.**
415 Church Street, Suite 100
Huntsville, AL 35801
(256) 539-9899
(256) 539-9895 Facsimile
rsykstus@bondnbotes.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2011, I electronically filed the foregoing via the CM/ECF System, which will notify the following counsel of record:

Eric B. Langley, Esq.
Jason B. Tompkins, Esq.
BALCH & BINGHAM LLP
P. O. Box 306
Birmingham, AL 35201-0306

/s/ Penny Hays Cauley
Of Counsel