UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **Jamon T. Brim,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| v. | ) Civil No. 5:10-CV-369-IPJ |
| | ) |
| **Dell Financial Services, LLC,** | ) |
| **Midland Credit Management,** | ) |
| **Inc., Midland Funding, LLC,** | ) |
| | ) |
| **Defendants.** | ) |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER

Comes now the Plaintiff Jamon T. Brimm, by counsel, to oppose Defendants' Motion for Leave to Amend Answer because it is untimely, lacks a basis in law or fact and therefore would be futile, and would otherwise legally prejudice the Plaintiff.

### I. OVERVIEW

Defendant Midland Credit Management, Inc. ("Midland") filed its Motion for Leave to Amend Answer (Docket #49) on February 2, 2011, only twelve days prior to the final pretrial conference, twenty days prior to the date this case goes to trial, and more than five months after the deadline to amend. The Court's Scheduling Order entered April 21, 2010, set the deadline for Defendant to amend its pleadings to be

1

August 27, 2010.[1] (Docket #14).

Defendant seeks to add two affirmative defenses: (1) setoff based on the Plaintiff's settlement with four other entities including another dismissed defendant; and (2) contributory negligence. To the extent that the Defendant seeks to supplement its answer to conform to the evidence newly and recently adduced in discovery, the Plaintiff would have no objection as to timeliness. However, nothing in the Motion for Leave to Amend appears to be supplementation for this reason. For the reasons discussed herein, the Plaintiff requests that the Defendant's Motion be denied.

**II. DEFENDANT'S MOTION TO AMEND ANSWER SHOULD BE DENIED**

    **A.    Standard for Granting a Motion for Leave to Amend**

Under Fed. R. Civ. P. 15(a), leave to amend must be freely granted when justice so requires, unless the amendment is sought as the result of

> undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but

---

[1] The original trial date was set for January 17, 2011. The date of trial has been reset twice: once to change the date by one day, to January 18, 2011, and once to accommodate mediation, thus setting it for February 22, 2011. The decision to reset the trial for February was made following mediation, long after the deadline for amendment had passed.

outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

Defendant's proposed amendments are not only unduly delayed, but allowing such amendments would be especially prejudicial to the Plaintiff at this late hour. They would also certainly be otherwise futile for failure to articulate a cognizable defense under the FCRA.

**B.     The Motion for Leave to Amend Answer is untimely.**

The deadline for filing amended pleadings passed many months ago. Despite the fact that the Final Pretrial Conference was less than two weeks away when this motion was filed, the Defendant claims that the motion is timely because the Plaintiff settled with four other entities in October 2010, December 2010, and January 2011. There is no evidence on the record regarding the amount of money or other terms of settlement with any other entity or defendant including, but not limited to, the amount that may have been paid as attorneys fees, costs, punitive, or other damages. As discussed below, it makes no difference when the Plaintiff settled with the other defendant or other entities because each violator is separately liable for his violations of the FCRA. Furthermore, it is immaterial whether the Plaintiff had settled with the co-Defendant at the time Defendant filed its Answer. The legal defense – to the

3

extent it exists – was not dependent upon the settlements. Defendant cannot argue that it was unaware of the other entities alleged to have violated Plaintiff's rights under the FCRA. In fact, the Plaintiff's claims against the other entities were filed the same day as the lawsuit against this Defendant.

Even if the court were to find that the proposed amendments are not futile, to allow the amendment at the eleventh hour – or more accurately at a minute before midnight - would materially impair the Plaintiff's case and trial preparation. The Plaintiff bears the burden of proof and is prepared to try the case that has been pending for almost a year. Plaintiff has conducted discovery and litigated the case under the Court's Scheduling Order, including moving the court for summary judgment, opposing summary judgment, and engaging in mediation. To require the Plaintiff to litigate affirmative defenses raised at this late date would deprive the Plaintiff not only of discovery, but as well of the procedures available under the Federal Rules of Civil Procedure for pre-trial disposition of the defenses - such as moving for dismissal or for partial summary judgment on those issues. Because the amendment would unfairly prejudice the Plaintiff in his ability to assert and prove his claims, it must be denied.

### C. The Amendment should be denied as Futile.

As is evident by the total lack of citations or other support in Defendant's

motion, there is absolutely no basis in law for Defendant's ambition to apply state tort law defenses to Plaintiff's Federal Fair Credit Reporting Act statutory claim. Neither offset nor contributory negligence is available and properly applied to such a case.

### 1. The Defense of offset is not available in the FCRA.

The affirmative defense of offset is not available under the FCRA because there is no such defense permitted by the statute. *Sloane v. Equifax Info. Servs.,* 510 F.3d 495, 500 and n.2 (4th Cir. 2007). The FCRA imposes distinct duties on furnishers of credit information such as the Defendant as well as the consumer reporting agencies with whom the Plaintiff has already settled. *Id*. These duties are not divisible. *Id.* There is no equitable offset for causes of action arising under the FCRA. *McMillan v. Equifax Credit Info. Servs, Inc.,* 153 F.Supp.2d 129, 132 (D.Conn.2001); *Irwin v. Mascott,* 94 F.Supp.2d 1052, 1058 (N.D.Cal.2000); *Kay v. First Continental Trading, Inc.,* 966 F.Supp. 753, 754-55 (N.D.Ill.1997). Nowhere in the FCRA has Congress created an implied or express right of contribution, indemnification, or offset. *Nelson v. Equifax Info. Servs.,* 522 F. Supp. 2d 1222, 1239 (C.D. Cal. 2007)(holding that the lack of statutory or federal common law authority creating an implied or express right of equitable credit, indemnity, or contribution bars such a defense). The Defendant has not presented any authority, argument or evidence that federal common law creates such a right either. Certainly the reason

the Defendant does not cite to any authority is because no court has accepted such a defense. Defendant's asserted concern is really more properly considered as a caution against the double recovery of the same damages between multiple cases – against multiple defendants. The Equifax, Trans Union and Experian settlement agreements do not assist in that effort. They do not delineate what money was paid for what allegations. The consideration could be interpreted to apply solely to punitive damages – certainly not relevant to the measure of damages against Midland. However, a concern regarding double damage recovery, e.g. collecting reimbursement for a single medical bill from several defendants, is easily addressed through proper jury instructions. The jury can simply be instructed that it is to award damages only as to the injury actually caused by Midland. Numerous courts have given similar instructions without event.

    **2.**    **The Defense of Contributory Negligence is *non sequitur*.**

While contributory negligence is an affirmative defense to a state tort in Alabama, Midland has not sought to amend to add such a defense to the Plaintiff's remaining state law claim. *Ridgeway v. CSX Transp., Inc.*, 723 So. 2d 600, 606 (Ala. 1998)(explaining "[i]n order to establish contributory negligence, the defendant bears the burden of proving that the plaintiff 1) had knowledge of the dangerous condition; 2) had an appreciation of the danger under the surrounding circumstances; and 3)

failed to exercise reasonable care, by placing himself in the way of danger), the FCRA claims at issue here are premised upon a Federal statute and do not arise in tort, but as a violation of a statutory duty owed by furnishers and consumer reporting agencies to consumers. The assertion of the defense of contributory negligence is *non sequitur*. As with the Defendant's claim of offset, the defense of contributory negligence is not available under the FCRA. Federal law defines the cause of action and the standard of proof for a claim under the FCRA. There is no defense of contributory negligence for negligent violation of the FCRA where Congress has not expressly or impliedly created one. Like the Defendant's assertion that it is entitled to a right of contribution or offset, a Defendant asserting a theory of contributory negligence should have to demonstrate (1) the affirmative creation of a right of action by Congress, either expressly or implicitly, or (2) under the federal common law. *Texas Indus., Inc. v. Radcliff Materials, Inc.,* 451 U.S. 630, 638 (1981); *Northwest Airlines, Inc. v. Trans. Workers Union of Am.,* 451 U.S. 77, 90 (1981); *Mortgages, Inc. v. United States Dist. Court for Dist. of Nev.,* 934 F.2d 209, 212 (9th Cir.1991). "Factors relevant to this inquiry are the language of the statute itself, its legislative history, the underlying purpose and structure of the statutory scheme, and the likelihood that Congress intended to supersede or to supplement existing state remedies." *Northwest Airlines,* 451 U.S. at 91, 101 S.Ct. 1571. Where Congress has

enacted a comprehensive legislative scheme, there is a strong presumption that Congress did not intend the courts to supplement the statutory remedies. *Mortgages,* 934 F.2d at 213.

Beyond the unquestionable legal defect in such a defense, it is also improper factually. There is absolutely no evidence that the Plaintiff was negligent in his assertion of the dispute rights available under the FCRA. Midland's entire liability defense is premised on the fallacious belief that the Plaintiff was obligated to (1.) produce to Midland a specific document from his bank – not the otherwise complete and ordinary document he actually did produce from his bank – that the parties only discovered in this litigation; (2.) first obtain the admission from Dell that it had also violated the FCRA and inaccurately reported the disputed debt that even Midland now agrees was incorrect; and (3.) have the pre-science and inside information from Midland to even know that these actions would have mattered to it. Furthermore, Midland has repeatedly admitted that it never informed the Plaintiff that any additional documentation was necessary regarding his disputes, either directly or through the credit reporting agencies. Even ignoring the lack of proof that such an alternate reality would have been different, Midland's defense also fails because the FCRA does not require any of this from a consumer making a dispute. In fact, the only FCRA claim at issue is brought pursuant to 15 U.S.C. § 1681s-2(b) which

expressly applies only to disputes made through the consumer reporting agencies pursuant to § 1691i(a).  Not only is direct contact with the furnisher not required, but in fact the FCRA statutory structure makes it expressly unnecessary and without legal remedy.  15 U.S.C. §1681s-2(c) and (d) (no private cause of action for violations of the direct dispute provisions of § 1681s-2(a)).

### III.   CONCLUSION

The Defendant has failed to advance any argument or authority supporting the two affirmative defenses proposed in an otherwise untimely and futile motion.  Based on the foregoing, the Plaintiff respectfully requests this Honorable Court to deny the Defendant's Motion for Leave to Amend Answer.

                                                /s/ Penny Hays Cauley
                                                Penny Hays Cauley, ASB-6309-A63P
                                                Attorney for Plaintiff

**HAYS CAULEY, P.C.**
549 West Evans Street, Suite E
Florence, SC 29501
(843) 665-1717
(843) 665-1718 Facsimile
phc917@hayscauley.com

Leonard A. Bennett, Esq.
**CONSUMER LITIGATION ASSOCIATES, P.C.**
VSB #37523
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606

Phone: (757) 930-3660
Fax:   (757) 930-3662

Ronald C. Sykstus, Esq.
**BOND, BOTES, SYKSTUS, TANNER & EZZELL, P.C.**
415 Church Street, Suite 100
Huntsville, AL 35801
(256) 539-9899
(256) 539-9895 Facsimile
rsykstus@bondnbotes.com

## CERTIFICATE OF SERVICE

  I hereby certify that on February 10, 2011, I electronically filed the foregoing via the CM/ECF System, which will notify the following counsel of record:

Eric B. Langley, Esq.
Jason B. Tompkins, Esq.
BALCH & BINGHAM LLP
P. O. Box 306
Birmingham, AL 35201-0306

            /s/ Penny Hays Cauley
            Of Counsel