UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **Jamon T. Brim,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| v. | ) Civil No. 5:10-CV-369-IPJ |
| | ) |
| **Dell Financial Services, LLC,** | ) |
| **Midland Credit Management,** | ) |
| **Inc., Midland Funding, LLC,** | ) |
| | ) |
| **Defendants.** | ) |

## PLAINTIFF'S MOTIONS IN LIMINE

COMES NOW the Plaintiff, Jamon T. Brim, and files the following Motions in Limine, requesting this Honorable Court to exclude all testimony and documents regarding the matters set forth herein, and to enter an order prohibiting the Defendant, Defendant's counsel, or any of the Defendant's witnesses from mentioning, either directly or indirectly, in response to the Defendant's suggestion or otherwise, the matters set forth below.

**I.   Plaintiff's First Motion in Limine**

The Plaintiff requests this Court to prevent the Defendant, Defendant's counsel and any of the Defendant's witnesses from asserting, either directly or indirectly, that the Plaintiff had any obligation under the Fair Credit Reporting Act other than

making a dispute to a credit reporting agency. Based upon the Defendant's Motion to Amend its Answer is it apparent that the Defendant intends to assert that the Plaintiff was negligent in failing to take some specific action, thereby alleviating the Defendant's obligations under the FCRA. That is simply not the law. In fact, the only FCRA claim at issue is brought pursuant to 15 U.S.C. § 1681s-2(b) which expressly applies only to disputes made through the consumer reporting agencies pursuant to § 1691i(a). Not only is direct contact with the furnisher not required, but in fact the FCRA statutory structure makes it expressly unnecessary and without legal remedy. 15 U.S.C. §1681s-2(c) and (d) (no private cause of action for violations of the direct dispute provisions of § 1681s-2(a)).

Allowing the Defendant to assert that the Plaintiff had any duty to provide documentation or take any other action would not only be improper under the FCRA, but it would also be unfairly prejudicial under FRE 403.

## II.     Plaintiff's Second Motion in Limine

The Plaintiff also requests this Court to prevent the Defendant, Defendant's counsel and any of the Defendant's witnesses from testifying, offering exhibits, or setting forth in opening or closing arguments what actions Dell Financial Services ("Dell") did or did not do with respect to the Plaintiff's account. The Plaintiff's claims arise from the conduct of the Defendant. The Defendant has admitted that, after purchasing the Plaintiff's account from Dell, the Defendant never went back to

Dell for more information regarding the account or for verification of the debt. The Defendant also never requested any documentation on the debt. As the Defendant never made any contact with Dell, testimony regarding Dell's actions or inactions on the Plaintiff's account are irrelevant as they have no affect on whether the Defendant, the furnisher of credit information at issue in this case, conducted a reasonable investigation after receiving notices of the Plaintiff's disputes through the credit reporting agencies. Likewise, Dell's actions or inactions are also irrelevant to the Defendant's intentional and malicious furnishing of false information concerning the Plaintiff in violation of Alabama law. Pursuant to FRE 401 and 402, this evidence should be excluded. Furthermore, any testimony or documents offered into evidence regarding Dell's actions or inactions would be unfairly prejudicial to the Plaintiff, would unnecessarily prolong the trial, and would confuse the issues and mislead the jury. Therefore, under FRE 403 said documents and testimony, including the entire deposition testimony of Rachael Garlock, should be excluded.

### III. The Plaintiff's Third Motion in Limine

The Plaintiff requests this Court to prevent the Defendant, Defendant's counsel and any of the Defendant's witnesses from testifying, offering exhibits, or setting forth in opening or closing arguments that Plaintiff has settled claims with Dell, Experian, Equifax and Trans Union. As set forth in the Plaintiff's Response to Defendant's Motion to Amend Answer, offset is not available under the FCRA. The

FCRA imposes distinct duties on furnishers of credit information such as the Defendant as well as the consumer reporting agencies with whom the Plaintiff has already settled. *Id*. These duties are not divisible. *Id.* There is no equitable offset for causes of action arising under the FCRA. *McMillan v. Equifax Credit Info. Servs, Inc.,* 153 F.Supp.2d 129, 132 (D.Conn.2001); *Irwin v. Mascott,* 94 F.Supp.2d 1052, 1058 (N.D.Cal.2000); *Kay v. First Continental Trading, Inc.,* 966 F.Supp. 753, 754-55 (N.D.Ill.1997).  As the Defendant is not entitled to any offset for other settlements, allowing the Defendant to offer evidence regarding the other settlements would be unfairly prejudice under FRE 403 and thus should be completely excluded.

### IV.     The Plaintiff's Fourth Motion in Limine

Finally, the Plaintiff requests this Court to prevent the Defendant, Defendant's counsel and any of the Defendant's witnesses from testifying, offering exhibits that have not been redacted, or setting forth in opening or closing arguments that the Plaintiff worked in an Adult Video store as a clerk and that any credit denial may have been based on that work history.  As set forth in FRE 401, relevant evidence is evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."   The Plaintiff's previous work history is completely irrelevant to the pending action, has no probative value, and is unfairly prejudicial to the Plaintiff.  Furthermore, there is absolutely no evidence that the

Plaintiff was denied credit based on his previous work history. Allowing testimony or admission of unredacted documents displaying "Adult Video" would be unfairly prejudicial to the Plaintiff and should be precluded under FRE 403. Said evidence is also inadmissible under FRE 404 as improper character evidence.

Wherefore, based on the foregoing, the Plaintiff respectfully requests this Court to grant his Four Motions in Limine

/s/ Penny Hays Cauley
Penny Hays Cauley, ASB-6309-A63P
Attorney for Plaintiff

**HAYS CAULEY, P.C.**
549 West Evans Street, Suite E
Florence, SC 29501
(843) 665-1717
(843) 665-1718 Facsimile
phc917@hayscauley.com

Ronald C. Sykstus, Esq.
**BOND, BOTES, SYKSTUS, TANNER & EZZELL, P.C.**
415 Church Street, Suite 100
Huntsville, AL 35801
(256) 539-9899
(256) 539-9895 Facsimile
rsykstus@bondnbotes.com

Leonard A. Bennett, Esq.
**CONSUMER LITIGATION ASSOCIATES, P.C.**
VSB #37523
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
Phone: (757) 930-3660

Fax:   (757) 930-3662

## CERTIFICATE OF SERVICE

      I hereby certify that on February 11, 2011, I electronically filed the foregoing via the CM/ECF System, which will notify the following counsel of record:

Eric B. Langley, Esq.
Jason B. Tompkins, Esq.
BALCH & BINGHAM LLP
P. O. Box 306
Birmingham, AL 35201-0306

                                             /s/ Penny Hays Cauley
                                             Of Counsel