FILED
2011 Feb-11 PM 04:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **JAMON T. BRIM,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO.** |
| | ) | **5:10-cv-0369-IPJ** |
| **MIDLAND CREDIT** | ) | |
| **MANAGEMENT, INC. and** | ) | |
| **MIDLAND FUNDING, LLC,** | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO QUASH SUBPOENA

Pursuant to Federal Rules of Civil Procedure 45(c)(3) and 26(c)(1), Defendant Midland Credit Management, Inc. ("Midland") moves this Court to enter an Order quashing Plaintiff's subpoena to non-party American Express:

1.   Earlier this afternoon, Friday, February 11, 2011, counsel for Midland received a service copy of a subpoena from Plaintiff directed to non-party American Express, commanding American Express to submit to deposition on Tuesday, February 15, 2011, and to produce certain documents at that deposition. This is the first notice Midland's counsel has received of Plaintiff's intent to seek testimony or documents from American Express. The subpoena was purportedly sent to American Express via overnight mail on Tuesday, February 8, 2011. (*See* Exhibit A, Subpoena).

1138567.1

2. The discovery cut-off in this case was October 22, 2010. Now, more than three-and-a-half months later, Plaintiff seeks deposition and document discovery just four business days before trial, with notice to Midland of only two business days.

3. To the extent the subpoena is for a *trial* deposition (rather than a discovery deposition), final witness and exhibit lists for the trial beginning in 10 days were due February 1, 2011. *See* Scheduling Order, doc. 14. Plaintiff's witness list did not include a witness from American Express. (*See* doc. 47). Having not disclosed a witness from American Express on his final witness list, the trial deposition of American Express would be a waste of both parties' time and money. Plaintiff's subpoena should therefore be quashed.

4. Moreover, American Express does not have any records concerning the Plaintiff. In October 2010, Midland served a subpoena for documents on American Express, and American Express did not produce any documents. Earlier today, American Express sent to Midland's counsel a letter stating that it "does not have records responsive to the subpoena request" and that Plaintiff's "name/address and Social Security . . . were not located in our database." (*See* Exhibit B, Letter from American Express).

Respectfully submitted this 11th day of February, 2011.

/s/ *Jason B. Tompkins*
One of the Attorneys for Defendant
Midland Credit Management, Inc.

**OF COUNSEL**:
Eric B. Langley
Jason B. Tompkins
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, Alabama  35201-0306
Telephone:  (205)251-8100
Facsimile:  (205)226-8798
elangley@balch.com
jtompkins@balch.com

## CERTIFICATE OF SERVICE

   I hereby certify that on this 11th day of February 2011, I have filed the above and foregoing with the Clerk of the Court via the CM/ECF electronic filing system, which will send notification to all counsel of record listed below:

Penny Hays Cauley
HAYS CAULEY, P.C.
549 West Evans Street, Suite E
Florence, SC  29501
phc917@hayscauley.com

Ronald C. Sykstus
BOND, BOTES, SYKSTUS, TANNER & EZZELL, P.C.
415 Church Street, Suite 100
Huntsville, AL  35801

Leonard A Bennett
CONSUMER LITIGATION ASSOCIATES PC
12515 Warwick Blvd, Suite 100
Newport News, VA 23606
757-930-3660
Fax: 757-930-3662
Email: lenbennett@clalegal.com

               */s/  Jason B. Tompkins*
               Of Counsel