FILED
2011 Feb-11  PM 04:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

*Brim v. Midland, et al.*
**Case No. 5:10-cv-0369-IPJ**

# Exhibit A
# Subpoena

# HAYS CAULEY, P.C.

549 West Evans Street, Suite E
Florence, South Carolina 29501

Penny Hays Cauley                                                    Phone: (843) 665-1717
Licensed in SC and AL                                                  Fax: (843) 665-1718

February 8, 2011

**VIA OVERNIGHT MAIL**
American Express Company/Datamark
Subpoena Compliance
43 Butterfield Circle
El Paso, TX 79906

> RE:   Plaintiff: Jamon T. Brim
>         SSN: ***-**-3689

Dear Ladies/Gentlemen:

Attached hereto please find a Federal Subpoena to Testify by telephone at a Deposition in a Civil Action and Deposition Notice as required by the Rules of Court. Please be advised that you must produce a corporate designee of your Company who is able to testify regarding the subject matter contained in the Notice of Deposition and the documents produced. Pursuant to the Federal Subpoena, the deposition will be held on February 15, 2011 at 1:00 pm CST. If this time is not agreeable, please contact me immediately. The location of the deposition can be in El Paso or New York, wherever your witness is located.

If you anticipate a problem complying with the enclosed Subpoena or have any questions regarding the requirements for compliance by your Company, please contact our office.

Very truly yours,

Penny Hays Cauley

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
Western District of Texas

| | |
|---|---|
| Jamon T. Brim ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No.   5:10-CV-369-IPJ |
| Dell Financial Services, LLC, Et al. ) | |
| ) | (If the action is pending in another district, state where: |
| *Defendant* ) | Northern District of Alabama                ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  American Express Company/Datamark Subpoena Compliance
43 Butterfield Circle, El Paso, Texas 79906-5202

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See Exhibit "A"

| Place: Esquire Court Reporting    (VIA TELEPHONE) El Paso, TX or New York office, depending on location of witness | Date and Time: 02/15/2011 1:00 pm |
|---|---|

The deposition will be recorded by this method:   Stenograph and Video

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:
See Exhibit "A"

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    02/08/2011

| CLERK OF COURT | OR | |
|---|---|---|
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    Jamon T. Brim
_____ , who issues or requests this subpoena, are:

Penny Hays Cauley, Hays Cauley, P.C.
549 West Evans Street, Suite E
Florence, SC 29501; Phone (843)665-1717; Fax (843)665-1718

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  5:10-CV-369-IPJ

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____  on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **Jamon T. Brim,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) **Civil No. 5:10-CV-369-IPJ** | |
| | ) | |
| **Dell Financial Services, LLC,** | ) | |
| **Midland Credit Management,** | ) | |
| **Inc., Midland Funding, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## NOTICE

TAKE NOTICE that on the 15th day of February, 2011 at 1:00 PM C.S.T., via telephone, before a duly authorized Notary Public, we shall proceed to take the deposition of a corporate designate of American Express. Pursuant to F.R.C.P. 30(b)(6) the Plaintiff identifies the following on which examination is requested:

1. *American Express'* knowledge of any credit applications regarding *Jamon T. Brim, SSN: \*\*\*-\*\*-3689*, including, but not limited to any application forms, consumer credit reports, credit scores, correspondence, and adverse action letters, if applicable generated in connection with any credit applications.

2. *American Express'* knowledge of any information contained in any documents that it will produce in connection with a subpoena in this case.

3. *American Express'* knowledge of the credit application process generally, and, specifically, how the process was completed for *Jamon T. Brim, SSN: \*\*\*-\*\*-3689*, regarding his credit application.

TAKE NOTICE and govern yourself accordingly.

Jamon T. Brim

By: _____
Counsel

PENNY HAYS CAULEY, ESQ.
HAYS CAULEY, PC
549 W. Evans Street
Suite E
Florence, SC 29501
(843) 665-1717 - Telephone
phc917@hayscauley.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been sent by first class U.S. Mail, postage prepaid on the _____ day of February, 2011 to the following

Eric B. Langley, Esq.
Jason B. Tompkins, Esq.
BALCH & BINGHAM, LLP
P.O. Box 306
Birmingham, AL 35201-0306

*Counsel for the Defendant Midland Credit Management, Inc.*

Penny Hays Cauley, Esq.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

| | |
|---|---|
| **Jamon T. Brim,** | ) |
| | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| **v.** | ) **Civil No. 5:10-CV-369-IPJ** |
| | ) |
| **Dell Financial Services, LLC,** | ) |
| **Midland Credit Management,** | ) |
| **Inc., Midland Funding, LLC,** | ) |
| | ) |
| **Defendants.** | ) |

**"Exhibit A"**

*Plaintiff's records in this case show that:*

1.  *On or about May 14, 2009, the Plaintiff, Jamon T. Brim, was denied credit by American Express.*

*The Plaintiff in this case is Jamon T. Brim, SSN: \*\*\*-\*\*-3689, DOB: 11/01/77, Current Address: 2225 SW Golf Rd. 106, Huntsville, AL 35802. The Plaintiff has been denied credit as a result of misleading or incorrect information being reported on his credit file. We are seeking to learn which of the following occurred:*

a.  *American Express declined to provide the Plaintiff credit on or about May 14, 2009.*

Accordingly, please produce the following documents

1.  All documents in your possession regarding the Plaintiff, *Jamon T. Brim, SSN: \*\*-\*\*-3689, DOB: 11/01/77, Current Address: 2225 SW Golf Rd. 106, Huntsville, AL 35802* and hisr credit application submitted on or about May 14, 2009 , including but not limited to the following:

a.  Copies of the credit reports received and reviewed from any Credit Reporting Agency that relate to the decision to not to provide the

Plaintiff credit.

b.    All information considered by *American Express* when determining to not provide credit to the Plaintiff.

c.    Any correspondence sent to the Plaintiff regarding *American Express'* decision to deny credit.

Case 5:10-cv-00369-IPJ    Document 57-1    Filed 02/11/11    Page 10 of 12

American Express. Application Page                                    Page 1 of 2

Home | Personal | Small Business | Merchants | Corporations                    Customer Service | Site


**American Express**

**Manage Your Accounts**

Select Another Account

**American Express**
PO Box 31525
Salt Lake City, UT 84131

May 14, 2009

Reference: 2009134 60 03978 USD

Dear Jamon T Brim:

Thank you for your recent application for Blue Sky from American Express. After reviewing your request, regrettably, we are unable to open an account for you at this time for the following reason(s):

Your consumer credit bureau score from Trans Union is too low (See below) Your consumer credit bureau score mentioned above was determined using a scoring system that evaluated the information in your file at the consumer reporting agency named above. The following are the primary factors in your credit report that affected your credit bureau score:

Serious delinquency, and public record or collection filed.
Time since derogatory public record or collection is too short.
Time since delinquency is too recent or unknown.
Too many inquiries last 12 months.

Our credit decision was based in whole or in part on information obtained in a report from the consumer reporting agency(ies) listed in this letter. Please understand that the reporting agency(ies) played no part in our decision and cannot supply you with specific reasons why we denied credit to you. You have a right under the Fair Credit Reporting Act to obtain a free copy of your report from the reporting agency, if you request it no later than 60 days after you receive this notice. If you find that any information contained in the report you receive is inaccurate or incomplete, you have the right to dispute the matter with the reporting agency.

An important notice concerning your rights is included. The creditor is American Express Centurion Bank.

It has been our experience that applicants who do not meet our basic requirements at one time may qualify later on. We invite you to submit a new application at a later date when your circumstances have changed.

Thank you for your interest in our service.

Sincerely,

Robert Garinger
Business Leader New Accounts

RG/ag

**TransUnionConsumer Relations**
P.O. Box 1000
Chester PA 19022
800-888-4213/ 800-916-8800
www.transunion.com/direct

**Equifax Credit Information Services**
PO Box 740241
Atlanta, GA 30374
800 685 1111
www.equifax.com/fcra

**Experian**
P.O. Box 2002
Allen, TX 75013
1 888 397 3742
www.experian.com/ra

## IMPORTANT NOTICE CONCERNING YOUR RIGHTS

**Notice to U.S. Residents.**
The federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided that the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning American Express Centurion Bank is the FDIC Consumer Response Center, 2345 Grand Boulevard, Suite 100, Kansas City, MO 64108. The federal agency that administers compliance with this law concerning American Express Bank, FSB is the Office of Thrift Supervision, P.O. Box 7165, San Francisco, CA 94120-7165. The federal agency that administers compliance with this law concerning American Express TRS Co., Inc. is the Federal Trade Commission, Equal Credit Opportunity, Washington D.C. 20580.

**Notice to Ohio Residents.**
The Ohio state laws against discrimination require that all creditors make credit equally available to all creditworthy customers and that credit reporting agencies maintain separate credit histories on each individual upon request. The Ohio Civil Rights Commission administers compliance with this law.

**Notice to WashingtonResidents.**
The Washington state laws against discrimination prohibit discrimination in credit transactions because of race, creed, color, national origin, sex, or marital status. The Washington State Human Rights Commission administers compliance with this law.

UGNEUGNU0002001

View Corporate Entities and Important Disclosures, Web Site Rules and Regulations, Trademarks, and Privacy Statement. Copyright © 1995-2003 American Express Company. All Rights Reserved. Users of this site agree to be bound by the terms of the American Express Web Site Rules and Regulations.

https://www201.americanexpress.com/eaol/statuscheck/decline_details.jsp

5/14/2009

## Certificate

I HEREBY CERTIFY that a true copy of the foregoing has been sent by first class U.S. Mail, postage prepaid on the _____ day of February, 2011 to the following

Eric B. Langley, Esq.
Jason B. Tompkins, Esq.
BALCH & BINGHAM, LLP
P.O. Box 306
Birmingham, AL 35201-0306

*Counsel for the Defendant Midland Credit Management, Inc.*

Penny Hays Cauley, Esq.