UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **Jamon T. Brim,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| v. | ) Civil No. 5:10-CV-369-IPJ |
| | ) |
| **Dell Financial Services, LLC,** | ) |
| **Midland Credit Management,** | ) |
| **Inc., Midland Funding, LLC,** | ) |
| | ) |
| **Defendants.** | ) |

## PRETRIAL ORDER

A pretrial conference was held on February 14, 2011, wherein, or as a result of which, the following proceedings were held and action taken:

1. **Appearances**. Appearing at the conference were:

For the plaintiff:   Penny Hays Cauley
                     Ronald C. Sykstus
                     Leonard Bennett

For the defendant:   Eric B. Langley
                     Jason B. Tompkins

2. **Jurisdiction and venue**. Subject matter jurisdiction exists under 28. U.S.C. §1331 and §1367. Personal jurisdiction and venue are not contested.

3. **Consolidation**. Not Applicable.

4. **Parties and trial counsel**. The parties before the court are correctly named as set out below; and the designated trial counsel for the parties are as set out below:

|  |  |
|---|---|
| **PARTIES** | **TRIAL COUNSEL** |

Plaintiff:   Jamon T. Brim

Penny Hays Cauley (Hays Cauley P.C.)
Ronald C. Sykstus
(Bond, Botes, Sykstus, Tanner & Ezzell, P.C.)
Leonard Bennett
(Consumer Litigation Associates, P.C.)

Defendant:   Midland Credit Management, Inc.

Eric B. Langley & Jason B. Tompkins
(Balch & Bingham, LLP)

5. **Pleadings**. The Plaintiff filed a Complaint on February 19, 2010. Midland Credit Management, Inc., and Midland Funding, LLC answered the Complaint on March 22, 2010. At the pretrial hearing, the plaintiff stipulated to the dismissal of his claim for defamation, Count III of the complaint.

6. **Statement of the case**.

(a) **Agreed summary**. Jamon Brim filed this action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq*., and Alabama state law based on Defendant Midland Credit Management's reporting of a collection account as belonging to Mr. Brim to the national Credit Reporting Agencies, and the Defendant's alleged failure to conduct a reasonable investigation upon receipt of Mr. Brim's disputes through the Credit Reporting Agencies. Mr. Brim purchased a computer in September 2004 using a line of credit from Dell Financial Services. In November of 2004, Mr. Brim paid off the account with a payment of $954.12 to Dell Financial Services via an ACH debit ("telephone check"). The November 2004 payment was misapplied to the account of another Dell Financial Services customer. Thus, Dell Financial Service's records reflected that Mr. Brim's account was unpaid at the time the account was sold to Midland Funding.

On October 10, 2007, Dell Financial Services sold the account to Midland Funding, an affiliate of Midland Credit Management. Midland Credit Management began furnishing information about the account to the Credit Reporting Agencies on November 16, 2007. At various times between August 2008 and February 2010, Mr. Brim disputed Midland Credit Management's reporting of the account with the three Credit Reporting Agencies who, upon receipt of these disputes, submitted Automated Credit Dispute Verifications (ACDVs) to Midland Credit Management. All of the ACDVs were processed by Midland Credit Management's automated batch interface system. None of the ACDVs were manually reviewed by employees of Midland Credit Management. Midland instructed the Credit Reporting Agencies to delete Mr.

Brim's account upon being advised by Dell Financial Services in August 2010 that Mr. Brim's account had been paid off in November 2004.

(b) **Plaintiff's position**.  Mr. Brim alleges that the Defendant violated the FCRA by failing to review relevant information regarding the disputed account; by failing to conduct a reasonable investigation into the accuracy of the information reported by the Defendant; and by reporting inaccurate information to consumer reporting agencies.  Mr. Brim made numerous disputes to the credit reporting agencies regarding the reporting of the Midland account. Upon receipt of Mr. Brim's disputes, the credit reporting agencies forwarded ACDVs to the Defendant for investigation and review.  In response to the ACDVs, the Defendant failed to conduct a reasonable investigation into Mr. Brim's disputes. Rather, the Defendant's E-Oscar Batch Interface system simply verified the information being reported by only matching the information submitted by the credit reporting agencies with the information contained within the Defendant's own computer system.  The Defendant never had any of its employees actually review the ACDVs.  No documents were ever reviewed by the Defendant in response to Mr. Brim's disputes set forth in the ACDVs.

In March 2008, the Defendant assigned the account to Zarzaur & Schwartz, P.C., Attorneys at Law, for collection and the filing of a lawsuit against Mr. Brim. A lawsuit styled Midland Funding, LLC v. Jamon Brim was filed on May 9, 2008, in the Small Claims Court of Madison County, Alabama.

As a result of the Defendant's violations of the FCRA, Mr. Brim has suffered damages, including denial of credit, damage to his credit reputation, worry, humiliation, frustration, loss of sleep and out of pocket expenses.  Mr. Brim seeks actual damages as well as punitive damages for the Defendant's violations of the Fair Credit Reporting Act.

(c) **Defendant's position**.  Midland Credit Management complied with the FCRA by conducting a reasonable investigation with respect to the disputed information, by reviewing all relevant information provided by the consumer reporting agencies and by reporting the results of the investigation to the consumer reporting agencies.  Even if Midland Credit Management had taken the additional step of contacting Dell Financial Services regarding Mr. Brim's disputes, Dell Financial Services would have confirmed what Midland Credit Management's records already reflected—that Mr. Brim's account had an outstanding balance. Midland Credit Management never intentionally or maliciously published false information regarding Mr. Brim to the consumer reporting agencies or anyone else. At all times after Mr. Brim first disputed the account, Midland Credit Management

reported the account as disputed.  When Dell Financial Services advised Midland Credit Management in August 2010 that Mr. Brim had, in fact, already paid the account, Midland Credit Management deleted Mr. Brim's account in its entirety.

In any event, Mr. Brim was not actually damaged as a result of anything Midland Credit Management did or did not do.  To the extent Mr. Brim was caused actual harm by the account being reported at all, this harm could have been avoided had Mr. Brim provided the transactional detail report requested by Dell Financial Services (the very information Mr. Brim finally provided in August 2010) on at least two occasions prior to the time Dell Financial Services sold the account to Midland Funding as a valid, outstanding, and payable account.

7. **Discovery and other pretrial procedures**.

(a) The parties are given leave to proceed with any remaining trial depositions until Friday, February 18, 2011.

(b) The parties shall file motions in limine no later than 12:00 p.m., on February 18, 2011.  The parties shall exchange voir dire questions and submit the same to chamber's email no later than 12:00 p.m., on February 18, 2011.

(c) There are no pending discovery motions.

8. **Trial**.  The parties expect the trial to last 3-4 days.

When the case is called for trial, the parties shall present to the court any special questions or topics for voir dire examination of the jury venire and, to the extent the same can be anticipated, any requests for instructions to the jury (including extracts of any statutes on which instructions are requested).

**ORDERED** this 14th day of February, 2011, that the above provisions be binding on all parties unless modified by further order for good cause shown.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE