IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **JAMON T. BRIM,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO.** |
| | ) | **5:10-cv-0369-IPJ** |
| **MIDLAND CREDIT** | ) | |
| **MANAGEMENT, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MOTION TO CONTINUE TRIAL AND TO REFER CASE TO MAGISTRATE JUDGE JOHN OTT FOR MEDIATION

Defendant Midland Credit Management, Inc. ("Midland") moves this Court to enter an Order continuing the trial in this case for a short time and referring the case to Magistrate Judge John Ott for mediation:

1. After the pre-trial conference held on February 14, 2011, and based upon the Court's encouragement and each party's statement to the other that they wished to pursue settlement, counsel for the parties resumed settlement discussions.

2. This case now consists of a single cause of action. Many of the material facts are undisputed. The principle obstacle to productive settlement discussions continues to be the parties' disparate views on the amount of attorneys' fees that reasonably should be included in a settlement at this posture of the case.

1138567.1

3. Counsel for the respective parties currently have very conflicting views regarding (1) the relationship of attorneys' fees to damages in the event Plaintiff is successful on the merits at trial, (2) the effect of dismissal of 11 of the 12 claims against Midland Funding, LLC and Midland Credit Management, Inc., which would comprise the majority of the fees sought in any post-verdict fee petition; and (3) the possibility of setoff based on Plaintiff's settlements with Dell Financial Services, Experian, Equifax, and Trans Union, on the fees actually incurred to date. In order for settlement discussions to meaningfully move forward, the parties need guidance on the impact of the Court's dismissal of 11 of the 12 combined claims against Midland Funding, LLC and Midland Credit Management, Inc., and/or the extent to which the FCRA and FDCPA fee-shifting provisions may affect the fees that are recoverable even if Plaintiff succeeds on the remaining FCRA claim.

4. Although Your Honor previously conducted a mediation in this case, as the person who will ultimately decide any fee petition Your Honor understandably could not offer the type of opinions counsel believe may be necessary to bridge the analytical gap between the parties' views of the fee issues. Counsel for Midland believe that a neutral who is knowledgeable of fee-shifting statutes and with experience deciding prevailing party fee disputes (and who is unencumbered with the burden of actually having to decide the issues in this case)

may be able to shape the parties' realistic expectations of their potential recovery and, on the other side, potential exposure, if the case goes to trial. Midland therefore requests that the Court refer this case to Magistrate Judge John Ott for mediation.[1] Midland further requests that the Court continue the trial currently scheduled for February 22, 2011 until such mediation can be conducted and a mediation report provided to the Court.

Respectfully submitted this 15th day of February, 2011.

/s/ Jason B. Tompkins
One of the Attorneys for Defendant
Midland Credit Management, Inc.

**OF COUNSEL**:
Eric B. Langley
Jason B. Tompkins
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, Alabama  35201-0306
Telephone:  (205)251-8100
Facsimile:  (205)226-8798
elangley@balch.com
jtompkins@balch.com

---

[1] Midland proposes that the parties submit mediation statements that include their arguments, given the current posture and claim remaining, as to why certain categories of fees are recoverable or not recoverable, the Plaintiff's possible recovery on the single remaining claim, and the potential effect of setoff.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 15th day of February 2011, I have filed the above and foregoing with the Clerk of the Court via the CM/ECF electronic filing system, which will send notification to all counsel of record listed below:

Penny Hays Cauley
HAYS CAULEY, P.C.
549 West Evans Street, Suite E
Florence, SC  29501
phc917@hayscauley.com

Ronald C. Sykstus
BOND, BOTES, SYKSTUS, TANNER & EZZELL, P.C.
415 Church Street, Suite 100
Huntsville, AL  35801

Leonard A Bennett
CONSUMER LITIGATION ASSOCIATES PC
12515 Warwick Blvd, Suite 100
Newport News, VA 23606
757-930-3660
Fax: 757-930-3662
Email: lenbennett@clalegal.com

                                                      */s/  Jason B. Tompkins*
                                                      Of Counsel