FILED

2011 Feb-18  AM 11:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

*Brim v. Midland, et al.*
Case No. 5:10-cv-0369-IPJ

# Exhibit E
# Re-Notice of 30(b)(6) Deposition

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| Jamon T. Brim, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil No. 5:10-CV-369-IPJ |
| | ) |
| Dell Financial Services, LLC, | ) |
| Midland Credit Management, | ) |
| Inc., Midland Funding, LLC, | ) |
| | ) |
| Defendants. | ) |

## RE-NOTICE OF TAKING DEPOSITION

To:   Midland Credit Management, Inc.
      Midland Funding, LLC
      c/o Jason Tompkins, Esq.
      Balch & Bingham LLP
      P.O. Box 306
      Birmingham, AL 35201-0306

**PLEASE TAKE NOTICE** that the Plaintiff will take the deposition of the persons most knowledgeable of the matters set out below.  It is expressly understood that Defendant, Midland Credit Management, Inc. and Midland Funding, LLC, may be required to identify multiple persons to address the areas set out in this Notice.  Said deposition is to be upon oral examination pursuant to the Federal Rules of Civil Procedure, for the purpose of discovery and/or use as evidence, before a Notary Public or some other officer authorized by law to administer oaths on:

DATE:       September 16, 2010

TIME:       9:00 a.m. (pst)

PLACE:      Esquire Court Reporting
            402 West Broadway
            Suite 1600

San Diego, CA 92101
T: 619.239.4111

**PERSON(S) TO BE DEPOSED:**

The employees of the Defendants, **Midland Credit Management, Inc. and Midland Funding, LLC,** who are most knowledgeable concerning:

1. The relationship between Midland Credit Management and Midland Funding, LLC.

2. All contact with the Plaintiff, whether by phone, letter or any other means.

3. The investigation into Plaintiff's dispute and claims the account had previously been paid in full.

4. The handling of ACDVs received on the Plaintiff's account.

5. The Defendants' policies and procedures for its collection department.

6. The Defendants' policies and procedures for reporting consumer debts wherein the validity or accuracy of the debt has been disputed by the consumer.

7. The Defendants' policies and procedures for FDCPA and FCRA compliance.

8. The Defendants' policies and procedures for training, supervising, and monitoring collectors.

9. The Defendants' policies and procedures for handling consumer dispute verification (ACDVs) requests from a credit reporting agency.

10. The investigation, if any, made by any employee or agent of the Defendants to verify the accuracy of the information disputed, the sources reviewed, and the outcome of the said investigation.

11. The policies and procedures of the Defendants for conducting investigations following receipt of notice of a dispute from a consumer.

12. The policies and procedures of the Defendants for handling subsequent disputes regarding the same account(s) previously disputed;

## REQUEST FOR PRODUCTION OF DOCUMENTS

The Plaintiff requests that the above-named deponent(s) produce the following documents at the time of the taking of his/her deposition. For purposes of this request "document" means any written, recorded or graphic matter however produced or reproduced and includes but is not limited to memoranda, notes, internal communications, letters, lists, computer generated papers, reports or any other writings (either hand or typewritten) by whatever name called. The term policy(ies) and procedures refers to all rules, regulations, guidelines, instructions, training materials, manuals or other such materials that set forth Defendants' practices in the areas addressed. Said request is for any such materials in effect during the time of Plaintiff's account and any modifications up to the date of deposition.

This request is intended to cover all documents in your possession or subject to your custody and control, whether they are located at your principal place of business, another office, the office of your counsel or at your home or otherwise subject to your access or control.

1.  The policies and procedures of handling investigations when claims that the account has already been paid are raised regarding a consumer's account.

2.  All documentation of the investigation of Plaintiff's dispute of the debt, and Plaintiff's claim that he had already paid the account.

3.  The policies and procedures for resolving and/or collecting on consumer debts wherein a consumer alleges that the account has already been paid in full.

4.  The policies and procedures for reporting consumer debts and/or collection accounts.

5.  The policies and procedures for reporting consumer debts and/or collection accounts wherein the validity or accuracy of the debt has been disputed by the consumer.

6.  All investigations and reviews performed following each of the Plaintiff's disputes both directly with the Defendants and through the credit reporting agencies.

7.  The original file, including original file folder, all memoranda, statements, letters, notations, reports, reports of telephone calls, records of all calls or other written memoranda and all communications in Defendants' files concerning or pertaining to Jamon T. Brim, or in whatever form the name is reflected in Defendants' records.

8.  All tape recordings and/or video recordings of collectors speaking with Jamon T. Brim.

9. Provide all documents evidencing how the Defendants obtained the Plaintiff's account, whether said account was purchased or assigned, from whom the Defendants obtained the Plaintiff's account and the date of said action.

10. Produce all documents that detail or describe your procedures for compliance with 15 U.S.C. §1681s-2(b), since January 1, 2004.

11. Produce all manuals that describe, detail or explain the operation of or any codes within any computer program or software in which data has been compiled, created, stored, or organized pertaining to the Plaintiff or any account(s) attributed or related to him.

12. Produce all documents pertaining to or containing explanation(s), instruction(s) or procedure(s) for your reporting of credit information or investigation of credit information disputes.

13. Produce all communications, manuals, instructional materials, training videos or tapes or other documents provided to you by the CDIA (or Equifax, Experian or Trans Union) that pertain to your reporting of a credit account as disputed and/or your use of the Metro 2 "compliance condition code" field.

14. Please produce every document that regards and/or describes each and every change which you have instituted or made to your procedures and policies for reporting disputed accounts to consumer reporting agencies after the Fourth Circuit's decision in <u>Saunders v. Branch Banking and Trust Co. of Virginia.</u>

15. Produce your complete procedures manual for investigations, including all revisions since January 1, 2008.

16. Produce every document, internal memorandum, e-mail or other electronic communications through which you or your employees discussed your maintenance, modification and/or creation of your reinvestigation procedures in compliance with the FCRA.

17. Please produce any document that details and describes the organizational structure of your company.

18. If Defendants did not actually respond to the ACDV, but it was performed by an outsource vendor, provide all Documents related to Defendant's outsource vendor that actually conducted the ACDV verifications at issue in this case including contracts and related compensation documents between the vendor and the Defendants, communications regarding what the vendor is supposed to do when it receives ACDV

disputes, and quality control, audits and other supervision documents, if any.

19. Produce all documents related to the Defendants' efforts to comply with 15 U.S.C. §1681s-2(b), including, by example only, documents stating the Defendants' knowledge of governing legal requirements, documents detailing changes made to comply with the law, internal reviews and discussions of investigation procedures and any documents discussing previously paid in full disputes.

20. Produce documents regarding or detailing the supervision and/or compensation of the employees or outsource vendor employees involved in receiving, investigating or otherwise acting upon the Plaintiff's disputes, including by example only and without limitation all training documents, documents that instruct as to consumer dispute investigation procedures, and quality control and performance review documents created in 2008 through the present.

21. All procedure or policy memos or notes provided in 2008 through the present to the Defendants' employees or their outsource vendor by regular email update.

22. All archived records of any telephone call received by or made to the Plaintiff.

Said deposition(s) shall continue from day to day until completed.

_____

_____/s/ Penny Hays Cauley_____
Penny Hays Cauley, ASB-6309-A63P
Attorney for Plaintiff

**OF COUNSEL:**
HAYS CAULEY, P.C.
549 West Evans Street, Suite E
Florence, SC 29501
(843) 665-1717
(843) 665-1718 Facsimile
phc917@hayscauley.com

Ronald C. Sykstus, Esq.
BOND, BOTES, SYKSTUS, TANNER & EZZELL, P.C.
415 Church Street, Suite 100
Huntsville, AL 35801
(256) 539-9899
(256) 539-9895 Facsimile

rsykstus@bondnbotes.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing Notice of Deposition upon all counsel herein via email and by placing a copy of same in the United States Mail, first-class postage prepaid and properly addressed on this the 9th day of September, 2010.

/s/ Penny Hays Cauley
Of Counsel

cc:   Jason Thompkins, Esq.
      Marcus R. Chatterton, Esq.
      BALCH & BINGHAM LLP
      P. O. Box 306
      Birmingham, AL 35201-0306