FILED
2011 Feb-18 PM 12:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **Jamon T. Brim,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| v. | ) Civil No. 5:10-CV-369-IPJ |
| | ) |
| **Dell Financial Services, LLC,** | ) |
| **Midland Credit Management,** | ) |
| **Inc., Midland Funding, LLC,** | ) |
| | ) |
| **Defendants.** | ) |

## PLAINTIFF'S SUPPLEMENTAL MOTION IN LIMINE

The Plaintiff asks the Court to find in Limine that the following facts are determined and true for trial, and to so instruct the Jury. These facts are objectively undisputed in this case and are taken entirely from (a.) Midland's Declaration of Kathy Rogan (Ex. A, attached to Docket #32) filed in support of its Motion for Summary Judgment; (b.) Midland's judicial admissions in its Summary Judgment Memorandum; and (c.) the Rule 30(b)(6) Deposition of Midland. Presentation of these uncontested facts will properly expedite and simplify the trial of the case. The Parties really only differ on the damages incurred by the Plaintiff and the duty required of Midland by the Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681s-2(b).

1. Midland services credit accounts its wholly owned subsidiary Midland Funding purchases from other companies. Midland Funding purchases debts from unrelated creditors such as credit card companies and financing companies, that those entities have charged-off.

2. Midland bought as part of a large portfolio of other consumer credit accounts an account from Dell Financial that the Plaintiff had previously owed to Dell.

3. In the contract governing the purchase of Plaintiff's account, Midland agreed that it would be responsible for its own duties under federal consumer protection laws, including the FCRA.

4. Midland agrees that it is responsible for the accuracy of the information it reports to the credit bureaus. (Midland Rule 30(b)(6) deposition, 55:4- 11).

5. On September 14, 2004, the Plaintiff purchased a Dell Computer financed by Dell Financial in the amount of $914.25, and a surge protector in the amount of $20.53.

6. On November 8, 2004, Plaintiff transferred $954.12 from his bank account at Redstone Federal Credit Union to Dell Financial to pay off the account in full.

7. The Plaintiff disputed the attempt by Midland to collect on the Dell account several times, providing it with his Bank Statement from Redstone Federal

Credit Union listing the November 8, 2004 payment to Dell.

8.   Prior to August 2008, after it purchased the Dell account, Midland began reporting the account to the Plaintiff's credit files with Equifax, Trans Union and Experian, the national consumer reporting agencies, as an unpaid collection account.

9.   An ACDV (automated consumer dispute verification) form is the ordinary manner in which a consumer's disputes to the credit reporting agencies are forwarded to a credit information furnisher such as Midland. (Midland Declaration of Kathy Rogan; Midland Rule 30(b)(6) deposition, 57:18- 20).

10.   In August 2008 and March 2009 Midland received multiple ACDVs (automated consumer dispute verifications) from the Credit Reporting Agencies communicating that Mr. Brim had disputed the accuracy of the debt. (Midland Declaration of Kathy Rogan).

11.   When Midland received the ACDVs for Mr. Brim from Equifax, Trans Union and Experian, it used its automated batch interface system to respond. This is true for approximately 99% of all ACDV's that Midland receives. (Midland Rule 30(b)(6) deposition, 57:21- 23).

12.   Midland receives approximately 8,000 ACDV disputes per week. (Midland Rule 30(b)(6) deposition, 60:17- 21).

13.   When Midland uses its automated batch interface system to process consumer disputes received in ACDVs, no human being investigates the ACDV

dispute. Instead, Midland's computer compares the information provided in the ACDV and makes sure that it matches the account data already contained in Midland's computer. (Midland Rule 30(b)(6) deposition, 21:21- 24).

14. In investigating to the Mr. Brim's ACDV disputes, Midland did not contact him, Dell, the consumer reporting agencies or any other person or company. (Midland Rule 30(b)(6) deposition,).

Wherefore, based on the foregoing, the Plaintiff respectfully requests this Court to grant this Supplemental Motion in Limine.

/s/ Penny Hays Cauley
Penny Hays Cauley, ASB-6309-A63P
Attorney for Plaintiff


**HAYS CAULEY, P.C.**
549 West Evans Street, Suite E
Florence, SC 29501
(843) 665-1717
(843) 665-1718 Facsimile
phc917@hayscauley.com

Ronald C. Sykstus, Esq.
**BOND, BOTES, SYKSTUS, TANNER & EZZELL, P.C.**
415 Church Street, Suite 100
Huntsville, AL 35801
(256) 539-9899
(256) 539-9895 Facsimile
rsykstus@bondnbotes.com

Leonard A. Bennett, Esq.
**CONSUMER LITIGATION ASSOCIATES, P.C.**

VSB #37523
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
Phone: (757) 930-3660
Fax:   (757) 930-3662

## CERTIFICATE OF SERVICE

  I hereby certify that on February 18, 2011, I electronically filed the foregoing via the CM/ECF System, which will notify the following counsel of record:

Eric B. Langley, Esq.
Jason B. Tompkins, Esq.
BALCH & BINGHAM LLP
P. O. Box 306
Birmingham, AL 35201-0306

           /s/ Penny Hays Cauley
           Of Counsel