FILED

2011 Feb-24  AM 05:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### Northeastern Division

JAMON T. BRIMM,

     **Plaintiff,**

**v.**                                 **CIVIL NO. 5:10-cv-369-IPJ**

**MIDLAND CREDIT MANAGEMENT
INC.,**

     **Defendant.**


PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

COMES NOW the Plaintiff, by counsel, and within the time and in the manner ordered

by this Court, hereby submits to this Court and Defendant the attached list of proposed jury

instructions.  Plaintiff respectfully reserves the right to supplement or modify these instructions

as may be required by events at trial or rulings by this Court.

                              **JAMON T. BRIM,**


                        Respectfully submitted,

                        /s/ Penny Hays Cauley
                        Penny Hays Cauley, Esq.
                        HAYS CAULEY, PC
                        549 W. Evans Street
                        Suite E
                        Florence, SC 29501
                        E-mail: phc917@hayscauley.com
                        (843) 665-1717 - Telephone
                        (843) 393-5202 – Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of February 2011, I have filed via CM/ECF the foregoing Proposed Jury Instructions with the Clerk of Court, which shall then electronically transmit it to the following counsel of record:

Eric Langley
Jason B. Tompkins
Balch & Bingham, LLP
P.O. Box 306
Birmingham AL 32501-0306
Tel: 205-251-8100
Fax: 205-226-8798
elangley@balch.com
jtompkins@balch.com

/s/ Penny Hays Cauley
Penny Hays Cauley, Esq.
HAYS CAULEY, PC
549 W. Evans Street
Suite E
Florence, SC 29501
E-mail: phc917@hayscauley.com
(843) 665-1717 - Telephone
(843) 393-5202 – Facsimile

PLAINTIFFS PROPOSED INSTRUCTION NO. P-1

This case arises under the Fair Credit Reporting Act ("FCRA"), a federal law intended to regulate the handling of personal information about consumers, including confidentiality, accuracy, and proper use of confidential information.

The Plaintiff alleges that Defendant Midland Credit Management Inc. violated the Fair Credit Reporting Act ("FCRA") because, he claims, that Midland failed to conduct an investigation after receiving notice that the Plaintiff disputed the consumer information Midland had provided to consumer reporting agencies.  Plaintiff claims that after receiving notice from the three credit reporting agencies that the Plaintiff disputed Midland's collection account, Midland failed to review all of the information provided by him and by the credit reporting agencies, failed to investigate the plaintiff's disputes, and failed to accurately report back to the agencies the result of its investigation.

Midland denies that it violated any provision of the Fair Credit Reporting Act.  It claims that it reviewed all of the information provided by the Plaintiff and by the credit reporting agencies, investigated the plaintiff's disputes, and accurately reported back to the three agencies the results of an investigation.

15 U.S.C. §1681s-2(b); *Johnson v. MBNA Bank*, 3:02CV523 (E.D. Va. 2003) aff'd 357 F.3d 426 (4th Cir. 2004); *Robertson v. J.C. Penney Co., Inc.*, Civil Action No. 2:06CV3-KS-MTP, 2008 WL 623397, at *8 (S.D. Miss. Mar. 4, 2008)("A reasonable investigation "clearly requires some degree of careful inquiry by creditors" and more than just a "superficial" inquiry); *Dixon-Rollins v. TransUnion, LLC*, Civil Action NO. 09-646 (E.D. Pa. 2010).

<u>PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. P-2</u>

To establish his claim that Defendant Midland Credit Management Inc. negligently failed to comply with the Fair Credit Reporting Act, the plaintiff must establish the following elements by a preponderance of the evidence:

1.  That the defendant negligently failed to:

a.  conduct an investigation with respect to disputed credit information.

b.  review all relevant information provided by the Plaintiff or by the consumer reporting agencies; or

c.  accurately report the results of the investigation to the consumer reporting agencies;

2.  That the plaintiff was damaged; and

3.  That the negligence of Defendant Midland Credit Management Inc. proximately caused the damage suffered by the plaintiff.

Your verdict under the Fair Credit Reporting Act negligence claim will be for the Defendant Midland Credit Management Inc. if you find that the plaintiff fails to establish any one of the three elements.

15 U.S.C. §1681s-2(b); *Johnson v. MBNA Bank*, 3:02CV523 (E.D. Va. 2003) aff'd 357 F.3d 426 (4th Cir. 2004); *Dixon-Rollins v. TransUnion, LLC*, Civil Action NO. 09-646 (E.D. Pa. 2010).

<u>PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. P-3</u>

The relevant text of the Federal Fair Credit Reporting Act states:

> After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall--
>
> **(A)** conduct an investigation with respect to the disputed information;
>
> **(B)** review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
>
> **(C)** report the results of the investigation to the consumer reporting agency; and
>
> **(D)** if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

15 U.S.C. §1681s-2(b).

<u>PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. P-4</u>

Defendant Midland Credit Management Inc. was required to conduct a reasonable investigation.  Factors to be considered in determining whether Defendant Midland Credit Management Inc. conducted a reasonable investigation include whether the consumer has alerted Defendant Midland Credit Management Inc. that its information may be unreliable; and two, the cost of verifying the accuracy of the information versus the possible harm of reporting inaccurate information.  The standard for such an investigation is what a reasonably prudent person would do under the circumstances.  And evaluating the reasonableness of Defendant Midland Credit Management Inc. investigation involves weighing the potential harm from inaccuracy against the burden of safeguarding such inaccuracy.

15 U.S.C. §1681s-2(b); *Johnson v. MBNA Bank*, 3:02CV523 (E.D. Va. 2003) aff'd 357 F.3d 426 (4th Cir. 2004); *Dixon-Rollins v. TransUnion, LLC*, Civil Action NO. 09-646 (E.D. Pa. 2010); *Cushman v. Trans Union*, 115 F.3d 220 (3rd Cir. 1997) ("TUC's investigations are performed by clerks paid $7.50 per hour and who are expected to perform ten investigations per hour. [...] [T]he jury could have concluded that seventy-five cents per investigation was too little to spend when weighed against Cushman's damages."); *DiPrinzio v. MBNA America Bank*, N.A., 2005 WL 2039175, *10 (E.D.Pa. 2005).

<u>PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. P-5</u>

An investigation is defined as a detailed inquiry or systematic examination.  The plain meaning of investigation requires some degree of careful inquiry by creditors. The term "investigation" does not include superficial, *un* reasonable inquiries by creditors.

*Johnson v. MBNA America Bank, NA*, 357 F.3d 426 (4th Cir. 2004); "Investigation," is defined as: "[A] detailed inquiry or systematic examination." *Am. Heritage Dictionary* 920 (4th ed.2000); *Webster's Third New Int'l Dictionary* 1189 (1981) (defining "investigation" as "a searching inquiry").

.

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. P-6

An 'investigation' that merely shifts the burden back to the consumer and the original source of the credit information does not fulfill the obligations contemplated by the FCRA.

Parroting information received from original source may be considered a violation of the FCRA.

*Dixon-Rollins v. Experian Info. Solutions, Inc.*, CIV.A. 09-0646, 2010 WL 4939441 (E.D. Pa. Sept. 23, 2010):
   ("[A] 'reinvestigation' that merely shifts the burden back to the consumer and the credit grantor cannot fulfill the obligations contemplated by the statute."); *Campbell v. Chase Manhattan Bank, USA, N.A.,* No. 02-3489, 2005 WL 1514221, at *16 (D.N.J. June 27, 2005) (parroting information received from original source may be considered a willful violation of the FCRA).

*Johnson v. MBNA Am. Bank, NA*, 357 F.3d 426, 432-33 (4th Cir. 2004)
   (Investigation duties for furnishers are comparable to 'reinvestigation' duties of CRAs. The law as to each investigation obligation is the same).

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. P-7


I am instructing you that Midland violated the FCRA by failing to conduct the investigation required by the FCRA upon its receipt of the Plaintiff's ACDV disputes through the consumer reporting agencies.


*Robertson v. J.C. Penney Co., Inc.*, CIV.A. 2:06CV3KSMTP, 2008 WL 623397 (S.D. Miss. Mar. 4, 2008) ("While this finding is one generally left to the province of the trier of fact, in this case the court finds that no reasonable juror could conclude otherwise but that GE's "investigation" of the dispute noted in the ACDVs from both TransUnion and Equifax was not "reasonable" as a matter of law. Thus, there being no disputed issue of material fact in this regard, the plaintiffs are entitled to summary judgment on the issue of negligence.");

*Haddad v. Charles Riley & Associates, Inc.*, 09-12597, 2010 WL 3906955 (E.D. Mich. Apr. 12, 2010) *report and recommendation adopted in part, rejected in part sub nom. Haddad v. Charles Riley & Associates, Inc.*, 09-12597, 2010 WL 3905861 (E.D. Mich. Sept. 30, 2010) ("The undersigned suggests that there is no genuine issue of material fact as to whether Riley conducted a reasonable investigation after receiving notice from a credit reporting agency of plaintiff's dispute and that plaintiff is entitled to judgment as a matter of law. ");


*Dennis v. BEH-1, LLC*, 520 F.3d 1066, 1071 (9th Cir. 2008) ("Experian also complains that it hasn't had an opportunity to "introduce evidence" about the "overall reasonableness of its reinvestigation procedure." This concern is misplaced because there are no facts that Experian could produce that would alter our conclusion: A reinvestigation that overlooks documents in a court file, which expressly state that no adverse judgment was entered, is negligent as a matter of law.")

<u>PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. P-8</u>

Plaintiff had no debt due and owing to Defendant Midland Credit Management Inc.

because he had paid the amount financed by Dell Financial Services LLC in full, thus

Defendant's credit reporting concerning the Plaintiff was inaccurate.

Defs' Br. In Support of Mot. Summ. J. (Docket #32)(acknowledging the fact that Plaintiff did not owe the account it sought to collect and negatively reported since Dell had misapplied the payment made by Plaintiff to another account-holder's account); *Mullins v. TransUnion, Civ. Action No. 3:05CV888-REP (Docket #198)(E.D.Va. Aug. 27, 2007)(*reasoning in its opinion denying Defendant's post-trial motion under Fed. R. Civ. P. 59, the court discussed at length the disputed jury instructions concluding that inaccuracy had been established prior to trial*).*

<u>PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. P-9</u>

If your verdict is for the plaintiff, on the claim of negligent non-compliance with the Fair Credit Reporting Act, then your duty is to determine the amount of money that reasonably, fairly, and adequately compensates him for the damage that you decide resulted from the defendant's failure to comply.

15 U.S.C. §1681s-2(b); *Johnson v. MBNA Bank*, 3:02CV523 (E.D. Va. 2003) aff'd 357 F.3d 426 (4th Cir. 2004); *Dixon-Rollins v. TransUnion, LLC*, Civil Action NO. 09-646 (E.D. Pa. 2010); *Cortez v. Trans Union, LLC*, 617 F.3d 688, 718 (3d Cir. 2010)(A jury can award actual damages for negligent violations of the FCRA and both actual and punitive damages for willful violations.)

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. P-10

Actual damages include recovery for any out-of-pocket expenses and economic losses, and also damages for personal humiliation, embarrassment, mental anguish, and emotional distress.

An FCRA plaintiff need not state her emotional damages with particularity. Humiliation and embarrassment are cognizable injuries under the FCRA; and there is no requirement that a plaintiff provide corroborating evidence or medical testimony in support of an award of damages.  A plaintiff may recover for humiliation and embarrassment even if he has incurred no out-of-pocket expenses.

There is no fixed standard or measure in the case of intangible items such as humiliation, embarrassment, mental anguish and emotional distress.  You must determine a fair and adequate award of these items through the exercise of your judgment and experience in the affairs of the world after considering all the facts and circumstances presented during the trial of this case.

*Zimmerman v. Bank of Am.*, 1:07CV294, 2009 WL 418606 (N.D. Miss. Feb. 19, 2009)
*Drew v. Equifax Info. Services, LLC*, C 07-00726 SI, 2010 WL 5022466 (N.D. Cal. Dec. 3, 2010); *Dixon-Rollins v. Experian Info. Solutions, Inc.*, CIV.A. 09-0646, 2010 WL 4939441 (E.D. Pa. Sept. 23, 2010); *Philbin v. Trans Union Corp.,* 101 F.3d 957, 963 n. 3 (3d. Cir.1996); *Dalton v. Capital Assoc. Indus., Inc.,* 257 F.3d 409, 419 (4th Cir. 2001); *Guimond v. Trans Union Credit Corp.,* 45 F.3d 1329, 1333 (9th Cir. 1995); *Smith v. Law Office of Mitchell N. Kay*, 124 B.R. 182, 185 (D. Del. 1990); *Johnson v. Dep't of Treasury,* 700 F.2d 971, 985 fn. 39 (5th Cir. 1983); *Bryant v. TRW, Inc.,* 487 F.Supp. 1234, 1239 n. 7 (E.D. Mich. 1980); *aff'd* 689 F.2d 72 (6th Cir. 1982); *Jones v. Credit Bureau of Huntington, Inc.,* 184 W. Va. 112, 399 S.E. 2d 694, 699 fn. 5 (1990).

PLAINTIFF'S INSTRUCTION NO. P-11

Proof of an outright denial of credit is not necessary in order for you to award actual damages under the FCRA.

*Cortez v. Trans Union, LLC*, 617 F.3d 688, 719 (3d Cir. 2010); *Bach v. First Union Nat'l Bank*, 149 Fed. Appx. 354, 360, 2005 WL 2009272, at *6 (6th Cir. 2005); *Guimond v. Trans Union Credit Corp.*, 45 F.3d 1329, 1333 (9th Cir. 1995).

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. P-12

If you find that the Defendant violated the Fair Credit Reporting Act, you may find that such violation was negligent, willful or both.  If you find that the defendant violated the Fair Credit Reporting Act and such act was negligent but not willful, you may not assess punitive damages against the Defendant.  If you find that the defendant violated the Fair Credit Reporting Act and such act was willful, you may assess punitive damages against the Defendant.  You may award punitive damages only if you find that the Defendant's actions were willful.

15 U.S.C. 1681(n) and (o); *Yohav v. City of Alexandria Employees Credit Union, Inc.*, 827 F.2d 967 (4th Cir. 1987).

<u>PLAINTIFF'S INSTRUCTION NO. P- 13</u>

In addition to actual damages, Plaintiff is claiming punitive damages in this case. Punitive damages may be awarded if you find that Midland willfully violated the FCRA. Plaintiff has the burden of proving punitive damages by a preponderance of evidence.

A Furnisher such as Midland acts willfully in violation of the FCRA by acting with "reckless disregard" of any consumer right set forth in the FCRA.  Reckless disregard entails an unjustifiably high risk of violating the law that is either known or so obvious that it should be known.  A defendant may also willfully violate the FCRA by adopting a policy with reckless disregard of whether it contravenes a plaintiff's rights under the FCRA.

Note that reckless disregard need <u>not</u> be knowing, intentional, premeditated or malicious. The Plaintiff here does not need to show that Midland deliberately violated the law, only that it acted with reckless disregard for his consumer rights.

*See Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 57-68 (2007); 15 U.S.C. § 1681n; *Levine v. World Financial Network Nat. Bank*, 554 F.3d 1314, 1318 (11th Cir. 2009); *Cortez v. Trans Union, LLC*, 617 F.3d 688, 721-23 (3d Cir. 2010).

<u>PLAINTIFF'S PROPOSED INSTRUCTION NO. P-14</u>

If you choose to assess punitive damages against a Defendant under the Fair Credit Reporting Act, you may consider the following factors in assessing the award:

a) The remedial purpose of the Fair Credit Reporting Act;

b) The harm to consumers intended to be avoided or corrected by this Act's requirements;

c) The manner in which the Defendant conducted its business;

d)  The length of time before the defendant corrected its mistake;

e)  The degree of notice provided to the Defendant about its mistake;

f)  Defendant's awareness of the mistake; and

g) The Defendant's income and net worth.

*See Gertz v. Welch*, 418 U.S. 323, 350 (1974); *Kaplan v. Harco Nat. Ins. Co*., 708 So. 2d 89, 95 (Miss. App. 1998); *Jones v. Credit Bureau of Huntington, Inc.*, 399 S.E.2d 694 (W. Va. 1990); *Pinner v. Schmidt*, 805 F.2d 1258 (5th Cir. 1986); *Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 19 (1991)(upholding trial court's jury instructions on state tort claim where punitive damages were "confined to deterrence and retribution"); <u>Dalton</u>, 257 F.3d at 418. (4th Cir. ) *Diprinzio v. MBNA America Bank, N.A.,* 2005 WL 2039175 (E.D. Pa. 2005).

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. P-15

     If you as a juror find that the acts or omissions of the defendant that proximately caused the actual injury or damage to the plaintiff were willfully done, then you may, if in the exercise of your discretion, you unanimously chose to do so, add to the award of the actual damages such amount as you shall unanimously agree to be proper as punitive damages.

*Johnson v. MBNA Bank*, 3:02CV523 (E.D. Va. 2003) *aff'd* 357 F.3d 426 (4th Cir. 2004)

<u>PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. P-16</u>

You should bear in mind not only the condition under which and the purpose for which the law permits an award of punitive damages to be made, but also the requirement of the law that the amount of such punitive damages must be fixed with calm discretion and sound reason, and must never be either awarded or fixed in amount because of any sympathy, bias or prejudice with respect to any party.

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. P-17

If you find that Defendant Midland Credit Management Inc.'s violations of the FCRA were willful, and also find that the Plaintiff suffered no actual damages or actual damages of less than a hundred dollars, then you must award the Plaintiff statutory damages at least a hundred dollars, but no more than one thousand dollars.  These damages are separate from any punitive damages you may award.

15 U.S.C. §1681n; *Harris v. Mexican Specialty Foods, Inc.*, 564 F.3d 1301, 1312 (11th Cir. 2009)(discussing the damages available for willful violations of the FCRA and holding that the statutory damages were not punitive*); Saunders v. B.B. and T. of Va., Inc.*, __ F, 3d __ (4th Cir. 2007) (Sustaining $80,000 punitive damages and $1,000 statutory damages).

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. P-18

Each separate and distinct violation of the FCRA is a separate and distinct tort.

*Hyde v. Hibernia Nat'l Bank of Jefferson Parish*, 861 F.2d 446 (5th Cir. 1988), *cert. denied, Credit Bureau Services - New Orleans v. Hyde,* 491 U.S. 910; *James Young v. Equifax Credit Info. Servs.*, 294 F.3d 631 (5th Cir. 2002); *Whitesides v. Equifax*, 125 F.Supp.2d 807 and 813 (W.D. La. 2000); *Parker v. Parker*, 124 F.Supp.2d 1216 (M.D. Ala. 2000); *Jaramillo v. Experian*, 155 F.Supp.2d 356, 2001 U.S.Dist.Lexis 6745 (E.D. Pa. 2001).

<u>PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. P-19</u>

Any fact that may be proved by direct evidence may be proved by circumstantial evidence; that is, you may draw all reasonable and legitimate inferences and deductions from the evidence.

"Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Eleventh Circuit Pattern Jury Instructions (Civil Cases) §2.2

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. P-20

To "establish by a preponderance of the evidence" means to prove something is more likely so than not so.  In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed to it, has more convincing force pared with that opposed to it, has more convincing force and produces in your minds belief that what is sought to be proved is more likely true than not true.  This rule does not of course require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case. In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, the jury may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

*See* Devitt, Blackmar and Wolff, *Federal Jury Practice and Instructions,* § 72.01 (modified).

<u>PLAINTIFF'S INSTRUCTION NO. P- 21</u>

Now, if you find that Midland was "negligent" in fulfilling any of the duties under the FCRA as I just described them to you, then you must find that Midland is liable in this case, and you must then consider what damages, if any, the Plaintiff may recover.  I will instruct you on the law of FCRA damages shortly.   If, on the other hand, you find that Plaintiff did not establish that Midland's conduct was negligent, you must find for Midland.

The word "negligence" as used in these instructions means the failure to do something that a reasonably prudent person would do or the doing of something that a reasonably prudent person would not do under the circumstances that you find existed in this case.  In other words, the standard of conduct by which you must judge the adequacy of the Defendant's procedures and investigation activities in this case is what a reasonably prudent person would do under these circumstances.  You may find that careless or imprudent conduct is negligent.  Also, you may find that the failure to affirmatively take action that a reasonable person would have taken under the circumstances is negligent.

<u>See</u> Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u>, § 92.05; see 15 U.S.C. § 1681o; *Philbin v. Midland Corporation*, 101 F.3d 957, 962-63 (3d Cir. 1996).
15 U.S.C. §1681s-2(b); AL-APIJCIV 28.01, 2 Ala. Pattern Jury Instr. Civ. (2d ed); *Johnson v. MBNA Bank*, 3:02CV523 (E.D. Va. 2003) aff'd 357 F.3d 426 (4th Cir. 2004); *Dixon-Rollins v. TransUnion, LLC*, Civil Action NO. 09-646 (E.D. Pa. 2010).

<u>PLAINTIFF'S INSTRUCTION NO. P-22</u>

For actions brought under the FCRA, harm or damage is considered caused by an act, or a failure to act, whenever you can infer from the evidence that the act or omission was a substantial part or factor in bringing about or actually causing the harm or damage.

It is not necessary that the act was the sole or primary cause of the harm.

*See Philbin v. Midland Corporation*, 101 F.3d 957, 966 (3d Cir. 1996); Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u>, §§ 80.18 and 92.06; *Levine v. World Financial Network Nat. Bank*, 437 F.3d 1118, 1124.  437 F.3d 1118 (11th Cir. 2006).

PLAINTIFF'S INSTRUCTION NO. P- 23

There can be no other liable party in this civil action, only Defendant Midland, if you find that it failed to comply with any of its duties under the FCRA as I described them to you.

 Also, you may not assume that any other person, about whom you may have heard testimony, has to compensate the Plaintiff in this civil action for any harm that you found was substantially caused by the Defendant's conduct.

*See Texas Instruments Inc. v. Radcliff Material, Inc.*, 451 U.S. 630, 638 (1981) (no set-off or contribution under federal statutes unless statute itself or federal common law so provides); *Northwest Airlines, Inc. v. Transport Workers Union of America, AFL-CIO*, 451 U.S. 77, 90-91 (1981); Fed. R. Civ. P. 408.  *See also McMillan v. Equifax Credit Information Services, Inc.,* 153 F. Supp. 2d 129, 132 (D. Conn. 2001); *Irwin v. Mascott*, 94 F. Supp. 2d 1052, 1058 (N.D. Cal. 2000); *Conner  v. Howe*, 344 F. Supp. 2d 1164 (S.D. Ind. 2004); *Kerr v. Wanderor & Wanderor*, 211 F.R.D. 625, 632 (D. Nev. 2002); *Kay v. First Continental Trading, Inc.,* 966 F. Supp. 753, 754-55 (N.D. Ill. 1997).  *Betts v. Equifax Credit Information Servs.,* 245 F. Supp. 2d 1130, 1136 (W.D. Wash. 2003); *Agosta v. Inovision, Inc.*, Civ. No. 02-806 (E.D. Pa. June 12, 2003).

PLAINTIFF'S JURY INSTRUCTION NO. P-24

"The ... FCRA ... was crafted to protect consumers from the transmission of inaccurate

information about them, and to establish credit reporting practices that utilize accurate, relevant,

and current information in a confidential and responsible manner. … Congress intended to

promote efficiency in the nation's banking system and to protect consumer privacy.  … Congress

addressed the latter concern by including provisions intended "to prevent consumers from being

unjustly damaged because of inaccurate or arbitrary information in a credit report."  ...  Congress

also hoped to address a number of related problems, including "the inability at times of the

consumer to know he is being damaged by an adverse credit report," the lack of "access to the

information in [his] file," the "difficulty in correcting inaccurate information," and "getting [his]

version of a legitimate dispute recorded in ... [his] credit file."

*Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010); *Dalton v. Capital Assoc. Industries, Inc.,* 257 F.3d 409 (4th Cir. 2000), (citing 116 Cong. Rec. 36570); See Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, § 92.02; 15 U.S.C. § 1681;

PLAINTIFF'S JURY INSTRUCTION NO. P-25

Now, if you find that the defendant violated its legal duties under the FCRA as I have described them to you, and that the defendant's actions or omissions were a substantial factor is causing harm to the plaintiff, then your duty is to determine the amount of money that reasonably, fairly, and completely compensates the plaintiff for the damages which you decide resulted from the defendant's failure to comply with the statute.

Under the FCRA, a plaintiff may recover "actual damages," which has a special meaning. "Actual damages" under the FCRA can be one or more of the following:

If the evidence in this case warrants such a finding, you must award to plaintiff fair and complete monetary compensation for each of the foregoing four (4) categories of actual damages.

(1) **Loss of Credit Opportunity**.  This type of actual damages consists of lost loans or other credit opportunities, regardless of whether these missed credit opportunities resulted in out-of-pocket or monetary losses for the plaintiff.  This type of damages focuses upon a plaintiff's inability to use his or her credit or to obtain new credit.

Cortez v. Trans Union, LLC, 617 F.3d 688, 719-20 (3d Cir. 2010); Philbin v. Trans Union Corporation, 101 F.3d 957, 962-63 (3d Cir. 1996); Bach v. First Union Nat'l Bank, 149 Fed. Appx. 354, 2005 WL 2009272, *7 (6th Cir. Aug. 22, 2005).

(2) **Credit Defamation.**  This type of actual damages consists of harm to the plaintiff's credit rating, credit reputation and/or good name.

Dalton v. Capital Assoc., 257 F.3d 409, 418-19 (4th Cir. 2001); Fischl v. GMAC, 708 F.2d 143 (5th Cir. 1983); Millstone v. O' Hanlon Reports, Inc., 529 F.2d 829, 834-35 (8th Cir. 1976).

(3) **Economic or Financial Losses**. This type of actual damages consists of out-of-pocket or monetary losses that the plaintiff already incurred, will incur into the future, or both.

*Guimond v. Trans Union*, 45 F.3d 1329, 1333 (9th Cir. 1995); *Robinson v. Equifax Info. Services, LLC*, 560 F.3d 235, 241 (4th Cir. 2009)

**(4)** **Emotional Distress**. This type of actual damages is broad in nature. It can consist of any worry, frustration, anxiety, humiliation, embarrassment, and/or mental anguish, or combination thereof, suffered by the plaintiff as result of defendant's failure to comply with the FCRA.

Cortez v. Trans Union, LLC, 617 F.3d 688, 719-20 (3d Cir. 2010); Cushman v. Trans Union Corp., 115 F.3d 220, 225-27 (3d Cir. 1997) (actual damages may be emotional in nature); Guimond v. Trans Union, 45 F.3d 1329, 1333 (9th Cir. 1995); Dalton v. Capital Assoc., 257 F.3d 409, 418-19 (4th Cir. 2001); Lawrence v. Trans Union, LLC, 296 F. Supp. 2d 582, 588-89, 2003 WL 22992081, *3-5; Evantash v. G.E. Capital Mortgage Servs., Inc., Civ. No. 02-1188, 2003 WL 22844198, *5 (E.D. Pa. Nov. 25, 2003); Crane v. Trans Union, LLC, 282 F. Supp. 2d 311, 321 (E.D. Pa. 2003) (citations and footnotes omitted);*Bryant v. TRW, Inc*., 689 F.2d 72 (6th Cir. 1982)

PLAINTIFF'S JURY INSTRUCTION NO. P-26

If a party fails to produce evidence that is under that party's control and reasonably available to that party and not reasonably available to the adverse party, then you may infer that the evidence is unfavorable to the party who could have produced it and did not.

3 Fed. Jury Prac. & Instr. § 104.26 (5th ed.), 3 Fed. Jury Prac. & Instr. § 104.26 (5th ed.)