# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | |
|---|---|
| **JAMON T. BRIM,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CIVIL ACTION NO.** |
| ) | **5:10-cv-0369-IPJ** |
| **MIDLAND CREDIT** ) | |
| **MANAGEMENT, INC.,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MOTION TO STAY EXECUTION OF JUDGMENT
## PENDING FINAL RESOLUTION

Defendant Midland Credit Management, Inc. ("Midland") respectfully moves the Court pursuant to Rule 62(d) of the Federal Rules of Civil Procedure and Rule 8(a)(1) of the Federal Rules of Appellate Procedure, for an order staying enforcement of the judgment pending final resolution of the appeal that Midland intends to file.

In particular, Midland requests that this Court stay enforcement of the judgment during (1) the pendency of all proceedings on appeal to the United States Court of Appeals for the Eleventh Circuit, (2) proceedings related to any Petition for Writ of Certiorari to the United States Supreme Court, (3) any subsequent proceedings on the merits in the Supreme Court, and (4) any subsequent proceedings on remand.

1157276.1

**I.  Midland requests a stay of execution of judgment pending appeal without requiring a supersedeas bond or other security.**

Midland intends to timely file its notice of appeal on or before June 3, 2011, and requests that the Court stay execution of the judgment pending conclusion of the appeal.  Midland requests that the stay be entered without the requirement of a supersedeas bond or other security.  Undersigned counsel conferred with plaintiff's counsel in effort to reach agreement regarding a stay of execution without bond, but was unable to reach such an agreement.

"[Federal Rule of Civil Procedure] 62(d) only operates to provide that an appellant in all cases may obtain a stay as a matter of right by filing a supersedeas bond, and *does not prohibit the district court from exercising a sound discretion to authorize unsecured stays in cases it considers appropriate*."  *Fed. Prescription Serv., Inc. v. Am. Pharmaceutical Ass'n*, 636 F.2d 755, 757-58 (D.C. Cir. 1980) (analyzing *Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979); *C. Albert Sauter Co. v. Richard S. Sauter Co.*, 368 F. Supp. 501, 520-21 (E.D.Pa.1973); *Trans World Airlines v. Hughes*, 314 F. Supp. 94 (S.D.N.Y. 1970), *approved in material part* at 515 F.2d 173, 177-78 (2d Cir. 1975), *cert. denied*, 424 U.S. 934 (1976); *see In re Combined Metals Reduction Co.*, 557 F.2d 179, 193 (9th Cir. 1977); *Blackwelder v. Crooks*, 151 F. Supp. 26, 28 (D.D.C. 1957); *Redding & Company v. Russwine Constr. Co.*, 417 F.2d 721, 727 (D.C. Cir. 1969).) (internal citations in original) (emphasis added);

*see also Lundry v. Union Carbide Corp.*, 598 F. Supp. 451, 452 (D. Or. 1984) ("The requirement of an appeal bond under Appellate Rule 7 is left to the discretion of the district court.") (citing *Fed. Prescription Serv., Inc. v. Am. Pharmaceutical Ass'n*, 636 F.2d 755 (D.C. Cir. 1980)).

In *Federal Prescription Service*, the D.C. Circuit stated that "the district court in its discretion may order partially secured or unsecured stays if they do not unduly endanger the judgment creditor's interest in ultimate recovery." *Fed. Prescription Serv., Inc.*, 636 F.2d at 760-61. In affirming the district court's decision to stay execution of the judgment of over $100,000 without a supersedeas bond, the court held that the district court did not abuse its discretion in light of certain relevant factors. Among others, those factors included the financial strength and stability of the defendant and that the defendant was unlikely to leave the area without ultimately paying any judgment entered against it.

Here, Midland is a financially strong, stable, and solvent company, and there is no threat whatsoever that Midland will attempt to evade any judgment that remains after appeal. Midland has been in the financial services business for more than 50 years. It is in good standing with the Better Business Bureau and has a staff of more than 1,000 account managers. As such, this Court should stay execution of the judgment pending appeal without the requirement of supersedeas bond.

**II.     If the Court decides to require a supersedeas bond or other security, Midland respectfully requests the Court to order a bond or other security in the amount of no more than 110% of the total judgment.**

Whether an appeal bond or other security is required, and if so, in what amount, is left to the discretion of the district court; there is no required amount. *See Fed. Prescription Serv., Inc.*, 636 F.2d 755, 757-58; *Lundry*, 598 F. Supp. 451, 452. Here, a bond posted or other security in the amount of no more than 110% of the total judgment provides sufficient security for payment of the judgment. *See Chalfonte Condominium Apartment Ass'n, Inc. v. QBE Ins. Corp.*, 561 F.3d 1267, 1270 (11th Cir. 2009) (noting that defendant insurance company "filed a notice of appeal of the amended final judgment and posted a supersedeas bond amounting to 110% of the amended final judgment"); *Liles v. Stuart Weitzmann LLC*, 2010 WL 4668812, No. 09-61448, *1 (S.D. Fla. Nov. 9, 2010) (ordering that party's "supersedeas bond staying execution of a money judgment shall be in the amount of 110% of the judgment, to provide security for interest, costs, and any award of damages for delay"); *Acacia Research Corp. v. Nat'l Union Fire Ins. Co.*, 2008 WL 4381649, No. SA CV 05-501, *2 (C.D. Cal. Sept. 9, 2008) (in an appeal of a judgment rendered against the defendant insurer in litigation arising out of an insurance coverage dispute, the court held "that requiring a bond in the amount of 110% of the Amended Judgment best serves the purposes of a supersedeas bond"); *Fenstermacher v. Telelect, Inc.*, 1992 WL 131847, No. 90-2159-0, *1 (D. Kan.

May 21, 1992) ("After careful consideration, the court finds that the only condition which will adequately secure plaintiff's interest in ultimately recovering the judgment is for the defendant to post a supersedeas bond in … an amount equal to 110% of the judgment.").

As these cases demonstrate, requiring a defendant to post a supersedeas bond or other security in the amount no more than 110% of the final judgment, or $795,498.00, adequately secures plaintiff's interest in recovering the judgment. Here, if the Court decides to require a supersedeas bond or other security, Midland asks that the Court set an amount of no more than 110% of the judgment amount. Undersigned counsel conferred with plaintiff's counsel regarding what amount of security would be appropriate in the event the Court required Midland to post security, but undersigned counsel did not get a numerical response.

Respectfully submitted this the 24th day of May, 2011.

/s/ Eric B. Langley
One of the Attorneys for Defendant
Midland Credit Management, Inc.

**OF COUNSEL**:
Eric B. Langley
Jason B. Tompkins
**BALCH & BINGHAM LLP**
Post Office Box 306
Birmingham, Alabama 35201-0306
Telephone: (205)251-8100
Facsimile: (205)226-8798
elangley@balch.com
jtompkins@balch.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this the 24th day of May 2011, I have filed the above and foregoing via CM/ECF, which will notify the following counsel of record:

Penny Hays Cauley
HAYS CAULEY, P.C.
549 West Evans Street, Suite E
Florence, South Carolina  29501
phc917@hayscauley.com

Ronald C. Sykstus
BOND, BOTES, SYKSTUS, TANNER & EZZELL, P.C.
415 Church Street, Suite 100
Huntsville, Alabama  35801

Leonard A Bennett
CONSUMER LITIGATION ASSOCIATES PC
12515 Warwick Blvd, Suite 100
Newport News, Virginia  23606
Email: lenbennett@clalegal.com

            /s/ *Eric B. Langley*
            Of Counsel