FILED

2011 May-31  AM 09:26
U.S. DISTRICT COURT
N.D. OF ALABAMA



## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **Jamon T. Brim,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 5:10-CV-369-IPJ** |
| | ) | |
| **Dell Financial Services, LLC,** | ) | |
| **Midland Credit Management,** | ) | |
| **Inc., Midland Funding, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S
### MOTION TO STAY EXECUTION OF JUDGMENT

Comes now the Plaintiff, Jamon T. Brim, and hereby requests this Honorable Court to deny the Defendant's Motion to Stay Execution of Judgment Pending Final Resolution.

**I.    Midland's request for waiver of the supersedeas bond is due to be denied**

Defendant requests this Court to stay the execution of the judgment pending appeal without requiring the supersedeas bond.  Such request is due to be denied. Federal Rule of Civil Procedure 62(d) states "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond, . . . ."  The underlying purpose of *Rule 62* is to "protect the interests of the judgment creditor who is being stayed from execution

pending the outcome of the appeal." *BellSouth Telecommunications, Inc. v. ITC Deltacom Comm., Inc., et al*, 190 F.R.D. 693, 695 (M.D. Ala. 1999) *quoting 12 Moore's Federal Practice, §62.03* (3d. ed. 1996).  The posting of a "supersedeas bond preserves the status quo while protecting the non-appealing party's rights pending appeal." *Id.*, *quoting Prudential Ins. Co. Of Am. v. Boyd, 781 F.2d 1494, 1496 (11th Cir. 1986)*.  The requirement for a supersedeas bond can only be dispensed with after the judgment debtor has "objectively demonstrated his ability to satisfy the judgment and maintain the same degree of solvency through the appellate process." *Servicio Marina Superior, LLC v. Matrix Int'l Ltd,* 2009 U.S. Dist. LEXIS 26684 quoting *Avirgan v. Hull*, 125 F.R.D. 185, 186-188 (S.D. Fla. 1989).  In *Servicio*, the Court held that the defendant was required to post the supersedeas bond in order to obtain a stay pending appeal.

In its brief, Midland argues that the bond requirement should be waived because "Midland is a financially strong, stable, and solvent company, and there is no threat whatsoever that Midland will attempt to evade any judgment that remains after appeal." (Defendant's brief, p.3).  Midland also states that it has a staff of more than 1,000 account managers.  Id.  Basically Midland's argument is that it is too big to fail and thus the requirement for the bond should be waived.  As history has shown, no company, AIG Insurance, Wachovia Bank, or Bear Stearns for example, is too big

to fail.  Additionally, there is a national class action currently pending against the Defendant.  (A copy of the proposed Class Settlement Agreement is attached hereto as Exhibit A).  If the proposed settlement agreement is approved, Defendant and its affiliates and/or subsidiaries will be required to pay $5.2 million dollars with the possibility of an additional payment of $500,000.  In addition, the Attorney General for Minnesota has also filed an action against Midland seeking, among other things, a disgorgement of profits.  (A copy of this Complaint is attached hereto as Exhibit B).

Based on the other litigation currently pending against the Defendant, there is substantial evidence refuting Midland's claim that it will be able to satisfy the judgment and maintain the same degree of solvency through the appellate process. Accordingly, the request to waive the requirement of the supersedeas bond should be denied.

## II.    The amount of the supersedeas bond should equal or exceed $1 million

The purpose behind requiring the bond is to secure the prevailing party against any loss sustained as a result of being forced to forgo execution on a judgment during the course of an ineffectual appeal.  *Poplar Grove Planting & Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979).  While Midland argues that the amount of the bond should be no more than 110% of the judgment, which equals $795,498, that amount is insufficient to cover the risks and damages for

the delay caused Mr. Brim.  The general rule followed by district courts in setting the amount of supersedeas bonds is that the bond should be for the "full amount of the judgment, plus interests, costs, and damages for delay." *First Financial Bank v. CS Assets, LLC*, 2010 U.S. Dist. LEXIS 79961, *17 (S.D. Ala. 2010) (citations omitted). "The predecessor to present *Fed.R.Civ.P. 62(d)*, originally Civil Rule 73(d), had directed that the amount of the bond be computed by the district court to include 'the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay, unless the court after notice and hearing and for good cause shown fixes a different amount or orders security other than the bond.'" *Poplar Grove*, 600 F.2d at 1191.  (Citations omitted).  Although the current rule does not define the amount and conditions of a supersedeas bond, it has been read consistently with the earlier rule.  *Id.*  "Because the stay operates for the appellant's benefit and deprives the appellee of the immediate benefits of his judgment, a full supersedeas bond should be the requirement in normal circumstances, such as where there is some reasonable likelihood of the judgment debtor's inability or unwillingness to satisfy the judgment in full upon ultimate disposition of the case and where posting adequate security is practicable." *Fed. Prescription Serv., Inc. v. Am. Pharmaceutical Ass'n*, 636 F.2d 755, 760 (D.C. Cir. 1980), citing *Poplar Grove*, *supra*.

In this case the judgment is for a total of $723,180.  That amount does not

include attorneys fees, which the parties agreed to submit following appeal, judgment interest, costs, or delay damages to Mr. Brim.  Based upon the law set forth herein, the Plaintiff respectfully submits to this Court that the proper amount for the supersedeas bond to be filed by the Defendant is $1 million dollars.

Wherefore, premises considered, the Plaintiff respectfully requests that this Honorable Court deny the Defendant's motion to stay execution of the judgment and waive the filing of the supersedeas bond, and enter an order requiring the Defendant to file a supersedeas bond in the amount of $1 million.

Respectfully submitted this 31st day of May, 2011.


/s/ Penny Hays Cauley
Penny Hays Cauley, ASB-6309-A63P
Attorney for Plaintiff

**HAYS CAULEY, P.C.**
549 West Evans Street, Suite E
Florence, SC 29501
(843) 665-1717
(843) 665-1718 Facsimile
phc917@hayscauley.com

Ronald C. Sykstus, Esq.
**BOND, BOTES, SYKSTUS, TANNER & EZZELL, P.C.**
415 Church Street, Suite 100
Huntsville, AL 35801
(256) 539-9899
(256) 539-9895 Facsimile
rsykstus@bondnbotes.com

Leonard A. Bennett, Esq.
**CONSUMER LITIGATION ASSOCIATES, P.C.**
VSB #37523
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
Phone: (757) 930-3660
Fax:   (757) 930-3662

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2011, I electronically filed the foregoing via the CM/ECF System, which will notify the following counsel of record:

Eric B. Langley, Esq.
Jason B. Tompkins, Esq.
BALCH & BINGHAM LLP
P. O. Box 306
Birmingham, AL 35201-0306

/s/ Penny Hays Cauley
Of Counsel