IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

JAMON T. BRIM,

    Plaintiff,

v.                                                           CASE NO.: CV-10-J-369-NE

MIDLAND CREDIT MANAGEMENT,
INC.,

    Defendant.

## ORDER

Pending before the court is the defendant's motion to stay execution of judgment pending final resolution (doc. 100) and the plaintiff's opposition thereto (doc. 102). Having considered said motion and response, the court finds as follows:

Defendant requests that the court stay execution of the judgment and further that it be excused from posting a supersedeas bond, on the basis that it is a "financially strong, stable, and solvent company, and there is no threat whatsoever that Midland will attempt to evade any judgment..." The defendant also asserts the court, if it does impose a bond, should limit the bond to no more than 110% of the total judgment.

Pursuant to Fed.R.Civ.P. 62(d), an appellant has the right to stay the enforcement of a money judgment by posting a supersedeas bond. Although nothing

in that rule dictates the specific amount the bond should be, the substance of old Rule 73(d) provides ample guidance, as it had simply codified judicial practice. *See Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979); 9 Moore's Federal Practice P 208.05 at 8-14 (2nd ed. 1980). Rule 73(d) had stated in relevant part that

> The bond shall be conditioned for the satisfaction of the judgment in full together with costs, interest, and damages for delay, if for any reason the appeal is dismissed or if the judgment is affirmed, and to satisfy in full such modification of the judgment and such costs, interest, and damages as the appellate court may adjudge and award. When the judgment is for the recovery of money not otherwise secured, the amount of the bond shall be fixed at such sum as will cover the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay, unless the court after notice and hearing and for good cause shown fixes a different amount or orders security other than the bond.

*Id.*

The plaintiff objects to allowing the defendant to proceed on appeal without a bond and to limiting the bond to no more than 110% of the total judgment. The plaintiff challenges the defendant's future solvency due to the number and character of actions currently pending against it. The plaintiff also asserts he is entitled to the protections of a supersedeas bond should the defendant appeal the judgment against it.

"The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal." *Solano v. A Navas Party*

*Production, Inc.*, 2011 WL 1346881, 1 (S.D.Fla.2011)(quoting *Poplar Grove*, 600 F.2d at 1190-91).  The bond also "secures the prevailing party against any loss sustained as a result of being forced to forgo execution on a judgment during the course of an ineffectual appeal." *Id*.  *See also Waffenschmidt v. MacKay*, 763 F.2d 711, 727 (5th Cir.1985)(quoting *Poplar Grove,* 600 F.2d at 1191)("[A] supersedeas bond is a privilege extended to the judgment debtor as a price of interdicting the validity of an order to pay money.").

Having considered the foregoing and being of the opinion that defendant's motion is due to be granted in part and denied in part; the court **ORDERS** that said motion be and hereby is **GRANTED** to the extent that execution on the judgment is **STAYED** pending appeal, **upon the posting of a supersedeas bond**.  Said motion is **DENIED** as to the amount requested.  The court **ORDERS** that said bond shall be in the full amount of the judgment plus interests, costs, and damages for delay.  Therefore, the court fixes the amount of said bond at $1,000,000.00.  The judgment shall be stayed upon the posting of the bond by defendants.

**DONE** and **ORDERED** this the 2nd day of June, 2011.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE